ROBERT C. SCHUBERT (No. 62684)
(rschubert@sjk.law)
DUSTIN L. SCHUBERT (No. 254876)
(dschubert@sjk.law)
KATHRYN Y. MCCAULEY(No. 265803)
(kmccauley@sjk.law)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:      (415) 788-4220
Facsimile:       (415) 788-0161

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MARCO FERNANDEZ, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| v. | (1) Violation of Illinois Consumer Fraud and Deceptive Business Practices Act; and |
| TOYOTA MOTOR SALES, U.S.A., Inc. | (2) Breach of Express Warranty |
| Defendant. | DEMAND FOR JURY TRIAL |

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CLASS ACTION COMPLAINT

1     Upon personal knowledge as to his own acts, and based upon his investigation, the
2  investigation of counsel, and information and belief as to all other matters, Plaintiff Marco
3  Fernandez ("Fernandez"), on behalf of himself and all others similarly situated, alleges as follows:

**INTRODUCTION**

5     1.     This is a class action brought on behalf of persons in Illinois who purchased or
6  leased a 2019 Toyota RAV4 Hybrid or a 2020 Toyota RAV4 Hybrid (the "RAV4").

7     2.     Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") is a manufacturer and
8  distributor of new motor vehicles. Toyota markets and advertises the RAV4, oversees Toyota
9  dealers, and develops the company's nationwide marketing and informational materials.

10     3.     As alleged herein, Toyota advertises and represents in its promotional materials,
11  specifications, and owner's manual  that the RAV4's fuel tank capacity is 14.5 gallons. Toyota
12  further represents and warrants that the 2019 RAV4's total mileage range is 580 miles. However,
13  Toyota failed to disclose that, in fact, the RAV4 vehicles will not accept a full tank of fuel. News
14  reports, customer complaints, and Toyota's own statements indicate that the RAV4's fuel tank
15  shape prevents a full fuel tank refill ***by up to several gallons***. As a result, the RAV4 vehicles fail to
16  meet Toyota's mileage range specifications.  Despite this widespread defect, Toyota has not
17  announced a recall of the RAV4 vehicles and continues to sell them to the public.

18     4.     Fernandez purchased his RAV4 in September 2019. As advertised and warranted by
19  Toyota, Fernandez believed and relied on Toyota's statement that the vehicle's fuel tank capacity
20  was 14.5 gallons. However, Fernandez's vehicle will not accept more than 11 gallons of fuel, even
21  when the fuel gauge indicates that the tank is nearly empty. Furthermore, according to the
22  calculations provided by Fernandez's vehicle, the vehicle's mileage range on a full tank of fuel is
23  378-440 miles, well below the estimated 580 mileage range advertised by Toyota.

24     5.     Fernandez and the Class (as defined below) have suffered diminished market value
25  of their RAV4 vehicles as a direct result of Toyota withholding material information and/or making
26  misleading statements regarding the RAV4's fuel tank capacity and mileage range. Fernandez
27  brings this class action against Toyota for violations of Illinois state law, individually and on behalf
28  of all persons in Illinois who purchased or leased a RAV4.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1

2 

**PARTIES**

6.      Plaintiff Fernandez is, and at all times relevant hereto has been, a citizen of the State of Illinois. Fernandez owns a 2019 RAV4. As alleged herein, Fernandez's RAV4 contains a defect that prevents the fuel tank from filling to the capacity advertised by Toyota and significantly reduces the mileage range of the vehicle.  As a result, the value of Fernandez's RAV4 has been diminished. If Fernandez had known about the fuel tank defect, he would not have purchased his RAV4 or he would have paid substantially less for it.

7.      Defendant Toyota is a California corporation, with its corporate headquarters located at 6565 Headquarters Drive, Plano, Texas 75024. Toyota also maintains an office at 2451 Bishop Drive, San Ramon, California 94583. Toyota is a manufacturer and distributor of new motor vehicles under the Toyota brand. Toyota markets and advertises RAV4s and oversees Toyota dealers, regulatory compliance, and warranty services of Toyota-brand vehicles through a network of dealers throughout the United States. Toyota develops the company's nationwide marketing materials and supervises deal marketing. Toyota also creates and distributes the warranties, owner manuals, and other written materials that accompany the sale and lease of RAV4s and other Toyota-branded vehicles throughout the United States.

**JURISDICTION AND VENUE**

8.      This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than that of Toyota, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

9.      This Court has personal jurisdiction over Toyota pursuant 18 U.S.C. § 1965(a) because Toyota is a California corporation and resides, is found, has an agent, and transacts its affairs in this District.

10.      This Court has personal jurisdiction over Fernandez because Fernandez submits to the Court's jurisdiction.

11.      Venue is proper in this District under 28 U.S.C. § 1391 because Toyota maintains an office in this District, Toyota conducts substantial business in this District, Toyota has

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

intentionally availed itself of the laws and markets of this District, and Toyota is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

12.     Toyota maintains a corporate office in the County of Contra Costa. As such, this action may be properly assigned to the San Francisco/Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

## FACTUAL BACKGROUND

**Toyota's Marketing of the RAV4**

13.     Toyota markets, advertises, warrants, and represents that the RAV4's fuel tank capacity is 14.5 gallons.[1]

14.     Toyota further markets, advertises, warrants, and represents that the RAV4's mileage estimate is 41 miles per gallon ("MPG") for city driving and 38 MPG for highway driving, for a combined rating of 40 MPG.[2]

15.     According to www.fueleconomy.gov, the U.S. Department of Energy's official source for fuel economy information, the total combined mileage range for the RAV4 should be 580 miles (40 MPG x 14.5 gallons)[3]:



---

[1] https://www.toyota.com/rav4/2019/features/mpg/4444/4456/4454;
  https://www.toyota.com/rav4/features/mpg/4444/4456/4454
[2] *Id.*
[3] https://www.fueleconomy.gov/feg/Find.do?action=sbs&id=41307&id=42187

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

16.     The total city range for the RAV4 should be 594.5 miles (41 MPG x 14.5 gallons), and the total highway range for the RAV4 should be 551 miles (38 MPG x 14.5 gallons).

17.     In its 2019 RAV4 brochure, Toyota prominently advertises that the RAV4's estimated MPG is 40 MPG, accompanied by the statement, "Go farther. Go faster. The 2019 RAV4 Hybrid."[4]



18.     According to Toyota's Owner's Manual, the fuel tank capacity for the RAV4 is 14.5 gallons.[5] Furthermore, according to the Owner's Manual, when the low fuel level warning light illuminates on the RAV4, the remaining fuel in the vehicle is approximately 2.2 gallons or less.[6]

**Factual Allegations Related to Plaintiff Marco Fernandez**

19.     On September 27, 2019, Fernandez purchased a new 2019 Toyota RAV4 Hybrid from Bredemann Toyota, located at 1301 W. Dempster Street, Park Ridge, Illinois 60068. The purchase price of the vehicle was $42,476.23.

20.     In deciding to purchase his RAV4 vehicle, Fernandez believed and relied upon Toyota's statements that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's

[4] https://www.toyota.com/content/ebrochure/2019/rav4_ebrochure.pdf
[5] https://www.toyota.com/t3Portal/document/om-s/OM0R010U/pdf/OM0R010U.pdf
https://www.toyota.com/t3Portal/document/om-s/OM0R025U/pdf/OM0R025U.pdf
[6] *Id.*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40

MPG rating. These MPG representations were prominently listed on the RAV4's "Monroney"

sticker—the new car sticker displayed in the RAV4's window—which Fernandez viewed and

relied upon prior to purchasing the vehicle[7]:



21.    Based on these representations by Toyota, Fernandez believed and relied upon the

calculation that the RAV4's mileage range was approximately 580 miles. These statements and

representations were material to Fernandez.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[7]  The difference between the Monroney sticker retail price ($38,437.00) and the price paid by Fernandez ($42,476.23) is due to state and local taxes, city taxes, county taxes, licensing, title, and registration fees, and documentary service fees.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

22.     As a basis of the bargain, Toyota provided an express warranty, which included a "New Vehicle Limited Warranty" for a period of 36 months or 36,000 miles, whichever occurs first.[8] The New Vehicle Limited Warranty covers "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota."[9] As of the date of this Class Action Complaint, Fernandez's RAV4 has approximately 4,000 miles and is within the New Vehicle Limited Warranty period.

23.     Shortly after purchasing his RAV4, Fernandez discovered that the vehicle will only accept a maximum of approximately 11 gallons of fuel when the tank is nearly at empty, far less than the advertised 14.5 gallon tank. When the low fuel level warning light illuminates on Fernandez's vehicle, Fernandez typically does not refuel immediately, but waits until the RAV4's fuel gauge indicates the fuel tank is nearing empty. When the fuel gauge indicates that the fuel tank is nearly empty, Fernandez attempts to fill the fuel tank to capacity at a gas station, but his RAV4 will only accept approximately 9-11 gallons of fuel.

24.     According to the RAV4 Owner's Manual, when the low fuel level warning light illuminates on Fernandez's vehicle, the remaining fuel in the vehicle is approximately 2.2 gallons or less. Thus, if the RAV4 fuel tank capacity is 14.5 gallons, as advertised by Toyota, Fernandez should be able to fill the tank with at least 12.3 gallons when refueling, and likely much more because the fuel gauge indicates that the 14.5 gallon tank is nearly empty. However, despite waiting to refuel until the tank is nearly empty, Fernandez has never been able to fill the tank with more than approximately 11 gallons of fuel.

25.     Immediately after refueling with the maximum 11 gallons of fuel, Fernandez's RAV4's estimated mileage range, displayed as "Distance to Empty" on the vehicle's dashboard, is approximately 378-440 miles. This estimate is substantially lower than Toyota's advertised mileage range of 580 miles.

26.     Had Fernandez known that the RAV4's fuel tank capacity was *several gallons* less than advertised by Toyota and as a result the mileage range of the RAV4 was significantly lower

---

[8] *Available at* https://www.toyota.com/t3Portal/document/omms-s/T-MMS-19RAV4/pdf/T-MMS-19RAV4.pdf
[9] *Id.*

than advertised by Toyota, Fernandez would not have purchased the RAV4 or would have paid substantially less for it.

**Customer Complaints Regarding the RAV4 Fuel Tank Capacity**

27.     Fernandez is not alone in his experience with the RAV4 fuel tank capacity. As of the date of this Class Action Complaint, nine complaints have been filed with the National Highway Traffic Safety Administration ("NHTSA") regarding "fuel/propulsion system" issues with the 2019 RAV4. Each of these complaints alleges facts similar to Fernandez. For example, in NHTSA ID Number: 11290880, the consumer states:

> MY TANK WON'T FILL BEYOND 9-10 GALLONS - EVEN WHEN IT SAYS EMPTY - THOUGH THE FUEL TANK SIZE SHOULD BE 14.5. HOWEVER, THE TANK WAS AT MAX CAPACITY WHEN PURCHASED FROM THE DEALER.[10]

28.     In NHTSA ID Number: 11233443, the consumer states:

> FUEL TANK CAPACITY 14.5 GALLONS CAN ONLY BE FILLED TO 9.5 GALLONS WITHOUT AGGRESSIVE "TOPPING OFF". IN ORDER TO AVOID POSSIBLE ENVIRONMENTAL HARM AND VEHICLE EMISSION CONTROL DAMAGE, TOPPING OFF NOT USED. HOWEVER, THIS LEAVES THE VEHICLE 5 GALLONS SHORT OF A FULL TANK (ABOUT 200 MILE RANGE LOSS)[11]

29.     In NHTSA ID Number 11229761, the consumer states:

> THE FUEL SAYS EMPTY BUT ONLY TAKES 9 GALLONS ON A 14 GALLON TANK. THE DEALER SAID THAT WE ARE NOT THE ONLY ONES THIS IS HAPPENING TO AND TOYOTA IS WORKING ON IT. MY SISTER-IN-LAW BOUGHT ONE A WEEK BEFORE US AND SHE IS HAVING THE SAME PROBLEM.[12]

30.     In NHTSA ID Number 11222043, the consumer states:

> FUEL TANK DOES NOT FILL UP TO FULL. RANGE ADVERTISED AS WELL OVER 500 MILES BUT USUAL RANGE AFTER FILL UP IN 400S.[13]

---

[10] *Available at* https://www.nhtsa.gov/vehicle/2019/TOYOTA/RAV4%252520HYBRID#complaints
[11] *Id.*
[12] *Id.*
[13] *Id.*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

31.     Numerous RAV4 owners have logged similar complaints on online forums and discussions. For example, on cargurus.com, one owner states:

> I bought a 2019 Toyota RAV4 Hybrid a couple months ago. I like it for the most part, but one of the primary reasons I bought it was for the advertised ~550 mile range. However, every time I've put in a full tank, the "mile range" at the front dash shows around 430 miles.. I understand that the advertised may not be exactly the same as real life, but a 100+ mile range difference seems quite excessive. Is this normal? Does anyone else have this problem?[14]

32.     The post received 80 responses, with numerous users posting complaints of the same issue.

33.     Similarly, in a post on toyotanation.com, another RAV4 owner states:

> Just went on a trip and put about 700 miles on my new RAV4 Hybrid. Started off and went to fill-up at local gas station. It auto shut-off a couple of times while filling up so I thought the gas tank was full. Went about 70 miles and noticed the gas level was not reading full. When I filled up the next time…I knew the tank was full as it went off full after 100 miles. My wife went to gas station while I was busy and filled up and said it was amazing that it only need 5 gallons (it was about at a quarter tank) and again noticed the gas gauge was not at full after driving ~40 miles.
> Is anyone else noticed any trouble getting a full tank of gas or am I special?[15]

34.     The post received 136 replies, many complaining of the same issue (*e.g.*, "I just had my first fill-up on a new 2019 [RAV4] Hybrid. I was able to get it full according to the gauge but the tank only took 9.5 gallons.").[16]

35.     One RAV4 owner even posted a video to youtube.com, filming himself filling the tank of his RAV4 when the fuel gauge indicated the tank was on empty. His RAV4 accepted 10 gallons of fuel, and its estimated range on the full tank was 471 miles.[17] The video received 90 comments, many RAV4 owners complaining of the same issue (*e.g.*, "Same thing.. First tank was

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[14] https://www.cargurus.com/Cars/Discussion-t84538_ds1038143
[15] https://www.toyotanation.com/threads/cant-seem-get-a-full-tank-of-gas.1654530/
[16] *Id.*
[17] https://www.youtube.com/watch?v=okZb_-NbIC8

CLASS ACTION COMPLAINT                    8

used completely, drove almost 600 miles after leaving the dealership, after that 10 gallon fill-ups, the gauge shows full tank but I can barely get 370miles.").[18]

**In Response to News Reports Regarding the Fuel Tank Issue, Toyota Admits Defect**

36.     *Automotive News* published an article on December 22, 2019, titled "Pain at the pump for some RAV4 Hybrid owners," reporting that RAV4 owners have complained that "they're unable to put more than about 11 gallons of gasoline in the 14.5-gallon tanks. Not occasionally but always. The result: The crossover, which boasts a fuel economy rating of 41 city/38 highway/40 mpg combined, doesn't get anywhere close to its 580 miles of expected range."[19]

37.     According to the article, in a statement to *Automotive News*, Toyota confirmed that it is "investigating a fuel tank shape issue on certain RAV4 Hybrid vehicles. In these cases, *variations in fuel tank shape may prevent a full refill by up to several gallons. This condition may impact the vehicle's total available driving distance.* As a best practice, customers should refuel before or when the low fuel light illuminates, to prevent running out of fuel."[20] Toyota dealers similarly reported to *Automotive News* that "they were aware of the issue."[21]

38.     *Automotive News* reports that when Toyota redesigned the RAV4 for the 2019 model year, Toyota changed the design of its fuel tank from "a longitudinal 14.8-gallon tank roughly shaped like a Native American papoose to a latitudinal, saddle-shaped design with 14.5-gallon capacity, according to parts diagrams."[22]

## CLASS ACTION ALLEGATIONS

39.     Fernandez brings this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of himself and a class of similarly situated individuals defined as follows:

> All persons who purchased or leased a RAV4 in the State of Illinois (the "Class").

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[18] *Id.*
[19] *Available at* https://www.autonews.com/design/pain-pump-some-rav4-hybrid-owners
[20] *Id.* (emphasis added)
[21] *Id.*
[22] *Id.*

40.     Excluded from the Class are governmental entities, Toyota, any entity in which Toyota has a controlling interest, and Toyota's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

41.     ***Numerosity Under Rule 23(a)(1).***  The Class is so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court. Fernandez, on information and belief, alleges that the Class includes at least thousands of persons.

42.     ***Commonality Under Rule 23(a)(2).***  Common legal and factual questions exist that predominate over any questions affecting only individual members.  These common questions, which do not vary among Class members and which may be determined without reference to any Class member's individual circumstances, include, but are not limited to:

a)     Whether Toyota owed a duty of care to the Class;

b)     Whether Toyota knew or should have known that the RAV4 fuel tank does not fill to the advertised 14.5-gallon capacity;

c)     Whether Toyota knew or should have known that the RAV4's mileage range is less than the advertised 580 miles;

d)     Whether Toyota advertised, represented, or marketed, or continues to advertise, represent, or market, that the RAV4's fuel tank capacity is 14.5 gallons and mileage range is 580 miles;

e)     Whether Toyota's representations and omissions in RAV4 advertising, specifications, and/or informational materials are false, deceptive, and misleading;

f)     Whether Toyota's representations and omissions in RAV4 advertising, specifications, and/or informational materials are likely to deceive a reasonable consumer;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

g)      Whether Toyota had knowledge that its representations and omissions in advertising, specifications, and/or informational materials were false, deceptive, and misleading;

h)      Whether Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons, coupled with omissions that the RAV4's fuel tank does not fill to capacity, is material to a reasonable consumer;

i)      Whether Toyota's representation that the RAV4's mileage range is 580 miles, coupled with omissions that the RAV4's mileage range is significantly less than 580 miles, is material to a reasonable consumer;

j)      Whether Toyota violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 and 720 ILCS 295/1a);

k)      Whether Toyota breached an express warranty to the Class (810 Ill. Comp. Stat. §§ 5/2-313 and 5/2A-210);

l)      Whether Fernandez and the members of the Class are entitled to actual, statutory, and punitive damages; and

m)      Whether Fernandez and members of the Class are entitled to declaratory and injunctive relief.

43.     ***Typicality Under Rule 23(a)(3).***   Fernandez's claims are typical of the Class members' claims. Toyota's course of conduct caused Fernandez and the Class members the same harm, damages, and losses as a result of Toyota's uniformly unlawful conduct. Likewise, Fernandez and other Class members must prove the same facts in order to establish the same claims.

44.     ***Adequacy of Representation Under Rule 23(a)(4).***   Fernandez is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the Class. Fernandez has retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Fernandez and his counsel intend to vigorously prosecute this action for the Class's benefit and have the resources to do so. Fernandez and his counsel have no interests adverse to those of the other members of the Class.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

45.     *Superiority.*  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class member's claim is impracticable.  The damages, harm, and losses suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Toyota's wrongful conduct.  Even if each Class member could afford individual litigation, the Court system could not.  It would be unduly burdensome if thousands of individual cases proceeded.  Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims.  Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions.  By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

46.     As a result of the foregoing, class treatment is appropriate.

### FIRST CLAIM FOR RELIEF
**Violations of Illinois Consumer Fraud and Deceptive Business Practices Act**
**(815 ILCS 505/1, *et seq.* and 720 ILCS 295/1a)**

47.     Fernandez, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

48.     Fernandez brings this claim individually and on behalf of the Class against Toyota.

49.     Toyota is a "person" as that term is defined in 815 ILCS 505/1(c).

50.     Fernandez and the Class members are "consumers" as that term is defined in 815 ILCS 505/1(e).

51.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois CFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the

concealment, suppression or omission of such material fact ... in the conduct of trade or commerce ... whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

52.     In the course of its business, Toyota misrepresented that the RAV4s fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

53.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold, but concealed all of that information until it was revealed by RAV4 purchasers and lessees. By failing to disclose and by actively concealing the RAV4's fuel tank shape issue and reduced mileage range, Toyota engaged in unfair and deceptive business practices in violation of the Illinois CFA. Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Fernandez and the Class.

54.     Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s fuel tank capacity and mileage range with the intent to mislead Fernandez and the Class. Toyota knew or should have known that its conduct violated the Illinois CFA.

55.     As alleged above, Toyota made material statements about the RAV4s fuel tank capacity and mileage range that were either false or misleading. Toyota owed Fernandez and the Class a duty to disclose the true fuel tank capacity and mileage range of the RAV4s, because Toyota: (a) possessed exclusive knowledge about the fuel tank shape issues with the RAV4; (b) intentionally concealed the foregoing from Fernandez and the Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Fernandez and the Class that contradicted these representations.

56.     Because Toyota fraudulently concealed the RAV4s' fuel tank design issues, purchasers and lessees of the RAV4 were deprived of the benefit of their bargain since the RAV4s they purchased or leased were worth less than they would have been if they were free from defects.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Had purchasers or lessees of the RAV4s been aware of the RAV4s' true fuel tank capacity and mileage range, they would have either not purchased or leased the RAV4s or would have paid less for them.

57.     Pursuant to 15 ILCS 505/10a(a), Fernandez and the Class seek monetary relief against Toyota in the amount of actual damages, as well as punitive damages because Toyota acted with fraud and/or malice and/or was grossly negligent.

58.     Fernandez and the Class also seek an order enjoining Toyota's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under 815 ILCS § 505/1 *et seq.*

**SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(810 Ill. Comp. Stat. §§ 5/2-313 and 5/2A-210)**

59.     Fernandez, individually and on behalf of the Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

60.     Fernandez brings this claim individually and on behalf of the Class against Toyota.

61.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 810 Ill. Comp. Stat. §§ 5/2-104(1) and 5/2A-103(3), and a "seller" of motor vehicles under § 5/2-103(1)(d).

62.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 810 Ill. Comp. Stat. § 5/2A-103(1)(p).

63.     The RAV4s are and were at all relevant times "goods" within the meaning of 810 Ill. Comp. Stat. §§ 8/2-105(1) and 5/2A-103(1)(h).

64.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

65.     Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Fernandez and the Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

66.     Fernandez and the Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Fernandez and the Class members that RAV4s contain defectively designed fuel tanks that prevent the tank from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

67.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

68.     Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

69.     As a direct and proximate result of Toyota's breach of express warranties, Fernandez and the other Class members have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Fernandez, on behalf of himself and the Class, requests that the Court order the following relief and enter judgment against Toyota as follows:

A.     an Order certifying the proposed Class under Fed. R. Civ. Proc. 23 and appointing Fernandez and his counsel to represent the Class;

B.     a declaration that Toyota engaged in the illegal conduct alleged herein in violation of Illinois Consumer Fraud and Deceptive Business Practices Act;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

C.   a declaration that Toyota breached express warranties made to Fernandez and the Class;

D.   an Order that Toyota be permanently enjoined from its improper activities and conduct described herein;

E.   a Judgment awarding Fernandez and the Class restitution and disgorgement of all compensation obtained by Toyota from its wrongful conduct;

F.   a Judgment awarding Fernandez and the Class monetary relief and punitive damages Pursuant to 15 ILCS 505/10a(a), in an amount to be proven at trial;

G.   Prejudgment and post-judgment interest at the maximum allowable rate;

H.   an Order awarding Fernandez and the Class reasonable litigation expenses, costs, and attorneys' fees;

I.   an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Fernandez and the Class; and

J.   an Order awarding such other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Fernandez demands a trial by jury for all claims and issues so triable.

Dated: January 15, 2020

SCHUBERT JONCKHEER & KOLBE LLP

_/s/ Kathryn Y. McCauley_
KATHRYN MCCAULEY

ROBERT C. SCHUBERT (No. 62684)
DUSTIN L. SCHUBERT (No. 254876)
KATHRYN Y. MCCAULEY (No. 265803)
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:   (415) 788-4220
Facsimile:   (415) 788-0161
E-mail:   rschubert@sjk.law
          dschubert@sjk.law
          kmccualey@sjk.law

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT                16