ROBERT C. SCHUBERT (No. 62684)
(rschubert@sjk.law)
MIRANDA P. KOLBE (No. 214392)
(mkolbe@sjk.law)
KATHRYN Y. MCCAULEY(No. 265803)
(kmccauley@sjk.law)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:      (415) 788-4220
Facsimile:      (415) 788-0161

*Interim Class Counsel*

[*Additional Counsel on Signature Page*]

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TOYOTA RAV4 HYBRID FUEL TANK LITIGATION | Case No. 3:20-cv-00337-EMC |
| This Document Relates To: All Actions | <u>FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u> |
| | CLASS ACTION |
| | DEMAND FOR JURY TRIAL |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1

# **TABLE OF CONTENTS**

2

**Page**

3

INTRODUCTION ..........................................................................................................1

4

PARTIES ......................................................................................................................2

5

    1.  ARIZONA PLAINTIFF ....................................................................2

6

    2.  CALIFORNIA PLAINTIFFS ...........................................................3

7

    3.  COLORADO PLAINTIFF ..............................................................11

8

    4.  CONNECTICUT PLAINTIFF .......................................................12

9

    5.  FLORIDA PLAINTIFF ..................................................................14

10

    6.  IDAHO PLAINTIFF ......................................................................15

11

    7.  ILLINOIS PLAINTIFF ..................................................................17

12

    8.  IOWA PLAINTIFF ........................................................................18

13

    9.  KENTUCKY PLAINTIFFS ...........................................................19

14

    10. MASSACHUSETTS PLAINTIFFS ...............................................20

15

    11. MICHIGAN PLAINTIFF ..............................................................24

16

    12. MINNESOTA PLAINTIFF ............................................................25

17

    13. MISSOURI PLAINTIFF ................................................................27

18

    14. MONTANA PLAINTIFF ...............................................................28

19

    15. NEBRASKA PLAINTIFF ..............................................................29

20

    16. NEVADA PLAINTIFF ..................................................................30

21

    17. NEW HAMPSHIRE PLAINTIFF ..................................................32

22

    18. NEW JERSEY PLAINTIFFS .........................................................33

23

    19. NEW YORK PLAINTIFF ..............................................................35

24

    20. NORTH CAROLINA PLAINTIFF ................................................37

25

    21. NORTH DAKOTA PLAINTIFF ....................................................38

26

    22. OHIO PLAINTIFFS  .....................................................................39

27

    23. OKLAHOMA PLAINTIFF ............................................................42

28

    24. OREGON PLAINTIFF...................................................................43

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

25. PENNSYLVANIA PLAINTIFFS ........................................................44

26. RHODE ISLAND PLAINTIFF ........................................................47

27. TEXAS PLAINTIFF ........................................................48

28. VIRGINIA PLAINTIFF ........................................................49

29. WISCONSIN PLAINTIFF ........................................................50

30. DEFENDANT TOYOTA ........................................................51

JURISDICTION AND VENUE ........................................................52

INTRADISTRICT ASSIGNMENT ........................................................52

FACTUAL BACKGROUND ........................................................52

   1.  TOYOTA'S MARKETING AND WARRANTY OF THE RAV4 ...............52

   2.  TOYOTA'S NEW VEHICLE LIMITED WARRANTY ............................59

   3.  CUSTOMER COMPLAINTS REGARDING THE RAV4 FUEL TANK
      CAPACITY ........................................................60

   4.  DEALERSHIP PRODUCT REPORTS, FIELD TECHNICAL REPORTS,
      AND MARKET SUMMARIES ........................................................66

   5.  TOYOTA KNEW ABOUT THE FUEL TANK DEFECT AND FAILED
      TO WARN PURCHASERS AND LESSEES ................................67

   6.  CUSTOMER SUPPORT PROGRAM ........................................71

CLASS ACTION ALLEGATIONS ........................................................72

CLAIMS FOR RELIEF ........................................................77

   ARIZONA ........................................................77

      VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT (ARIZ.
      REV. STAT. §§ 44-1521, *ET SEQ.*)........................................77

      BREACH OF EXPRESS WARRANTY (ARIZ. REV. STAT. §§ 47-2313
      AND 47-2A210) ........................................................79

      BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
      (ARIZ. REV. STAT. §§ 47-2314 AND 47-2A212) ..................80

   CALIFORNIA ........................................................82

      VIOLATIONS OF CONSUMER LEGAL REMEDIES ACT (CAL.
      CIV. CODE § 1750, *ET SEQ.*) ........................................82

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW (CAL. BUS. & PROF. CODE § 17500, *ET SEQ.*)........................85

BREACH OF EXPRESS WARRANTY (CAL. COM. CODE §§ 2313 AND 10210) ...................................................................86

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (CAL. COM. CODE §§ 2314 AND 10212)................................88

VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY ACT (CAL. CIV. CODE § 1790, *ET SEQ.*)................................89

VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)........................90

COLORADO ...........................................................................92
    VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT (COLO. REV. STAT. § 6-1-101, *ET SEQ.*) ....................................92

BREACH OF EXPRESS WARRANTY (COLO. REV. STAT. §§ 4-2-313 AND 4-2.5-210)........................................................94

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY ( COLO. REV. STAT. §§ 4-2-313 AND 4-2.5-212) ...................................96

CONNECTICUT ....................................................................97
    VIOLATION OF CONNECTICUT UNLAWFUL TRADE PRACTICES ACT (CONN. GEN. STAT. § 42-110A, *ET SEQ.*) ...........97

BREACH OF EXPRESS WARRANTY (CONN. GEN. STAT. ANN. § 42A-2-313) ........................................................................99

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (CONN. GEN. STAT. ANN. § 42A-2-314)............................................100

FLORIDA ...............................................................................101
    VIOLATION OF FLORIDA'S DECEPTIVE & UNFAIR TRADE PRACTICES ACT (FLA. STAT. § 501.201, *ET SEQ.*) ........................101

BREACH OF EXPRESS WARRANTY (F.S.A. §§ 672.313 AND 680.21) ....................................................................................104

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (F.S.A. §§ 672.314 AND 680.212)........................................105

IDAHO ...................................................................................106
    VIOLATION OF THE IDAHO CONSUMER PROTECTION ACT

(IDAHO CODE § 48-601, *ET SEQ.*) ..................................... 106

BREACH OF EXPRESS WARRANTY (IDAHO CODE §§ 28-2-313 AND 28-12-210)..................................................... 109

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (IDAHO CODE §§ 28-2-314 AND 28-12-212)..................................110

ILLINOIS ...................................................................................111
VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/1, *ET SEQ.* AND 720 ILCS 295/1A) ...........................................111

BREACH OF EXPRESS WARRANTY (810 ILL. COMP. STAT. §§ 5/2-313 AND 5/2A-210) .......................................... 113

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (810 ILL. COMP. STAT. §§ 5/2-314 AND 5/2A-212)........................ 115

IOWA ........................................................................................116
VIOLATIONS OF THE PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT (IOWA CODE § 714H.1, *ET SEQ.*).............
.....................................................................................116

BREACH OF EXPRESS WARRANTY (IOWA CODE §§ 554.2313 AND 554.13210) .......................................................118

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (IOWA CODE §§ 554.2314 AND 554.13212) ......................................120

KENTUCKY ..............................................................................121
VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT (KY. REV. STAT. § 367.110, *ET SEQ.*) ...........................121

BREACH OF EXPRESS WARRANTY (KY. REV. STAT. §§ 335.2-313 AND 355.2A-210)............................................ 123

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (KY. REV. STAT. §§ 335.2-314 AND 355.2A-212) ...........................125

MASSACHUSETTS .....................................................................126
DECEPTIVE ACTS OR PRACTICES PROHIBITED BY MASSACHUSETTS LAW (MASS. GEN. LAWS CH. 93A § 1, *ET SEQ.*) .....................................................................................126

BREACH OF EXPRESS WARRANTY (MASS. GEN. LAWS C. 106 § 2-313)......................................................................128

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (MASS. GEN. LAWS C. 106 § 2-314) ...................................................130

MICHIGAN.................................................................................................131
    VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT (MICH. COMP. LAWS § 445.903, *ET SEQ.*) ............................ 131

    BREACH OF EXPRESS WARRANTY (MICH. COMP. LAWS §§ 440.2313 AND 440.2860) ........................................................133

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (MICH. COMP. LAWS §§ 440.2314 AND 440.2860)........................ 134

MINNESOTA................................................................................................136
    VIOLATIONS OF MINNESOTA PREVENTION OF CONSUMER FRAUD ACT (MINN. STAT.§ 325F.68, *ET SEQ.*) .............................136

    VIOLATION OF MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT (MINN. STAT. § 325D.43-48, *ET SEQ.*) ..............138

    BREACH OF EXPRESS WARRANTY (MINN. STAT. §§ 336.2-313 AND 336.2A-210) ....................................................140

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (MINN. STAT. §§ 336.2-314 AND 336.2A-212) ....................142

MISSOURI ................................................................................................143
    VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT (MO. REV. STAT. § 407.010, *ET SEQ.*) ......................................143

    BREACH OF EXPRESS WARRANTY (MO. STAT. §§ 400.2-313 AND 400.2A-210) ................................................................145

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (MO. STAT. §§ 400.2-314 AND 400.2A-212)...................... 147

MONTANA.................................................................................................. 148
    VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT OF 1973 (MONT. CODE ANN. § 30-14-101, *ET SEQ.*) ............................................................ 148

    BREACH OF EXPRESS WARRANTY (MONT. CODE §§ 30-2-313 AND 30-2A-210)................................................................ 150

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (MONT. CODE §§ 30-2-314 AND 30-2A-212) ....................................152

NEBRASKA .................................................................................................153
    VIOLATIONS OF THE NEBRASKA CONSUMER PROTECTION

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

ACT (NEB. REV. STAT. § 59-1601, *ET SEQ.*) ..................................153

BREACH OF EXPRESS WARRANTY (NEB.REV.ST. U.C.C. §§ 2-313 AND 2A-210)...............................................................155

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (NEB.REV.ST. U.C.C. §§ 2-314 AND 2A-212) ..................................156

NEVADA ..............................................................................................157

    VIOLATIONS OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT (NEV. REV. STAT. § 598.0903, *ET SEQ.*) ............157

    BREACH OF EXPRESS WARRANTY (N.R.S.§§ 104.2313 AND 104A.2210) ...................................................................................160

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (N.R.S. §§ 104.2314 AND 104A.2212) ..................................................161

NEW HAMPSHIRE ..........................................................................162

    VIOLATION OF N.H. CONSUMER PROTECTION ACT (N.H. REV. STAT. ANN. § 358-A:1, *ET SEQ.*).....................................162

    BREACH OF EXPRESS WARRANTY (N.H. REV. STAT. §§ 382-A:2-313 AND 382-A:2A-210) ..........................................165

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (N.H. REV. STAT. §§ 382-A:2-314 AND 382-A:2A-212)..................166

NEW JERSEY .....................................................................................168

    VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT (N.J. STAT. ANN. §§ 56:8-1, *ET SEQ.*) ......................................168

    BREACH OF EXPRESS WARRANTY (N.J.S. 12A:2-313 AND 2A-210) ...................................................................................170

    BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (N.J.S. 12A:2-314 AND 2A-212)............................................... 172

NEW YORK..........................................................................................173

    VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (N.Y. GEN. BUS. LAW § 349)............................................... 173

    VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 350 (N.Y. GEN. BUS. LAW § 350) ..............................................175

    BREACH OF EXPRESS WARRANTY (N.Y. U.C.C. LAW §§ 2-313 AND 2A-210) ...................................................................................177

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (N.Y. U.C.C. LAW §§ 2-314 AND 2A-212) ........................................ 179

NORTH CAROLINA ............................................................................................. 180

VIOLATIONS OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (N.C. GEN. STAT. §§ 75-1.1, *ET SEQ.*) .................................................................... 180

BREACH OF EXPRESS WARRANTY (N.C.G.S.A. §§ 25-2-313 AND 252A-210) ................................................................................ 182

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (N.C.G.S.A. §§ 25-2-314 AND 252A-212) ............................................ 183

NORTH DAKOTA ............................................................................................... 185

VIOLATION OF THE NORTH DAKOTA CONSUMER FRAUD ACT (N.D. CENT. CODE § 51-15- 02) .................................................. 185

BREACH OF EXPRESS WARRANTY (N.D. CENT. CODE §§ 41-02-30 AND 41-02.1-19) ...................................................... 187

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (N.D. CENT. CODE §§ 41-02-31 AND 41-02.1-21) .......................... 188

OHIO ................................................................................................................ 190

VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT (OHIO REV. CODE §§ 1345.01, *ET SEQ.*) .................................. 190

VIOLATIONS OF THE OHIO DECEPTIVE TRADE PRACTICES ACT (OHIO REV. CODE § 4165.01, *ET SEQ.*).................................. 193

BREACH OF EXPRESS WARRANTY (OHIO REV. CODE § 1302.26, *ET SEQ.*) ................................................................. 195

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (OHIO REV. CODE ANN. §§ 1302.27 AND 1310.19) ........................ 196

OKLAHOMA ..................................................................................................... 197

VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT (OKLA. STAT. TIT. 15 § 751, *ET SEQ.*) .............................................. 197

BREACH OF EXPRESS WARRANTY (OKLA. STAT. TIT. 12A §§ 2-313 AND 2A-210) .............................................................. 200

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (OKLA. STAT. TIT. 12A §§ 2-314 AND 2A-212) ............................... 201

OREGON ............................................................................................................ 202

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

VIOLATION OF THE OREGON UNLAWFUL TRADE PRACTICES
ACT (OR. REV. STAT. §§ 646.605, *ET SEQ.*) ...............................202

BREACH OF EXPRESS WARRANTY (OR. REV. STAT. §§ 72.3130
AND 72A.2100) ................................................................... 204

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(OR. REV. STAT. § 72.3140 AND 72A.2120) ..................................... 206

PENNSYLVANIA ............................................................................207
VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE
PRACTICES AND CONSUMER PROTECTION LAW
(73 P.S. § 201-1, *ET SEQ.*) ...................................................207

BREACH OF EXPRESS WARRANTY (13 PA. CONS. STAT. §§
2313 AND 2A210) ................................................................209

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(13 PA. CONS. STAT. §§ 2314 AND 2A212) ..................................... 211

RHODE ISLAND ............................................................................212
VIOLATION OF THE RHODE ISLAND DECEPTIVE TRADE
PRACTICES ACT (R.I. GEN. LAWS § 6-13.1, *ET SEQ.*) ..................212

BREACH OF EXPRESS WARRANTY (6A R.I. GEN. LAWS §§
6A-2-313 AND 6A-2.1-210) ....................................................214

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(6A R.I. GEN. LAWS §§ 6A-2-314 AND 6A-2.1-212) ....................... 216

TEXAS ........................................................................................217
VIOLATIONS OF THE DECEPTIVE TRADE PRACTICES
ACT – CONSUMER PROTECTION ACT (TEX. BUS. & COM.
CODE §§ 17.41, *ET SEQ.*) ...................................................217

BREACH OF EXPRESS WARRANTY (TEX. BUS. & COM.
CODE §§ 2313 AND 2A210). .................................................. 219

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(TEX. BUS. & COM. CODE §§ 2.314 AND 2A.212) ........................221

VIRGINIA ....................................................................................222
VIOLATIONS OF THE VIRGINIA CONSUMER PROTECTION
ACT (VA. CODE ANN. §§ 59.1-196, *ET SEQ.*) .............................222

BREACH OF EXPRESS WARRANTY (VA. CODE §§ 8.2-313
AND 8.2A-210) ................................................................224

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

(VA. CODE §§ 8.2-314 AND 8.2A-212) .............................................225

WISCONSIN .................................................................................. 227

VIOLATIONS OF THE WISCONSIN DECEPTIVE TRADE
PRACTICES ACT (WIS. STAT. § 100.18) ..............................227

BREACH OF EXPRESS WARRANTY (WIS. STAT. §§ 402.313
AND 411.210) ............................................................................229

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
(WIS. STAT. §§ 402.314 AND 411.212)............................... 230

UNJUST ENRICHMENT ............................................................. 231

PRAYER FOR RELIEF ..................................................................... 232

DEMAND FOR JURY TRIAL ......................................................233

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Upon personal knowledge as to their own acts, and based upon their investigation, the investigation of counsel, and information and belief as to all other matters, Plaintiffs Andrew Hamblen, Richard DeLuca, Barbara Tom, Serge Perry, Brennen Mulcahy, Kelly Kafeyan, Kaitlin Cirulli, Scott Barden, Antonius Tran, Richard Wagner, Jedediah Clawson, Marco Fernandez, Denny Brand, Barbara Brand, Matthew Kahn, Phillip Ferraguto, Lonnie Birchfield, Dennis Klinkhammer, Jonathan Pool, Phillip Martin, Suzanne Hakes, Chad Simmons, Brad Ramaekers, Paul McPhie, Angelo Markatos, Domenico Colabraro, Kirk Arellano, Sarah Kessler, Adolfo Muccillo, Yuriy Genzel, Margaret Louie, Curtis Huston, Neil DiBiase, Doug Phillips, Louis Gentile, Mark Beaty, Ken Hulme,  Kimberly Hulme, and Tim Thompson (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1.      This is a class action brought on behalf of purchasers and lessees of 2019 Toyota RAV4 Hybrid vehicles, 2020 Toyota RAV4 Hybrid vehicles, 2021 Toyota RAV4 Hybrid vehicles, and 2021 Toyota RAV4 Prime vehicles (the "RAV4s").

2.      Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") is a manufacturer and distributor of new motor vehicles. Toyota markets and advertises the RAV4s, oversees Toyota dealers, and develops the company's nationwide marketing and informational materials.

3.      As alleged herein, Toyota advertises and represents in its promotional materials, specifications, and owner's manual that the RAV4's fuel tank capacity is 14.5 gallons. Toyota further represents and warrants that the RAV4s' total mileage range is 580 miles.[1] However, Toyota failed to disclose that the RAV4s will not accept a full tank of fuel. News reports, customer complaints, and Toyota's own statements indicate that the RAV4 falls *several gallons* short of the 14.5 gallon capacity promised by Toyota. As a result, Toyota's representations regarding the RAV4's fuel tank capacity and mileage range are misleading.  Despite this widespread defect, Toyota has not announced a recall of the RAV4 vehicles and continues to sell them to the public.

---

[1] The fuel tank capacity in the 2021 Toyota RAV4 Prime vehicles is 14.5 gallons. The RAV4 Prime's MPG mileage estimate is "40/36/38" for "city/highway/combined." Therefore, the mileage range of the RAV4 Prime is approximately 600 miles.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

4.      In deciding to purchase or lease their RAV4s, Plaintiffs believed and relied on statements made by Toyota regarding the RAV4s' fuel tank capacity. However, Plaintiffs' vehicles will not accept full tanks of fuel, even when the fuel gauge indicates that the tank is nearly empty. Furthermore, according to the calculations provided by Plaintiffs' vehicles, the vehicles' mileage range on a full tank of fuel is approximately 330-480 miles— significantly less than the estimated 580 mileage range advertised by Toyota.

5.      Plaintiffs and the Classes (as defined below) have suffered diminished market value of their RAV4 vehicles as a direct result of Toyota withholding material information and/or making misleading statements regarding the RAV4's fuel tank capacity and mileage range. Plaintiffs herein seek relief under the laws of Arizona, California, Colorado, Connecticut, Florida, Idaho, Illinois, Iowa, Kentucky, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, Texas, Virginia, and Wisconsin.

## PARTIES

6.      Plaintiff Andrew Hamblen is a citizen of Arizona. Plaintiff Hamblen purchased a 2020 Toyota RAV4 Hybrid on March 7, 2020 from Sierra Toyota located at 2596 Fry Boulevard, Sierra Vista, Arizona 85635. In deciding to purchase his RAV4 vehicle, Plaintiff Hamblen believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2020 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Hamblen saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Hamblen also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Hamblen also saw and relied on these exact same specifications on other Toyota dealership websites, like Sierra Toyota in Arizona. Before purchasing his vehicle, Plaintiff Hamblen extensively researched and relied on representations on Kelley Blue Book, Military AutoSource, and other websites that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiff Hamblen is informed and believes that these representations were based on information published or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

otherwise provided by Toyota. At the time of sale, Plaintiff Hamblen relied on and was further

aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney

Sticker located on a 2020 Toyota RAV4 Hybrid at Sierra Toyota. Toyota's representations were

material to Plaintiff Hamblen and an important factor in his decision to purchase the RAV4.

Plaintiff Hamblen purchased his RAV4 in part because of the long distances he expected to be able

to travel on a single tank of fuel. Since Plaintiff Hamblen commutes to Los Angeles, California

from Sierra Vista, Arizona on a monthly basis, Plaintiff Hamblen purchased his RAV4 with the

expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as

advertised. Shortly after purchasing his RAV4, however, Plaintiff Hamblen discovered that the

vehicle will only accept approximately 9-11 gallons of fuel when the tank is nearly empty, far less

than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Hamblen's mileage range

is approximately 450 miles — significantly less than the advertised range of approximately 580

miles. This causes Plaintiff Hamblin to make more frequent trips to refuel his RAV4 than he

should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can

hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Hamblen has suffered actual

damages in the form of the diminished value of his RAV4. Plaintiff Hamblen has suffered an

ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4

fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and

diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives

informed Plaintiff Hamblen of the RAV4's true mileage range or fuel tank capacity prior to

purchase. Had Plaintiff Hamblen known the actual fuel tank capacity and mileage range prior to

his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff

Hamblen remains interested in being a Toyota customer and would consider purchasing or leasing

a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and

mileage range.

      7.     Plaintiff Richard DeLuca is a citizen of California. Plaintiff DeLuca purchased a

2019 Toyota RAV4 Hybrid on September 27, 2019 from Longo Toyota located at 3534 N. Peck

Road, El Monte, California 91731. In deciding to purchase his RAV4 vehicle, Plaintiff DeLuca

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff DeLuca saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff DeLuca also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff DeLuca also saw and relied on the specification sheet located on a 2019 Toyota RAV4 Hybrid at Longo Toyota, which stated that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). Additionally, Plaintiff DeLuca believed and relied upon the salesperson's statements from Longo Toyota that the fuel tank capacity was 14.5 gallons and that the mileage range was approximately 580 miles per tank. At the time of sale, Plaintiff DeLuca relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Longo Toyota. Before purchasing his RAV4 vehicle, Plaintiff DeLuca also extensively researched and relied upon representations on YouTube and other websites on the Internet that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiff DeLuca is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff DeLuca and an important factor in his decision to purchase the RAV4. Plaintiff DeLuca purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Since Plaintiff DeLuca is a Woolsey Fire victim, he wanted great fuel efficiency and gas mileage to be prepared for travelling if he ever experienced another fire. Shortly after purchasing his RAV4, however, Plaintiff DeLuca discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. Lately, Plaintiff DeLuca has experienced that the vehicle will only accept approximately 8.5 gallons of fuel when the tank is nearly empty and the low fuel warning light is illuminated. As a result, Plaintiff DeLuca's mileage range is significantly less than the 580 mileage range advertised by Toyota. This causes Plaintiff DeLuca to make more

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff DeLuca has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff DeLuca has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff DeLuca of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff DeLuca reported his fuel tank issue to Toyota on December 23, 2019. Had Plaintiff DeLuca known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff DeLuca remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

8.      Plaintiff Barbara Tom is a citizen of California. Plaintiff Tom purchased a 2019 Toyota RAV4 Hybrid in May 2019 in California. In deciding to purchase her RAV4 vehicle, Plaintiff Tom believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications page, Plaintiff Tom saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Tom also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to her purchase, Plaintiff Tom also saw and relied on the specification sheet located on a 2019 Toyota RAV4 Hybrid at a dealership in California, where the salesperson read the specification sheet and showed Plaintiff Tom the fuel tank capacity size was 14.5 gallons and the MPG ratings were 41/38/40 (city/highway/combined). At the time of sale, Plaintiff Tom relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at a Toyota dealership in California. Toyota's representations were material to Plaintiff Tom and an

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

important factor in her decision to purchase the RAV4. Plaintiff Tom purchased her RAV4, in part, because of the long distances she expected to be able to travel on a single tank of fuel. Shortly after purchasing her RAV4, however, Plaintiff Tom discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Tom's mileage range is approximately 420 miles —significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Tom to make more frequent trips to refuel her RAV4 than she should have been required to based on Toyota's misrepresentation that her RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Tom has suffered actual damages in the form of the diminished value of her RAV4. Plaintiff Tom has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of her RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Tom of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Tom known the actual fuel tank capacity and mileage range prior to her purchase, she would either not have purchased the RAV4 or would have paid less for it. Plaintiff Tom remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

9.      Plaintiff Serge Perry is a citizen of California. Plaintiff Perry purchased a 2019 Toyota RAV4 Hybrid on or around November 16, 2019 from Toyota of Berkeley located at 2400 Shattuck Avenue, Berkeley, California 94704. In deciding to purchase his RAV4 vehicle, Plaintiff Perry believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Perry saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Perry also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Perry also saw and relied on these exact

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

same specifications on other California Toyota dealerships' websites. Additionally, Plaintiff Perry

believed and relied upon the salesperson's statements from Toyota of Berkeley that the fuel tank

capacity was 14.5 gallons and that the mileage range was approximately 580 miles per tank. At the

time of sale, Plaintiff Perry relied on and was further aware of the RAV4's mileage range because

the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid

at Toyota of Berkeley. Before purchasing his vehicle, Plaintiff Perry extensively researched and

relied on representations on CarBuzz and other websites on the Internet that stated the fuel tank

capacity was 14.5 gallons and mileage range was approximately 600 miles. Plaintiff Perry is

informed and believes that these representations were based on information published or otherwise

provided by Toyota. Toyota's representations were material to Plaintiff Perry and an important

factor in his decision to purchase the RAV4. Plaintiff Perry purchased his RAV4, in part, because

of the long distances he expected to be able to travel on a single tank of fuel. Shortly after

purchasing his RAV4, however, Plaintiff Perry discovered that the vehicle will only accept

approximately 7-8 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5

gallon tank should accept. As a result, Plaintiff Perry's mileage range is approximately 390

miles— significantly less than 580 mileage range advertised by Toyota. This causes Plaintiff Perry

to make more frequent trips to refuel his RAV4 than he should have been required to based on

Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the

fuel tank defect, Plaintiff Perry has suffered actual damages in the form of the diminished value of

his RAV4. Plaintiff Perry has suffered an ascertainable loss as a result of Toyota's omissions

and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more

frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor

its agents, dealers, or other representatives informed Plaintiff Perry of the RAV4's true mileage

range or fuel tank capacity prior to purchase. Plaintiff Perry reported his fuel tank issue to Toyota,

as well as his Toyota service provider, Toyota of Berkeley. On or about December 26, 2019,

Toyota of Berkeley informed Plaintiff Perry via service invoice that Toyota of Berkeley was

"waiting on Toyota to find a remedy for concern at this time." On or about November 16, 2020,

Toyota of Berkeley replaced the fuel tank, fuel level sender unit, and gasket kit in Plaintiff Perry's

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

vehicle. The replacement fuel tank did not repair or remedy the fuel tank defect. Plaintiff Perry's vehicle, with the replacement tank, will only accept approximately 10 gallons of fuel when the tank is nearly empty, and Plaintiff Perry's mileage range, with the replacement tank, is approximately 370-390 miles. Had Plaintiff Perry known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Perry remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

10.     Plaintiff Brennen Mulcahy is a citizen of California. Plaintiff Mulcahy purchased a 2021 Toyota RAV4 Hybrid in October 2020 from Cabe Toyota located at 2895 Long Beach Boulevard, Long Beach, California 90806. In deciding to purchase his RAV4 vehicle, Plaintiff Mulcahy believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2021 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Mulcahy saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Mulcahy also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Mulcahy also saw and relied on the specification sheet located on a 2021 Toyota RAV4 Hybrid at Cabe Toyota, which stated that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). At the time of sale, Plaintiff Mulcahy relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2021 Toyota RAV4 Hybrid at Cabe Toyota. Before purchasing his RAV4 vehicle, Plaintiff Mulcahy also extensively researched and relied upon representations on Kelley Blue Book and CarMax that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiff Mulcahy is informed and believes that these representations were based on information published or otherwise provided by Toyota. Further, prior to his purchase of his RAV4, Plaintiff Mulcahy viewed and relied on a Toyota television commercial,

which he believes mentioned the RAV4 Hybrid and its 40 MPG rating. Toyota's representations were material to Plaintiff Mulcahy and an important factor in his decision to purchase the RAV4. Plaintiff Mulcahy purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Mulcahy discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Mulcahy mileage range is approximately 430-440 miles— significantly less than 580 mileage range advertised by Toyota. This causes Plaintiff Mulcahy to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Mulcahy has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Mulcahy has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Mulcahy of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Mulcahy known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Mulcahy remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

11. Plaintiff Kelly Kafeyan is a citizen of California. Plaintiff Kafeyan purchased a 2021 Toyota RAV4 Prime in January 2021 from Freeway Toyota located at 1835 Glendale Avenue, Hanford, California 93230. In deciding to purchase his RAV4 vehicle, Plaintiff Kafeyan believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2021 Toyota RAV4 Prime webpage. Specifically, on Toyota's specifications webpage, Plaintiff Kafeyan saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Kafeyan also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

"40/36/38" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 600 miles. At the time of sale, Plaintiff Kafeyan relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2021 Toyota RAV4 Prime at Toyota of Santa Maria, located at 1643 S Bradley Road, Santa Maria, California 93454, where he test-drove the RAV4. Before purchasing his RAV4 vehicle, Plaintiff Kafeyan also extensively researched and relied upon representations on YouTube, Kelley Blue Book, Car and Driver, and MotorTrend that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 600 miles. Plaintiff Kafeyan is informed and believes that these representations were based on information published or otherwise provided by Toyota. Around the time of purchase, Plaintiff Kafeyan also saw and relied upon Toyota's representations within the owner's manual that the RAV4's fuel tank capacity was 14.5 gallons. Toyota's representations were material to Plaintiff Kafeyan and an important factor in his decision to purchase the RAV4. Plaintiff Kafeyan purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. On April 15, 2021, Plaintiff Kafeyan was driving through the California desert to Las Vegas when he had a parking sensor malfunction that prevented the display of his mileage range from showing. However, Plaintiff Kafeyan filled up his gas tank when he was only 317 miles from his destination in Las Vegas, so he did not think he needed to worry about fuel. However, the low fuel warning light came on after only 277 miles, despite the advertised highway range which should have allowed him to go 522 miles,[2] which almost left Plaintiff Kafeyan stranded in the California desert. Plaintiff Kafeyan purchased his RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised. Shortly after purchasing his RAV4, however, Plaintiff Kafeyan discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Kafeyan's mileage range is significantly less than the 600 mileage range advertised by Toyota. This causes Plaintiff Kafeyan to make more frequent trips to refuel his RAV4 than he

---

[2] The 2021 RAV4 Prime's highway MPG estimate is listed as 36 MPG. Thus, the total highway range for the RAV4 Prime is 522 miles (36 MPG X 14.5 gallons). *See* https://www.toyota.com/rav4prime/features/mpg/4544/4550.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Kafeyan has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Kafeyan has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Kafeyan of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Kafeyan first reported the fuel tank issue to Toyota and Toyota of Lompoc, located at 203 East Ocean Avenue, Lompoc, California 93436, on April 19, 2021. Had Plaintiff Kafeyan known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Kafeyan remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

12. Plaintiff Kaitlin Cirulli is a citizen of Colorado. Plaintiff Cirulli purchased a 2019 Toyota RAV4 Hybrid on June 14, 2020 from Larry H. Miller Toyota Colorado Springs located at 15 E. Motor Way, Colorado Springs, Colorado 80905. In deciding to purchase her RAV4 vehicle, Plaintiff Cirulli believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Cirulli saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Cirulli also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to her purchase, Plaintiff Cirulli also saw and relied on the specification sheet located on a 2019 Toyota RAV4 Hybrid at Larry H. Miller Toyota Colorado Springs, which stated that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). Additionally, Plaintiff Cirulli believed and relied upon the salespersons' statements from Larry H. Miller Toyota Colorado Springs that the fuel tank capacity was 14.5 gallons and that the mileage range was approximately 580 miles per tank. At the time of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

sale, Plaintiff Cirulli relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Larry H. Miller Toyota Colorado Springs. Toyota's representations were material to Plaintiff Cirulli and an important factor in her decision to purchase the RAV4. Plaintiff Cirulli purchased her RAV4, in part, because of the long distances she expected to be able to travel on a single tank of fuel. Since Plaintiff Cirulli commutes to work approximately 70 miles each way, Plaintiff Cirulli purchased her RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised. Shortly after purchasing her RAV4, however, Plaintiff Cirulli discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Cirulli's mileage range is significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Cirulli to make more frequent trips to refuel her RAV4 than she should have been required to based on Toyota's misrepresentation that her RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Cirulli has suffered actual damages in the form of the diminished value of her RAV4. Plaintiff Cirulli has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of her RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Cirulli of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Cirulli reported her fuel tank issue to Larry H. Miller Toyota Colorado Springs on or about August 17, 2019. Had Plaintiff Cirulli known the actual fuel tank capacity and mileage range prior to her purchase, she would either not have purchased the RAV4 or would have paid less for it. Plaintiff Cirulli remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

13.     Plaintiff Scott Barden is a citizen of Connecticut. Plaintiff Barden purchased a 2019 Toyota RAV4 Hybrid on June 29, 2019 from Hartford Toyota Superstore located at 135 West Service Rd, Hartford, Connecticut 06120 for the purchase price of $32,245. In deciding to purchase his RAV4 vehicle, Plaintiff Barden believed and relied upon Toyota's representations by the salesperson and finance person from Hartford Toyota Superstore, who told Plaintiff Barden

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

that the 2019 Toyota RAV4 Hybrid has "great gas mileage" and "averages 600 miles per tank". During Plaintiff Barden's purchase, the salesperson from Hartford Toyota Superstore repeatedly stated that the fuel tank capacity of the RAV4 Hybrid was 14.5 gallons. At the time of sale, Plaintiff Barden also saw and relied on his paperwork for the RAV4 vehicle he purchased, which stated that the fuel tank capacity was 14.5 gallons and that the MPG ratings were 41/38/40 (city/highway/combined). Before purchasing his RAV4 vehicle, Plaintiff Barden also extensively researched and relied upon representations on Edmunds and CarGurus that stated the fuel tank capacity was 14.5 gallons, that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580 miles. Plaintiff Barden is informed and believes that these representations were based on information published or otherwise provided by Toyota. At the time of sale, Plaintiff Barden relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Hartford Toyota Superstore. Toyota's representations were material to Plaintiff Barden and an important factor in his decision to purchase the RAV4. Plaintiff Barden purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Since Plaintiff Barden commutes to work approximately 123 miles round trip, Plaintiff Barden purchased his RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised. Shortly after purchasing his RAV4, however, Plaintiff Barden discovered that the vehicle would not accept a full tank of fuel. As a result, Plaintiff Barden's mileage range was significantly less than the advertised range of approximately 580 miles. This caused Plaintiff Barden to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank could hold 14.5 gallons of fuel. Due to his RAV4s limited fuel tank capacity, on April 10, 2021, Plaintiff Barden traded-in his RAV4 with Team Mitsubishi Hartford located at 412 New Park Avenue, Hartford, Connecticut 06110. The trade-in value of Plaintiff Barden's RAV4 was approximately $23,000. As a result of the fuel tank defect, Plaintiff Barden has suffered actual damages in the form of the diminished trade-in value of his RAV4. Plaintiff Barden has suffered an ascertainable loss as a result of

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Barden of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Barden reported his fuel tank issue to Hartford Toyota Superstore on or about August 24, 2019 and October 26, 2019. Had Plaintiff Barden known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Barden remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

14.     Plaintiff Antonius Tran is a citizen of Florida. Plaintiff Tran purchased a 2020 Toyota RAV4 Hybrid on January 25, 2020 from Wesley Chapel Toyota located at 5300 Eagleston Blvd., Wesley Chapel, Florida 33544. In deciding to purchase his RAV4 vehicle, Plaintiff Tran believed and relied upon Toyota's representations at Wesley Chapel Toyota, where Plaintiff Tran saw a laminated paper of the specifications located on a 2020 Toyota RAV4 Hybrid. Specifically, on the specifications sheet, Plaintiff Tran saw and relied upon Toyota's representations that the RAV4's fuel tank capacity was 14.5 gallons, that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Tran relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2020 Toyota RAV4 Hybrid at Wesley Chapel Toyota. Plaintiff Tran also extensively researched and relied on various blog posts and two YouTube videos online, which stated that the fuel tank capacity was 14.5 gallons and that the RAV4 had a mileage range of approximately 580 miles. Plaintiff Tran is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff Tran and an important factor in his decision to purchase the RAV4. Plaintiff Tran purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, Plaintiff Tran discovered that the vehicle will only accept approximately 11 gallons of fuel when the tank is

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Tran's mileage range is approximately 450 miles—significantly less than the advertised range of approximately 580 miles. This caused Plaintiff Tran to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank could hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Tran has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Tran has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Tran of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Tran reported his fuel tank issue to Wesley Chapel Toyota on January 26, 2020.  Had Plaintiff Tran known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Around October of 2020, Plaintiff Tran received a letter from Toyota regarding the Customer Support Program. Pursuant to the Customer Support Program, Plaintiff Tran presented his vehicle to Wesley Chapel Toyota, which inspected the vehicle and the replaced fuel tank on January 23, 2021. Plaintiff Tran's replacement fuel tank will accept approximately 13 gallons when nearly empty. However prior to the replacement fuel tank, Plaintiff Tran's miles per fill up was 470-490 miles. Now, Plaintiff Tran's miles per fill up is somewhat lower than before the replacement and he is only getting around 450-460 miles. Plaintiff Tran remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

15.     Plaintiff Jedediah Clawson is a citizen of Idaho. Plaintiff Clawson purchased a 2019 Toyota RAV4 Hybrid on May 29, 2019 from Peterson Toyota located at 9101 W. Fairview Ave., Boise, Idaho 83704. In deciding to purchase his RAV4 vehicle, Plaintiff Clawson believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Clawson saw and relied upon Toyota's representation that the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Clawson also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Clawson also saw and relied on these exact same specifications on Peterson Toyota's website, as well as other car review websites. At the time of sale, Plaintiff Clawson relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Peterson Toyota. Around the time of purchase, Plaintiff Clawson also saw and relied upon Toyota's representations within the owner's manual that the RAV4's fuel tank capacity was 14.5 gallons. Toyota's representations were material to Plaintiff Clawson and an important factor in his decision to purchase the RAV4. Plaintiff Clawson purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Plaintiff Clawson bought his RAV4 Hybrid, in part to use for camping, but due to the fuel tank defect, he now has to pack an extra five gallons of fuel in his vehicle, which he did not expect to have to do when purchasing his RAV4 vehicle. Shortly after purchasing his RAV4, however, Plaintiff Clawson discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Clawson's mileage range is significantly less than the advertised range of 580 miles. This causes Plaintiff Clawson to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Clawson has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Clawson has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Clawson of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Clawson known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Clawson remains interested in

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

16.     Plaintiff Marco Fernandez is a citizen of Illinois. Plaintiff Fernandez purchased a 2019 Toyota RAV4 Hybrid on September 27, 2019 from Bredemann Toyota located at 1301 W. Dempster Street, Park Ridge, Illinois 60068. In deciding to purchase his RAV4 vehicle, Plaintiff Fernandez believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Fernandez saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Fernandez also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Fernandez relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Bredemann Toyota. In deciding to purchase his RAV4, Plaintiff Fernandez relied on a pamphlet he received from the dealership, which had representations relating to the fuel tank capacity and mileage range. Before purchasing his RAV4 vehicle, Plaintiff Fernandez also extensively researched and relied on numerous articles and reviews on the Internet, including MotorTrend, which stated the fuel tank capacity of the RAV4 Hybrid was 14.5 gallons and the RAV4's MPG mileage estimate was 41/38/40 for city/highway/combined. Plaintiff Fernandez is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff Fernandez and an important factor in his decision to purchase the RAV4. Plaintiff Fernandez purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Fernandez discovered that the vehicle will only accept approximately 9-11 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Fernandez's mileage range is approximately 360 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   Fernandez to make more frequent trips to refuel his RAV4 than he should have been required to

2   based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a

3   result of the fuel tank defect, Plaintiff Fernandez has suffered actual damages in the form of the

4   diminished value of his RAV4. Plaintiff Fernandez has suffered an ascertainable loss as a result of

5   Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not

6   limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4.

7   Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Fernandez of the

8   RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Fernandez known

9   the actual fuel tank capacity and mileage range prior to his purchase, he would either not have

10  purchased the RAV4 or would have paid less for it. Plaintiff Fernandez remains interested in being

11  a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota

12  provided a vehicle that met its advertised fuel tank capacity and mileage range.

13        17.     Plaintiff Richard Wagner is a citizen of Iowa. Plaintiff Wagner leased a 2019

14  Toyota RAV4 Hybrid on April 22, 2019 from Toyota of Iowa City located at 1445 Highway 1

15  West, Iowa City, Iowa 52246. In deciding to lease his RAV4 vehicle, Plaintiff Wagner believed

16  and relied upon Toyota's representations that the RAV4's fuel tank capacity was 14.5 gallons, that

17  the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a

18  combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580

19  miles. At the time of his purchase, Plaintiff Wagner wanted great gas mileage and did not want to

20  visit the gas station frequently. Toyota's representations were material to Plaintiff Wagner and an

21  important factor in his decision to purchase the RAV4. Plaintiff Wagner leased his RAV4, in part,

22  because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after

23  leasing his RAV4, however, Plaintiff Wagner discovered that the vehicle will only accept

24  approximately 10.7 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5

25  gallon tank should accept. As a result, Plaintiff Wagner's mileage range is approximately 350-425

26  miles—significantly less than the advertised range of approximately 580 miles. This causes

27  Plaintiff Wagner to make more frequent trips to refuel his RAV4 than he should have been

28  required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  fuel. As a result of the fuel tank defect, Plaintiff Wagner has suffered actual damages in the form

2  of the diminished value of his RAV4. Plaintiff Wagner has suffered an ascertainable loss as a

3  result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including

4  but not limited to more frequent fueling, anticipated future repairs, and diminished value of his

5  RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Wagner

6  of the RAV4's true mileage range or fuel tank capacity prior to lease. Plaintiff Wagner reported his

7  fuel tank issue to Toyota on December 18, 2019. Had Plaintiff Wagner known the actual fuel tank

8  capacity and mileage range prior to leasing the RAV4, he would either not have leased the RAV4

9  or would have paid less for it. Plaintiff Wagner remains interested in being a Toyota customer and

10  would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met

11  its advertised fuel tank capacity and mileage range.

12      18.     Plaintiffs Denny and Barbara Brand are citizens of Kentucky. Plaintiffs Denny and

13  Barbara Brand co-purchased a 2019 Toyota RAV4 Hybrid on April 3, 2019 from Toyota of

14  Bowling Green located at 2398 Scottsville Road, Bowling Green, Kentucky 42104. In deciding to

15  purchase their RAV4 vehicle, Plaintiffs Denny and Barbara Brand believed and relied upon

16  Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section

17  of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage,

18  Plaintiffs Denny and Barbara Brand saw and relied upon Toyota's representation that the RAV4's

19  fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiffs Denny and

20  Barbara Brand also saw and relied upon Toyota's representation that the RAV4's MPG mileage

21  estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage

22  range of approximately 580 miles. Prior to their purchase, Plaintiffs Denny and Barbara Brand

23  were told by the salesperson at Toyota of Bowling Green that printed brochures and specification

24  sheets were not available and were directed to the Toyota.com websites, which they believe stated

25  that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40

26  (city/highway/combined). At the time of sale, Plaintiffs Denny and Barbara Brand relied on and

27  were further aware of the RAV4's MPG ratings which were displayed on the Monroney Sticker

28  located on a 2019 Toyota RAV4 Hybrid at Toyota of Bowling Green. Before purchasing their

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

RAV4 vehicle, Plaintiffs Denny and Barbara Brand also extensively researched and relied upon representations on websites such as Car and Driver, YouTube, and others on the Internet that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiffs Denny and Barbara Brand are informed and believe that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiffs Denny and Barbara Brand and an important factor in their decision to purchase the RAV4. Plaintiffs Denny and Barbara Brand purchased their RAV4, in part, because of the long distances they expected to be able to travel on a single tank of fuel. Shortly after purchasing the RAV4, however, Plaintiffs Denny and Barbara Brand discovered that the vehicle would not accept a full tank of fuel. As a result, Plaintiff Denny and Barbara Brand's mileage range was approximately 420 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiffs Denny and Barbara Brand to make more frequent trips to refuel their RAV4 than they should have been required to based on Toyota's misrepresentation that the RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiffs Denny and Barbara Brand have suffered actual damages in the form of the diminished value of their RAV4. Plaintiffs Denny and Barbara Brand have suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of their RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiffs Denny and Barbara Brand of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiffs Denny and Barbara Brand first reported the fuel tank issue to Toyota of Bowling Green on or about mid-May 2019. On October 30, 2019, while getting regular maintenance, Plaintiff Barbara Brand again reported the fuel tank issue and Toyota of Bowling Green verified the issue. Had Plaintiffs Denny and Barbara Brand known the actual fuel tank capacity and mileage range prior to their purchase, they would either not have purchased the RAV4 or would have paid less for it. Plaintiffs Denny and Barbara Brand remain interested in being Toyota customers and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

19.     Plaintiff Matthew Kahn is a citizen of New Hampshire. Plaintiff Kahn purchased a 2019 Toyota RAV4 Hybrid in the spring of 2019 from Woburn Toyota located at 394 Washington Street, Woburn, Massachusetts 01801. In deciding to purchase his RAV4 vehicle, Plaintiff Kahn believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specification section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Kahn saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Kahn also saw and relied upon Toyota's representation on its website that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Kahn relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Woburn Toyota. Plaintiff Kahn also extensively researched and relied on online press publications and articles describing that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). Plaintiff Kahn is informed and believes that these representations were based on information published or otherwise provided by Toyota. Additionally, during Plaintiff Kahn's test drive at Woburn Toyota, the cruising range on the dashboard displayed the distance to empty was 500 miles or more. Toyota's representations were material to Plaintiff Kahn and an important factor in his decision to purchase the RAV4. Plaintiff Kahn purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Kahn discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Kahn's mileage range is significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Kahn to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Kahn has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Kahn has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Kahn of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Kahn known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Kahn remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

20.     Plaintiff Phillip Ferraguto is a citizen of Massachusetts. Plaintiff Ferraguto purchased a 2019 Toyota RAV4 Hybrid on May 14, 2019 from Hyannis Toyota located at 1020 Iyannough Road, Route 132, Hyannis, Massachusetts 02601. In deciding to purchase his RAV4 vehicle, Plaintiff Ferraguto believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Ferraguto saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Ferraguto also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Ferraguto relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Hyannis Toyota. Before purchasing his RAV4 vehicle, Plaintiff Ferraguto also extensively researched and relied upon representations on Consumer Reports, Car and Driver, Kelley Blue Book and other websites on the Internet that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiff Ferraguto is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff Ferraguto and an important factor in his decision to purchase the RAV4. Shortly after purchasing his RAV4, Plaintiff Ferraguto discovered that the vehicle would not accept a full tank of fuel. As a result, Plaintiff Ferragutos's mileage range was significantly less than the advertised range of approximately 580 miles. Plaintiff Ferraguto purchased his RAV4 in part because of the long distances he expected to be able to travel on a single tank of fuel. However, Plaintiff

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Ferraguto did not get the expected fuel range out of his RAV4 and was forced to make more frequent fuel stops than expected. On multiple occasions while refueling his RAV4, Plaintiff Ferraguto observed that the tank would not take a full 14.5 gallons before the pump's automatic shutoff would engage. Plaintiff Ferraguto would attempt to top-off the fuel, but was never able to get a full 14.5 gallons of gas in the tank. Rather, the most Plaintiff Ferraguto could fill a nearly empty tank was approximately 11 gallons of gas, thereby reducing his driving range from that promised by Toyota. If the vehicle was filled to the advertised capacity, then it could attain a theoretical maximum range of 594.5 to 551 miles (Toyota represents the vehicle MPG as 41 city/ 38 highway). Instead, the range is actually between 451 to 418 miles based upon Toyota's represented MPG. This represents an almost 25% reduction from what Plaintiff Ferraguto was promised. This caused Plaintiff Ferraguto to make more trips to refuel his RAV4 than he should have been required to do based on Toyota's misrepresentation that his RAV4's fuel tank could hold 14.5 gallons of fuel. Due to his 2019 RAV4's limited fuel tank capacity, and in addition to his desire for enhanced safety features on his vehicle, on or about January 14, 2021, Plaintiff Ferraguto traded-in his 2019 RAV4 at Hyannis Toyota for a 2021 Toyota RAV4 Hybrid.  The trade-in value of Plaintiff Ferraguto's RAV4 was approximately $21,000.  Around November of 2020, Plaintiff Ferraguto had received a letter from Toyota regarding the Customer Support Program so he believed that the fuel tank issue had been remedied and would not affect his 2021 model vehicle. In deciding to purchase his 2021 Toyota  RAV4 Hybrid, Plaintiff Ferraguto believed and relied upon Toyota's representations on Toyota's website (www.toyota.com). Specifically, on Toyota's webpage, Plaintiff Ferraguto saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Ferraguto also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Ferraguto relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2021 Toyota RAV4 Hybrid at Hyannis Toyota. Before purchasing his 2021 RAV4 vehicle, Plaintiff Ferraguto also extensively researched and relied upon representations on other websites, including

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Edmunds.com, that stated the fuel tank capacity was 14.5 gallons. Plaintiff Ferraguto is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff Ferraguto and an important factor in his decision to purchase the RAV4. Shortly after purchasing his 2021 RAV4, Plaintiff Ferraguto discovered that his vehicle would not accept a full tank of fuel. As a result, Plaintiff Ferraguto's mileage range is approximately 450 miles when he fills his tank until the pump's automatic shutoff engages —significantly less than the advertised range of approximately 580 miles. Plaintiff Ferraguto purchased his RAV4 in part because of the long distances he expected to be able to travel on a single tank of fuel. However, Plaintiff Ferraguto did not get the expected fuel range out of his RAV4 and now makes more frequent fuel stops than expected. As a result of the fuel tank defect, Plaintiff Ferraguto has suffered actual damages in the form of the diminished value of the RAV4. Plaintiff Ferraguto has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations associated with the fuel tank defect, including, but not limited to, more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers or other representatives informed Plaintiff Ferraguto of the existence of the fuel tank defect prior to purchase. Plaintiff Ferraguto would not have purchased the RAV4 vehicles, or would have paid substantially less for them, had Toyota disclosed the defect prior to sale. Plaintiff Ferraguto remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

21.     Plaintiff Lonnie Birchfield is a citizen of Michigan. Plaintiff Birchfield purchased a 2019 Toyota RAV4 Hybrid on January 24, 2020 from Fox Toyota located at 773 South Rochester Road, Rochester Hills, Michigan 48307. In deciding to purchase his RAV4 vehicle, Plaintiff Birchfield believed and relied upon Toyota's representations that the RAV4's fuel tank capacity was 14.5 gallons, that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of his RAV4 purchase, Plaintiff Birchfield told a salesperson at Fox Toyota that he needed a vehicle with an MPG rating of 40 mpg. In deciding to

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

purchase his RAV4, Plaintiff Birchfield relied on and was aware of the RAV4's mileage range and MPG ratings, which were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Fox Toyota. Toyota's representations were material to Plaintiff Birchfield and an important factor in his decision to purchase the RAV4. Plaintiff Birchfield purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, Plaintiff Birchfield discovered that the vehicle will only accept approximately 8-9 gallons of fuel when the tank is approximately one-quarter full, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Birchfield's mileage range is approximately 385 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Birchfield to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Birchfield has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Birchfield has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Birchfield of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Birchfield first reported his fuel tank issue to Toyota on February 10, 2019. On or about January 24, 2020, Fox Toyota replaced the fuel tank in Plaintiff Birchfield's vehicle. The replacement fuel tank did not repair or remedy the fuel tank defect. Plaintiff Birchfield's vehicle, with the replacement tank, will only accept approximately 9 gallons of fuel when the tank is approximately one-quarter full, and Plaintiff Birchfield's mileage range, with the replacement tank, is approximately 390 miles. Had Plaintiff Birchfield known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Birchfield remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

22.     Plaintiff Dennis Klinkhammer is a citizen of Minnesota. Plaintiff Klinkhammer purchased a 2019 Toyota RAV4 Hybrid on July 17, 2019 from St. Cloud Toyota located at 418 2nd Street S., Waite Park, Minnesota 56387. In deciding to purchase his RAV4 vehicle, Plaintiff Klinkhammer believed and relied upon representations on certain Internet websites, including reviews and videos on YouTube, Kelley Blue Book, and other car websites with reviews about the RAV4 vehicles. Plaintiff Klinkhammer is informed and believes that these representations were based on information published or otherwise provided by Toyota. Specifically, Plaintiff Klinkhammer saw and relied upon Toyota's representations on these websites stating that the RAV4's fuel tank capacity was 14.5 gallons, that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Klinkhammer relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at St. Cloud Toyota. Toyota's representations were material to Plaintiff Klinkhammer and an important factor in his decision to purchase the RAV4. Plaintiff Klinkhammer purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Klinkhammer discovered that the vehicle will only accept approximately 9 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Klinkhammer's mileage range is approximately 350 miles—significantly less than the advertised range of approximately 580 miles. Recently, Plaintiff Klinkhammer's vehicle will only accept approximately 8 gallons of fuel when the tank is nearly empty. This causes Plaintiff Klinkhammer to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Klinkhammer has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Klinkhammer has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

representatives informed Plaintiff Klinkhammer of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Klinkhammer first reported the fuel tank issue to St. Cloud Toyota on or about September 16, 2019. Had Plaintiff Klinkhammer known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Klinkhammer remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

23.     Plaintiff Jonathan Pool is a citizen of Missouri. Plaintiff Pool purchased a 2019 Toyota RAV4 Hybrid on September 14, 2019 from Weiss Toyota located at 11771 Tesson Ferry Road, St. Louis, Missouri 63128. In deciding to purchase his RAV4 vehicle, Plaintiff Pool believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Pool saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Pool also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Additionally, Plaintiff Pool extensively researched and relied on representations from car review websites, like Edmunds.com, where he saw that the fuel tank capacity was 14.5 gallons and the MPG ratings were 41/38/40 (city/highway/combined). Plaintiff Pool is informed and believes that these representations were based on information published or otherwise provided by Toyota. Prior to his purchase, Plaintiff Pool also saw and relied on the specification sheet located on a 2019 Toyota RAV4 Hybrid at Weiss Toyota, which stated that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). At the time of sale, Plaintiff Pool relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Weiss Toyota. Around the time of his purchase, Plaintiff Pool also saw and relied upon Toyota's representations within the owner's manual that the RAV4's fuel tank capacity was 14.5 gallons. Toyota's representations were material to Plaintiff Pool and an important factor in his decision to purchase

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

the RAV4. Shortly after purchasing his RAV4, however, Plaintiff Pool discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly at empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Pool's mileage range is approximately 420 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Pool to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Pool has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Pool has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Pool of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Pool reported his fuel tank issue to Toyota in or about the fall of 2019. Had Plaintiff Pool known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Pool remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

24.     Plaintiff Phillip Martin is a citizen of Montana. Plaintiff Martin purchased a 2019 Toyota RAV4 Hybrid in Montana in June 2019 from Toyota of Bozeman (Ressler Motors), located at 8476 Huffine Lane, Bozeman, Montana 59718, for the purchase price of $32,426. In deciding to purchase his RAV4 vehicle, Plaintiff Martin believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Martin saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Martin also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Martin also saw and relied on these exact same specifications on Toyota dealership websites, like Toyota of

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Bozeman and Helena Toyota (Helena Motors). At the time of sale, Plaintiff Martin relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Helena Motors. Before purchasing his vehicle, Plaintiff Martin extensively researched and relied on representations on Edmunds, Car and Driver, and other websites that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiff Martin is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff Martin and an important factor in his decision to purchase the RAV4. Plaintiff Martin purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Martin discovered that the vehicle would not accept a full tank of fuel. As a result, Plaintiff Martin's mileage range is significantly less than the advertised range of approximately 580 miles. This caused Plaintiff Martin to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank could hold 14.5 gallons of fuel. Due to his RAV4s limited fuel tank capacity, on or about April 27, 2020, Plaintiff Martin traded-in his RAV4 at Helena Motors located at 3365 US-12 East, Helena, MT 59301 for a 2020 non-hybrid RAV4. The trade-in value of Plaintiff Martin's RAV4 was approximately $26,400. As a result of the fuel tank defect, Plaintiff Martin has suffered actual damages in the form of the diminished trade-in value of his RAV4. Plaintiff Martin has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Martin of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Martin known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Martin remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

25.     Plaintiff Brad Ramaekers is a citizen of Nebraska. Plaintiff Ramaekers purchased a 2019 Toyota RAV4 Hybrid in Nebraska in or about the spring of 2019. In deciding to purchase his RAV4 vehicle, Plaintiff Ramaekers believed and relied upon Toyota's representations that the RAV4's fuel tank capacity was 14.5 gallons, that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580 miles. Toyota's representations were material to Plaintiff Ramaekers and an important factor in his decision to purchase the RAV4. Plaintiff Ramaekers purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Ramaekers discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Ramaekers's mileage range is approximately 400 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Ramaekers to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Ramaekers has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Ramaekers has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Ramaekers of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Ramaekers reported his fuel tank issue to Toyota. Had Plaintiff Ramaekers known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Ramaekers remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

26.     Plaintiff Kirk Arellano is a citizen of Nevada. Plaintiff Arellano purchased a 2019 Toyota RAV4 Hybrid on May 3, 2019 from Dolan Toyota located at 2100 Kietzke Lane, Reno, Nevada 89502. In deciding to purchase his RAV4 vehicle, Plaintiff Arellano believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Arellano saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Arellano also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Arellano relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Dolan Toyota. Toyota's representations were material to Plaintiff Arellano and an important factor in his decision to purchase the RAV4. Plaintiff Arellano purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Arellano discovered that the vehicle will only accept approximately 9 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. Recently, Plaintiff Arellano's vehicle will only accept approximately 6.5 to 8.5 gallons of fuel when there is about an eighth to a quarter left in the tank. Plaintiff Arellano does not allow the tank to run below an eighth of a tank because he is concerned about the reliability of the gas gauge. As a result, Plaintiff Arellano's mileage range is approximately 350 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Arellano to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Arellano has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Arellano has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Arellano of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Arellano reported his fuel tank issue to Toyota, as well as to his Toyota service provider, Dolan Toyota. On December 5, 2019, Dolan Toyota informed Plaintiff Arellano via service invoice that "Issue is under investigation with Toyota no fix at this time." Had Plaintiff Arellano known the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   actual fuel tank capacity and mileage range prior to his purchase, he would either not have

2   purchased the RAV4 or would have paid less for it. Plaintiff Arellano remains interested in being a

3   Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota

4   provided a vehicle that met its advertised fuel tank capacity and mileage range.

5       27.     Plaintiff Paul McPhie is a citizen of New Hampshire. Plaintiff McPhie purchased a

6   2019 Toyota RAV4 Hybrid on May 9, 2019 from Toyota of Keene located at 591 Monadnock

7   Highway, East Swanzey, New Hampshire 03446. In deciding to purchase his RAV4 vehicle,

8   Plaintiff McPhie believed and relied upon Toyota's representations on Toyota of Keene's website.

9   Specifically, on Toyota of Keene's website, Plaintiff McPhie saw and relied upon Toyota's

10  representations that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for

11  highway driving. At the time of sale, Plaintiff McPhie relied on and was further aware of the

12  RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located

13  on a 2019 Toyota RAV4 Hybrid at Toyota of Keene. Plaintiff McPhie viewed and received these

14  representations by Toyota in New Hampshire. Toyota's representations were material to Plaintiff

15  McPhie and an important factor in his decision to purchase the RAV4. Plaintiff McPhie purchased

16  his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of

17  fuel. Shortly after purchasing his RAV4, however, Plaintiff McPhie discovered that the vehicle

18  will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the

19  advertised 14.5 gallon tank should accept. As a result, Plaintiff McPhie's mileage range is

20  approximately 430 miles—significantly less than the advertised range of approximately 580 miles.

21  This causes Plaintiff McPhie to make more frequent trips to refuel his RAV4 than he should have

22  been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5

23  gallons of fuel. As a result of the fuel tank defect, Plaintiff McPhie has been injured by undisclosed

24  information by Toyota in the state of New Hampshire. Plaintiff McPhie suffered actual damages in

25  the form of the diminished value of his RAV4. Plaintiff McPhie has suffered an ascertainable loss

26  as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank,

27  including but not limited to more frequent fueling, anticipated future repairs, and diminished value

28  of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

McPhie of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff McPhie reported his fuel tank issue to Toyota, as well as to his Toyota service provider, Fenton Family Dealerships located at 591 Monadnock Highway Route 12, East Swanzey, New Hampshire 03446. On September 27, 2019, Fenton Family Dealership informed Plaintiff McPhie via service invoice that "Toyota is aware of the issue and has a remedy under development." Had Plaintiff McPhie known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff McPhie remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

28.     Plaintiff Angelo Markatos is a citizen of New Jersey. Plaintiff Markatos purchased a 2019 Toyota RAV4 Hybrid on April 30, 2019 from Shore Toyota located at 4236 Black Horse Pike, Mays Landing, New Jersey 08330. In deciding to purchase his RAV4 vehicle, Plaintiff Markatos believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Markatos saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Markatos also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Markatos also saw and relied on the specification sheet, located on a 2019 Toyota RAV4 Hybrid at Shore Toyota, which stated that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). Before purchasing his vehicle, Plaintiff Markatos researched various dealerships, like Shore Toyota, to see where he could purchase the RAV4 vehicle and relied on statements, through these dealership websites, that represented that the fuel tank capacity was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). At the time of sale, Plaintiff Markatos relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Shore Toyota. Toyota's representations were material to Plaintiff Markatos and an important factor in his

decision to purchase the RAV4. Plaintiff Markatos purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Markatos discovered that the vehicle will only accept approximately 8 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Markatos's mileage range is approximately 380 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Markatos to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Markatos has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Markatos has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Markatos of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Markatos reported his fuel tank issue to Toyota, as well as his to Toyota service provider, Gateway Toyota located at 395 Route 37 E, Toms River, New Jersey 08753. On December 6, 2019, Gateway Toyota informed Plaintiff Markatos via service invoice that "Toyota is aware of this concern. No repair available at this time." Had Plaintiff Markatos known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Markatos remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

29.     Plaintiff Domenico Colabraro is a citizen of New Jersey. Plaintiff Colabraro purchased a 2019 Toyota RAV4 Hybrid on December 28, 2019 from DCH Freehold Toyota located at 4268 Route 9 South, Freehold, New Jersey 07728. In deciding to purchase his RAV4 vehicle, Plaintiff Colabraro believed and relied upon representations on YouTube by individuals independently reviewing the RAV4 vehicle. Plaintiff Colabraro is informed and believes that these representations were based on information published or otherwise provided by Toyota.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Specifically, Plaintiff Colabraro believed and relied upon representations that the RAV4's fuel tank capacity was 14.5 gallons, that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Colabraro relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at DCH Freehold Toyota. When purchasing his RAV4 vehicle, Plaintiff Colabraro also saw and relied on similar representations on his paperwork. Toyota's representations were material to Plaintiff Colabraro and an important factor in his decision to purchase the RAV4. Plaintiff Colabraro purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Since Plaintiff Colabraro commutes to work approximately 50 to 60 miles each way a day, Plaintiff Colabraro purchased his RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised.  Shortly after purchasing his RAV4, Plaintiff Colabraro discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Colabraro's mileage range is approximately 440-480 miles, significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Colabraro to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Colabraro has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Colabraro has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Colabraro of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Colabraro known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Colabraro remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   30.     Plaintiff Sarah Kessler is a citizen of New York. Plaintiff Kessler purchased a 2020

2   Toyota RAV4 Hybrid on November 23, 2019 from Smithtown Toyota located at 360 E Jericho

3   Turnpike, Smithtown, New York 11787. In deciding to purchase her RAV4 vehicle, Plaintiff

4   Kessler believed and relied upon Toyota's representations on the specification sheet located on a

5   2020 Toyota RAV4 Hybrid at Smithtown Toyota. Specifically, Plaintiff Kessler saw and relied

6   upon Toyota's representations that the RAV4's fuel tank capacity was 14.5 gallons, that the

7   RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a

8   combined 40 MPG rating, and that therefore the RAV4 had a mileage range of approximately 580

9   miles. Prior to her purchase, Plaintiff Kessler also saw and relied on Toyota's website

10  (www.toyota.com) under the Specifications section of the 2020 Toyota RAV4 Hybrid webpage.

11  Specifically, on Toyota's specifications webpage, Plaintiff Kessler saw and relied upon Toyota's

12  representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined."

13  Around the time of her purchase, Plaintiff Kessler also saw and relied upon Toyota's

14  representations within the owner's manual that the RAV4's fuel tank capacity was 14.5 gallons. At

15  the time of sale, Plaintiff Kessler relied on and was further aware of the RAV4's mileage range

16  because the MPG ratings were displayed on the Monroney Sticker located on a 2020 Toyota

17  RAV4 Hybrid at Smithtown Toyota. Toyota's representations were material to Plaintiff Kessler

18  and an important factor in her decision to purchase the RAV4. Plaintiff Kessler purchased her

19  RAV4, in part, because of the long distances she expected to be able to travel on a single tank of

20  fuel. Shortly after purchasing her RAV4, however, Plaintiff Kessler discovered that the vehicle

21  would only accept approximately 10-11 gallons of fuel when the tank is nearly empty and the low

22  fuel level warning light is illuminated, far less than the advertised 14.5 gallon tank should accept.

23  As a result, Plaintiff Kessler's mileage range was approximately 440 miles—significantly less than

24  the advertised range of approximately 580 miles. This caused Plaintiff Kessler to make more

25  frequent trips to refuel her RAV4 than she should have been required to based on Toyota's

26  misrepresentation that her RAV4 fuel tank could hold 14.5 gallons of fuel. Due to her RAV4s

27  limited fuel tank capacity, on November 19, 2020, Plaintiff Kessler traded-in her RAV4 with

28  Smithtown Toyota for a Toyota Highlander Hybrid. The trade-in value of Plaintiff Kessler's RAV4

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

was approximately $29,250. As a result of the fuel tank defect, Plaintiff Kessler has suffered actual damages in the form of the diminished value of her RAV4. Plaintiff Kessler has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling and diminished value of her RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Kessler of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Kessler known the actual fuel tank capacity and mileage range prior to her purchase, she would either not have purchased the RAV4 or would have paid less for it. Plaintiff Kessler remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

31.     Plaintiff Suzanne Hakes is a citizen of North Carolina. Plaintiff Hakes purchased a 2019 Toyota RAV4 Hybrid in Raleigh, North Carolina. In deciding to purchase her RAV4 vehicle, Plaintiff Hakes believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Hakes saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Hakes also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Additionally, prior to her purchase, Plaintiff Hakes viewed and relied on statements made in a pamphlet she received from Leith Toyota, located at 8005 Capital Boulevard, Raleigh, North Carolina 27616 and Fred Anderson Toyota, located at 9101 Glenwood Avenue, Raleigh, North Carolina 27617, regarding the fuel tank capacity and mileage range. At the time of sale, Plaintiff Hakes relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Leith Toyota and Fred Anderson Toyota. Toyota's representations were material to Plaintiff Hakes and an important factor in her decision to purchase the RAV4. Plaintiff Hakes purchased her RAV4, in part, because of the long distances she expected to be able to travel on a single tank of fuel. Since Plaintiff Hakes commutes to work approximately one hour each way

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

a day, Plaintiff Hakes purchased her RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised. Shortly after purchasing her RAV4, however, Plaintiff Hakes discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Hakes's mileage range is significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Hakes to make more frequent trips to refuel her RAV4 than she should have been required to based on Toyota's misrepresentation that her RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Hakes has suffered actual damages in the form of the diminished value of her RAV4. Plaintiff Hakes has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of her RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Hakes of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Hakes known the actual fuel tank capacity and mileage range prior to her purchase, she would either not have purchased the RAV4 or would have paid less for it. Plaintiff Hakes remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

32.     Plaintiff Chad Simmons is a citizen of North Dakota. Plaintiff Simmons purchased a 2020 Toyota RAV4 Hybrid in March 2020 from Lithia Toyota of Grand Forks located at 2473 32nd Avenue South, Grand Forks, North Dakota 58201. In deciding to purchase his RAV4 vehicle, Plaintiff Simmons believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2020 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Simmons saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Simmons also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Simmons saw and relied on these exact same specifications on Lithia Toyota's website. Additionally, before

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

purchasing his RAV4, Plaintiff Simmons believed and relied upon the Lithia Toyota's salesperson's statements and sales flyer that the fuel tank capacity was 14.5 gallons and that the mileage range was approximately 580 miles per tank. At the time of sale, Plaintiff Simmons relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2020 Toyota RAV4 Hybrid at Lithia Toyota. Toyota's representations were material to Plaintiff Simmons and an important factor in his decision to purchase the RAV4. Plaintiff Simmons purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Plaintiff Simmons relied on these materials and purchased the RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised.  Shortly after purchasing his RAV4, however, Plaintiff Simmons discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Simmons's mileage range is approximately 380-390 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Simmons to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Simmons has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Simmons has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Simmons of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Simmons known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Simmons remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

33.     Plaintiff Adolfo Muccillo is a citizen of Ohio. Plaintiff Muccillo purchased a 2019 Toyota RAV4 Hybrid on April 17, 2019 from Kings Toyota located at 4700 Fields Ertel Road,

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Cincinnati, Ohio 45249. In deciding to purchase his RAV4 vehicle, Plaintiff Muccillo believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specification section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Muccillo saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Muccillo also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Muccillo relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Kings Toyota. Toyota's representations were material to Plaintiff Muccillo and an important factor in his decision to purchase the RAV4. Plaintiff Muccillo purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Muccillo discovered that the vehicle will only accept approximately 9-10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Muccillo's mileage range is approximately 330-385 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Muccillo to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Muccillo has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Muccillo has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Muccillo of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Muccillo reported his fuel tank issue to Kings Toyota in October 2019. Had Plaintiff Muccillo known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Muccillo remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage

2  range.

3        34.     Plaintiff Yuriy Genzel is a citizen of Ohio. Plaintiff Genzel purchased a 2019

4  Toyota RAV4 Hybrid on December 31, 2019 from Toyota of Bedford located at 18151 Rockside

5  Road, Bedford, Ohio 44146. In deciding to purchase his RAV4 vehicle, Plaintiff Genzel believed

6  and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the

7  Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's

8  specifications webpage, Plaintiff Genzel saw and relied upon Toyota's representation that the

9  RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Genzel

10  also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is

11  "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of

12  approximately 580 miles. Prior to his purchase, Plaintiff Genzel also saw and relied on these exact

13  same specifications on other Toyota dealership websites, like Toyota of Bedford in Ohio.

14  Additionally, Plaintiff Genzel did extensive research through the Internet by visiting websites like

15  Edmunds, Cars.com, Kelley Blue Book, where he also saw and relied on representations that the

16  fuel tank capacity was 14.5 gallons and MPG ratings of 41/38/40 (city/highway/combined).

17  Plaintiff Genzel is informed and believes that these representations were based on information

18  published or otherwise provided by Toyota. At the time of sale, Plaintiff Genzel relied on and was

19  further aware of the RAV4's mileage range because the MPG ratings were displayed on the

20  Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Toyota of Bedford. Toyota's

21  representations were material to Plaintiff Genzel and an important factor in his decision to

22  purchase the RAV4. Plaintiff Genzel purchased his RAV4, in part, because of the long distances he

23  expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however,

24  Plaintiff Genzel discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff

25  Genzel's mileage range is approximately 420 miles—significantly less than the advertised range of

26  approximately 580 miles. This causes Plaintiff Genzel to make more frequent trips to refuel his

27  RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4

28  fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Genzel has

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Genzel has

2   suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding

3   the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs,

4   and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives

5   informed Plaintiff Genzel of the RAV4's true mileage range or fuel tank capacity prior to

6   purchase. Had Plaintiff Genzel known the actual fuel tank capacity and mileage range prior to his

7   purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff

8   Genzel remains interested in being a Toyota customer and would consider purchasing or leasing a

9   RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and

10   mileage range.

11       35.    Plaintiff Margaret Louie is a citizen of California. Plaintiff Louie purchased a 2020

12   Toyota RAV4 Hybrid in January 2020 in Tulsa, Oklahoma. In deciding to purchase her RAV4

13   vehicle, Plaintiff Louie believed and relied upon Toyota's representations on Toyota's website

14   (www.toyota.com) under the Specifications section of the 2020 Toyota RAV4 Hybrid webpage.

15   Specifically, on Toyota's specifications webpage, Plaintiff Louie saw and relied upon Toyota's

16   representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications

17   webpage, Plaintiff Louie also saw and relied upon Toyota's representation that the RAV4's MPG

18   mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a

19   mileage range of approximately 580 miles. Additionally, Plaintiff Louie believed and relied upon

20   the salespersons' statements at the Toyota dealership in California as well as in Oklahoma that the

21   fuel tank capacity was 14.5 gallons and that the mileage range was approximately 580 miles per

22   tank. At the time of sale, Plaintiff Louie relied on and was further aware of the RAV4's mileage

23   range because the MPG ratings were displayed on the Monroney Sticker located on a 2020 Toyota

24   RAV4 Hybrid at Toyota dealership in Oklahoma. Toyota's representations were material to

25   Plaintiff Louie and an important factor in her decision to purchase the RAV4. Plaintiff Louie

26   purchased her RAV4, in part, because of the long distances she expected to be able to travel on a

27   single tank of fuel. Shortly after purchasing her RAV4, however, Plaintiff Louie discovered that

28   the vehicle will not accept a full tank of fuel. As a result, Plaintiff Louie's mileage range is

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

approximately 415 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Louie to make more frequent trips to refuel her RAV4 than she should have been required to based on Toyota's misrepresentation that her RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Louie has suffered actual damages in the form of the diminished value of her RAV4. Plaintiff Louie has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of her RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Louie of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Louie known the actual fuel tank capacity and mileage range prior to her purchase, she would either not have purchased the RAV4 or would have paid less for it. Plaintiff Louie remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

36.     Plaintiff Curtis Huston is a citizen of Oregon. Plaintiff Huston purchased a 2019 Toyota RAV4 Hybrid in April 2019 from Toyota of Gladstone located at 19375 Southeast McLoughlin Blvd., Gladstone, Oregon 97027. In deciding to purchase his RAV4 vehicle, Plaintiff Huston believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) and Toyota of Gladstone's website. Specifically, on Toyota's website and Toyota of Gladstone's website, Plaintiff Huston saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined." At the time of sale, Plaintiff Huston relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Toyota of Gladstone. Further, Plaintiff Huston viewed and relied on the MPG ratings of 41/38/40 (city/highway/combined) listed on Kelley Blue Book, Consumer Reports, and other online reviews. Plaintiff Huston is informed and believes that these representations were based on information published or otherwise provided by Toyota. Around the time of purchase, Plaintiff Huston also saw and relied upon Toyota's representations within the owner's manual that the RAV4's fuel tank capacity was 14.5 gallons. Toyota's representations were material to Plaintiff

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Huston and an important factor in his decision to purchase the RAV4. Plaintiff Huston purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Huston discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Huston's mileage range is significantly less than the advertise range of approximately 580 miles. This causes Plaintiff Huston to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Huston has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Huston has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Huston of the RAV4's true mileage range or fuel tank capacity prior to lease. Had Plaintiff Huston known the actual fuel tank capacity and mileage range prior to leasing the RAV4, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Huston remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

37.     Plaintiff Neil DiBiase is a citizen of Pennsylvania. Plaintiff DiBiase purchased a 2019 Toyota RAV4 Hybrid on May 22, 2019 from North Hills Toyota located at 7401 McKnight Road, Pittsburgh, Pennsylvania 15237. In deciding to purchase his RAV4 vehicle, Plaintiff DiBiase believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff DiBiase saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specification webpage, Plaintiff DiBiase also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Through Toyota's website, Plaintiff DiBiase also saw RAV4 representations about refueling less frequently. Prior to his purchase, Plaintiff DiBiase also viewed

1   and relied on a specification sheet from North Hills Toyota, which stated that the fuel tank capacity

2   was 14.5 gallons and MPG ratings were 41/38/40 (city/highway/combined). At the time of sale,

3   Plaintiff DiBiase relied on and was further aware of the RAV4's mileage range because the MPG

4   ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at North

5   Hills Toyota. Toyota's representations were material to Plaintiff DiBiase and an important factor in

6   his decision to purchase the RAV4. Plaintiff DiBiase purchased his RAV4, in part, because of the

7   long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his

8   RAV4, however, Plaintiff DiBiase discovered that the vehicle will not accept a full tank of fuel. As

9   a result, Plaintiff DiBiase's mileage range was approximately 370 miles—significantly less than

10  the advertised range of approximately 580 miles. This causes Plaintiff DiBiase to make more

11  frequent trips to refuel his RAV4 than he should have been required to based on Toyota's

12  misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank

13  defect, Plaintiff DiBiase has suffered actual damages in the form of the diminished value of his

14  RAV4. Plaintiff DiBiase has suffered an ascertainable loss as a result of Toyota's omissions and/or

15  misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent

16  fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its

17  agents, dealers, or other representatives informed Plaintiff DiBiase of the RAV4's true mileage

18  range or fuel tank capacity prior to purchase. Had Plaintiff DiBiase known the actual fuel tank

19  capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or

20  would have paid less for it. Plaintiff DiBiase remains interested in being a Toyota customer and

21  would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met

22  its advertised fuel tank capacity and mileage range.

23      38.    Plaintiff Doug Phillips is a citizen of Pennsylvania. Plaintiff Phillips purchased a

24  2019 Toyota RAV4 Hybrid on July 22, 2019 from Cochran Toyota located at 12204 Route 30,

25  North Huntingdon, Pennsylvania 15642. In deciding to purchase his RAV4 vehicle, Plaintiff

26  Phillips believed and relied upon Toyota's representations on Toyota's website (www.toyota.com)

27  under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on

28  Toyota's specifications webpage, Plaintiff Phillips saw and relied upon Toyota's representation

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Phillips also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Additionally, Plaintiff Phillips did extensive research through the Internet by visiting websites like Consumer Reports and Kelley Blue Book, where he also saw and relied on representations that the fuel tank capacity was 14.5 gallons and MPG ratings of 41/38/40 (city/highway/combined). Plaintiff Phillips is informed and believes that these representations were based on information published or otherwise provided by Toyota. At the time of sale, Plaintiff Phillips relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Cochran Toyota. Toyota's representations were material to Plaintiff Phillips and an important factor in his decision to purchase the RAV4. Plaintiff Phillips purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Since Plaintiff Phillips commutes to work approximately three hours a day, Plaintiff Phillips purchased his RAV4 with the expectation that the RAV4 had great fuel efficiency with a fuel tank capacity of 14.5 gallons as advertised. Shortly after purchasing his RAV4, however, Plaintiff Phillips discovered that the vehicle will not accept a full tank of fuel. As a result, Plaintiff Phillips's mileage range is approximately 350-375 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Phillips to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Phillips has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Phillips has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Phillips of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Phillips reported his fuel tank issue to Cochran Toyota. Had Plaintiff Phillips known the actual fuel tank capacity and mileage range prior to his purchase, he would either not

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   have purchased the RAV4 or would have paid less for it. Plaintiff Phillips remains interested in

2   being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota

3   provided a vehicle that met its advertised fuel tank capacity and mileage range.

4         39.    Plaintiff Louis Gentile is a citizen of Rhode Island. Plaintiff Gentile purchased a

5   2019 Toyota RAV4 Hybrid Limited on October 3, 2020 from Grieco Toyota located at 415

6   Taunton Avenue, East Providence, Rhode Island 02914. In deciding to purchase his RAV4 vehicle,

7   Plaintiff Gentile believed and relied upon Toyota's representations on Toyota's website

8   (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage.

9   Specifically, on Toyota's specifications webpage, Plaintiff Gentile saw and relied upon Toyota's

10   representation that the RAV4's fuel tank capacity is 14.5 gallons. At the time of sale, Plaintiff

11   Gentile relied on and was further aware of the RAV4's mileage range because the MPG ratings

12   were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Grieco

13   Toyota. In deciding to purchase his RAV4 vehicle, Plaintiff Gentile also believed and relied upon

14   representations on certain Internet websites, including reviews and videos on YouTube, Kelley

15   Blue Book, and other car websites with reviews about the RAV4 vehicles. Plaintiff Gentile is

16   informed and believes that these representations were based on information published or otherwise

17   provided by Toyota. Toyota's representations were material to Plaintiff Gentile and an important

18   factor in his decision to purchase the RAV4. Plaintiff Gentile purchased his RAV4, in part,

19   because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after

20   purchasing his RAV4, however, Plaintiff Gentile discovered that the vehicle will only accept

21   approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5

22   gallon tank should accept. As a result, Plaintiff Gentile's mileage range is significantly less than

23   the 580 mileage range advertised by Toyota. This causes Plaintiff Gentile to make more frequent

24   trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation

25   that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff

26   Gentile has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff

27   Gentile has suffered an ascertainable loss as a result of Toyota's omissions and/or

28   misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Gentile of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Gentile reported his fuel tank issue to Grieco Toyota on February 22, 2021. Had Plaintiff Gentile known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Gentile remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

40.     Plaintiff Mark Beaty is a citizen of Texas. Plaintiff Beaty purchased a 2019 Toyota RAV4 Hybrid in October 2019 from Toyota of Rockwall located at 1250 East I 30, Rockwall Texas 75087. In deciding to purchase his RAV4 vehicle, Plaintiff Beaty believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2019 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Beaty saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Beaty also saw and relied upon Toyota's representation that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. Prior to his purchase, Plaintiff Beaty also saw and relied on these exact same specifications on Toyota of Rockwall's website. At the time of sale, Plaintiff Beaty relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Toyota of Rockwall. Toyota's representations were material to Plaintiff Beaty and an important factor in his decision to purchase the RAV4. Plaintiff Beaty purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Beaty discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Beaty's mileage range is approximately 410-430 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Beaty to make more frequent trips to refuel

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. Recently, Plaintiff Beaty's fuel tank condition has been worsening because the vehicle will now only accept approximately 9 gallons of fuel when the tank is nearly empty. Additionally, his mileage range has deteriorated as well, and is only approximately 350 gallons. As a result of the fuel tank defect, Plaintiff Beaty has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Beaty has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Beaty of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiff Beaty reported his fuel tank issue to Toyota and Toyota of Rockwall. Had Plaintiff Beaty known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Beaty remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

41. Plaintiffs Kenneth and Kimberly Hulme are citizens of Virginia. Plaintiffs Kenneth and Kimberly Hulme co-purchased a 2019 Toyota RAV4 Hybrid on July 30, 2019 from Charles Barker Toyota located at 1877 Laskin Road, Virginia Beach, Virginia. In deciding to purchase their RAV4 vehicle, Plaintiffs Kenneth and Kimberly Hulme believed and relied upon the salesperson's statements from Charles Barker Toyota, who stated that the fuel tank capacity was 14.5 gallons and the mileage range was between 500 miles and 580 miles. At the time of sale, Plaintiffs Kenneth and Kimberly Hume relied on and were further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2019 Toyota RAV4 Hybrid at Charles Barker Toyota. Specifically, the Monroney Sticker represented that the RAV4's mileage estimate was 41 MPG for city driving and 38 MPG for highway driving, for a combined 40 MPG rating. Toyota's representations were material to Plaintiffs Kenneth and Kimberly Hulme and an important factor in their decision to purchase the RAV4.  Plaintiff Kenneth and Kimberly Hulme purchased their RAV4, in part, because of the long distances they

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

expected to be able to travel on a single tank of fuel. Specifically, Plaintiffs Kenneth and Kimberly Hulme relied on and were impressed by the miles per gallon that was represented to them. Shortly after purchasing their RAV4, however, Plaintiffs Kenneth and Kimberly Hulme discovered that the vehicle will not accept a  full tank of fuel. As a result, Plaintiffs Kenneth and Kimberly Hulme's mileage range is approximately 375-385 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiffs Kenneth and Kimberly Hulme to make more frequent trips to refuel their RAV4 than they should have been required to based on Toyota's misrepresentation that the RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiffs Kenneth and Kimberly Hulme have suffered actual damages in the form of the diminished value of their RAV4. Plaintiffs Kenneth and Kimberly Hulme have suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of their RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiffs Kenneth and Kimberly Hulme of the RAV4's true mileage range or fuel tank capacity prior to purchase. Plaintiffs Kenneth and Kimberly Hulme reported their fuel tank issue to Toyota. Had Plaintiffs Kenneth and Kimberly Hulme known the actual fuel tank capacity and mileage range prior to their purchase, they would either not have purchased the RAV4 or would have paid less for it. Plaintiffs Kenneth and Kimberly Hulme remain interested in being Toyota customers and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

42.     Plaintiff Tim Thompson is a citizen of Wisconsin. Plaintiff Thompson purchased a 2020 Toyota RAV4 Hybrid in February 2020 from Rhinelander Toyota, located at 1955 N Stevens Street, Rhinelander, Wisconsin 54501. In deciding to purchase his RAV4 vehicle, Plaintiff Thompson believed and relied upon Toyota's representations on Toyota's website (www.toyota.com) under the Specifications section of the 2020 Toyota RAV4 Hybrid webpage. Specifically, on Toyota's specifications webpage, Plaintiff Thompson saw and relied upon Toyota's representation that the RAV4's fuel tank capacity is 14.5 gallons. On Toyota's specifications webpage, Plaintiff Thompson also saw and relied upon Toyota's representation that

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined," and that therefore the RAV4 had a mileage range of approximately 580 miles. At the time of sale, Plaintiff Thompson relied on and was further aware of the RAV4's mileage range because the MPG ratings were displayed on the Monroney Sticker located on a 2020 Toyota RAV4 Hybrid at Toyota of Wausau, located at 2900 N 20th Avenue, Wausau, Wisconsin 54401. Before purchasing his vehicle, Plaintiff Thompson extensively researched and relied on representations on YouTube and other websites that stated the fuel tank capacity was 14.5 gallons and mileage range was approximately 580 miles. Plaintiff Thompson is informed and believes that these representations were based on information published or otherwise provided by Toyota. Toyota's representations were material to Plaintiff Thompson and an important factor in his decision to purchase the RAV4. Plaintiff Thompson purchased his RAV4, in part, because of the long distances he expected to be able to travel on a single tank of fuel. Shortly after purchasing his RAV4, however, Plaintiff Thompson discovered that the vehicle will only accept approximately 10 gallons of fuel when the tank is nearly empty, far less than the advertised 14.5 gallon tank should accept. As a result, Plaintiff Thompson's mileage range is approximately 400 miles—significantly less than the advertised range of approximately 580 miles. This causes Plaintiff Thompson to make more frequent trips to refuel his RAV4 than he should have been required to based on Toyota's misrepresentation that his RAV4 fuel tank can hold 14.5 gallons of fuel. As a result of the fuel tank defect, Plaintiff Thompson has suffered actual damages in the form of the diminished value of his RAV4. Plaintiff Thompson has suffered an ascertainable loss as a result of Toyota's omissions and/or misrepresentations regarding the RAV4 fuel tank, including but not limited to more frequent fueling, anticipated future repairs, and diminished value of his RAV4. Neither Toyota, nor its agents, dealers, or other representatives informed Plaintiff Thompson of the RAV4's true mileage range or fuel tank capacity prior to purchase. Had Plaintiff Thompson known the actual fuel tank capacity and mileage range prior to his purchase, he would either not have purchased the RAV4 or would have paid less for it. Plaintiff Thompson remains interested in being a Toyota customer and would consider purchasing or leasing a RAV4 in the future if Toyota provided a vehicle that met its advertised fuel tank capacity and mileage range.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1

2

3

4

5

6

7

8

9

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

43.     Defendant Toyota is a California corporation, with its corporate headquarters located at 6565 Headquarters Drive, Plano, Texas 75024. Toyota also maintains an office within this District at 2451 Bishop Drive, San Ramon, California 94583. Toyota is a manufacturer and distributor of new motor vehicles under the Toyota brand. Toyota markets and advertises RAV4s and oversees Toyota dealers, regulatory compliance, and warranty services of Toyota-brand vehicles through a network of dealers throughout the United States. Toyota develops the company's nationwide marketing materials and supervises deal marketing. Toyota also creates and distributes the warranties, owner manuals, and other written materials that accompany the sale and lease of RAV4s and other Toyota-branded vehicles throughout the United States.

**JURISDICTION AND VENUE**

44.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than that of Toyota, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

45.     This Court has personal jurisdiction over Toyota pursuant 18 U.S.C. § 1965(a) because Toyota is a California corporation and resides, is found, has an agent, and transacts its affairs in this District.

46.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to the Court's jurisdiction.

47.     Venue is proper in this District under 28 U.S.C. § 1391 because Toyota maintains an office in this District, Toyota conducts substantial business in this District, Toyota has intentionally availed itself of the laws and markets of this District, and Toyota is subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT**

48.     Toyota maintains a corporate office in the County of Contra Costa. As such, this action may be properly assigned to the San Francisco/Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

# FACTUAL BACKGROUND

**Toyota's Marketing and Warranty of the RAV4**

49.     Toyota markets, advertises, warrants, and represents that the RAV4's fuel tank capacity is 14.5 gallons.[3]

50.     On its website, Toyota represents and states that the RAV4's fuel tank capacity is 14.5 gallons.[4]



| | XLE Premium Hybrid | LE Hybrid | XSE Hybrid |
|---|---|---|---|
| ✓ Standard ○ Available<br>— Not Available | Electronic-AWD 2.5L 4-Cyl. Hybrid | Electronic-AWD 2.5L 4-Cyl. Hybrid | Electronic-AWD 2.5L 4-Cyl. Hybrid |
| — COLLAPSE ALL | CHANGE MODEL ∣ BUILD | CHANGE MODEL ∣ BUILD | CHANGE MODEL ∣ BUILD |
| **Weights/Capacities** | | | |
| Curb weight (lb.) | 3755 | 3690 | 3755 |
| Fuel tank (gal.) | 14.5 | 14.5 | 14.5 |

51.     Toyota further markets, advertises, warrants, and represents that the RAV4's mileage estimate is 41 miles per gallon ("MPG") for city driving and 38 MPG for highway driving, for a combined rating of 40 MPG.[5]

52.     On its website, Toyota represents and states that the RAV4's MPG mileage estimate is "41/38/40" for "city/highway/combined."[6]

---

[3] https://www.toyota.com/rav4/2019/features/mpg/4444/4456/4454;
  https://www.toyota.com/rav4/features/mpg/4444/4456/4454
[4] *Id.*
[5] *Id.*
[6] *Id.*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

53.      According to Toyota's Owner's Manual, the fuel tank capacity for the RAV4 is 14.5 gallons.[7] Additionally, according to the Owner's Manual, when the low fuel level warning light illuminates on the RAV4, the remaining fuel in the vehicle is approximately 2.2 gallons or less.[8]

54.      The RAV4's "Monroney" sticker—the new car sticker displayed in the RAV4's window prior to purchase—prominently lists the 2019/2020/2021 RAV4's MPG estimates as 40 combined city/hwy:[9]

---

[7] https://www.toyota.com/t3Portal/document/om-s/OM0R010U/pdf/OM0R010U.pdf
  https://www.toyota.com/t3Portal/document/om-s/OM0R025U/pdf/OM0R025U.pdf
[8] *Id.*
[9] The 2021 RAV4 Prime's Monroney sticker prominently lists the RAV's MPG estimates as 38 combined city/hwy. The mileage range for the 2021 RAV4 Prime is approximately 600 miles ((38 MPG x 14.5 gallons ) + 42 miles from electric feature). *See* https://www.fueleconomy.gov/feg/Find.do?action=sbs&id=41307&id=42187&id=42972&id=42793.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220



55.     According to www.fueleconomy.gov, the U.S. Department of Energy's official source for fuel economy information, the total combined mileage range for the 2019/2020/2021 RAV4 is 580 miles (40 MPG x 14.5 gallons) and 600 miles for the 2021 RAV4 Prime[10]:



56.     The total city range for the RAV4 is 594.5 miles (41 MPG x 14.5 gallons), and the

---

[10]https://www.fueleconomy.gov/feg/Find.do?action=sbs&id=41307&id=42187&id=42972&id=42 793

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    total highway range for the RAV4 is 551 miles (38 MPG x 14.5 gallons).[11]

2        57.    Toyota recognizes that consumers will pay a premium for hybrid and electric

3    vehicles that are energy efficient with increased mileage range, and Toyota advertises and markets

4    its RAV4 as providing these benefits over its similar gas-only RAV4 model.

5        58.    In its 2019 RAV4 brochure, Toyota prominently advertises that the RAV4's

6    estimated MPG is 40 MPG, accompanied by the statement, "Go farther. Go faster. The 2019

7    RAV4 Hybrid."[12] TOY-RAV4-HV-00065568.



59.    Similarly, in its 2020 RAV4 brochure, Toyota prominently advertises that the

RAV4's estimated MPG is 40 MPG, accompanied by the statement, "Go farther. Go faster. The

RAV4 Hybrid." TOY-RAV4-HV-00065610.



[11] The total city range for the RAV4 Prime is 580 miles (40 MPG x 14.5 gallons), and the total highway range for the RAV4 Prime is 522 miles (36 MPG x 14.5).
[12] https://www.toyota.com/content/ebrochure/2019/rav4_ebrochure.pdf

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

60. In its 2019 RAV4 brochure, Toyota also advertises that the RAV4's all-wheel drive performance "is paired with *impressive* fuel efficiency." (emphasis added.) TOY-RAV4-HV-00065567.



61. Further, in the specifications section of the RAV4 brochure, Toyota represents that the fuel tank is 14.5 gallons and the mileage estimates are 41/38/40 for the RAV4 Hybrid. TOY-RAV4-HV-00065645.

| WEIGHTS/CAPACITIES | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| EPA passenger volume (cu. ft.), estimated | 98.9 | 98.9 | 98.9 | 98.9 | 98.9 | 98.9 | 98.9 | 98.9 | 98.9 | 98.9 |
| Cargo volume³⁰ (cu. ft.) behind front/rear seat, estimated | 69.8/37.6 | 69.8/37.6 | 69.8/37.5 | 69.8/37.6 | 69.8/37.5 | 65.8/37.6 | 69.8/37.6 | 69.8/37.5 | 69.8/37.5 | 69.8/37.5 |
| Curb weight (lb.) (Front-Wheel Drive/All-Wheel Drive) | 3370/3490 | 3710 | 3380/3490 | 3755 | 3380/3490 | 3615 | 3655 | 3755 | 3485/3620 | 3800 |
| Fuel tank (gal.) | 14.5 | 14.5 | 14.5 | 14.5 | 14.5 | 14.5 | 14.5 | 14.5 | 14.5 | 14.5 |
| Gross Vehicle Weight Rating (GVWR) (lb.) (Front-Wheel Drive/All-Wheel Drive) | 4600 | 4920 | 4600 | 4920 | 4600 | 4705 | 4705 | 4920 | 4690/4705 | 4920 |
| Payload (lb.)³⁰ (Front-Wheel Drive/All-Wheel Drive) | 1240/120 | 1210 | 1205/1095 | 1165 | 1205/1095 | 1090 | 1050 | 1165 | 1125/1085 | 1120 |
| Seating capacity | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| Towing capacity (lb.)³⁰ | 1500 | 1750 | 1500 | 1750 | 1500 | 3500 | 3500 | 1750 | 1500 | 1750 |
| TIRES | | | | | | | | | | |
| All-Season Mud-and-Snow-rated radials | S | S | S | S | S | S | — | S | S | S |
| Falken³⁰ WILDPEAK A/T Trail tires | — | — | — | — | — | — | S | — | — | — |
| Spare — Temporary | S | S | S | S | S | S | S | S | S | S |
| MILEAGE ESTIMATES (mpg city/highway/combined)³⁰ | | | | | | | | | | |
| Front-Wheel Drive | 27/35/30 | — | 26/35/30 | — | 26/35/30 | — | — | — | 27/35/30 | — |
| All-Wheel Drive | 27/34/30 | — | 27/33/29 | — | 27/33/29 | 25/33/28 | 25/32/27 | — | 25/33/28 | — |
| Hybrid | — | 41/38/40 | — | 41/38/40 | — | — | — | 41/38/40 | — | 41/38/40 |

62. In its video advertisements, Toyota touts that RAV4 hybrid owners will visit the gas station less frequently than non-hybrid RAV4 owners. Furthermore, the video advertisements list the RAV4s' fuel tank capacity as "14.5-GAL FUEL TANK."[13] A screenshot of one the advertisements is included below.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[13] https://www.youtube.com/watch?v=7SuGid789Jw



63.     In its video advertisements, Toyota also boasts that drivers will have "fewer trips to the pump."[14]



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

[14] https://www.youtube.com/watch?v=L7cbOoJJUdE
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220



67.     According to www.fueleconomy.gov, the U.S. Department of Energy's official source for fuel economy information, the total combined mileage range for the non-hybrid version of the RAV4 is 435 miles — significantly less than the 580 miles promised by the hybrid model. [15]

68.     As a result of the superior driving range and efficiency that Toyota claims the RAV4 Hybrid has over the non-hybrid model, Toyota's MSRP for the RAV4 Hybrid is nearly $2000 higher than the non-hybrid model.

**Toyota's New Vehicle Limited Warranty**

---

[15] https://www.fueleconomy.gov/feg/Find.do?action=sbs&id=41122

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

69.     As a basis of the bargain, Toyota provides RAV4 purchasers with an express warranty, which includes a "New Vehicle Limited Warranty" for a period of 36 months or 36,000 miles, whichever occurs first.[16]

70.     The New Vehicle Limited Warranty covers "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota."[17]

**Customer Complaints Regarding the RAV4 Fuel Tank Capacity**

71.     Plaintiffs' RAV4 fuel tanks will not fill to capacity, and fall several gallons short of the 14.5 gallon tank promised by Toyota. Although Toyota promised a 580-mileage range, the range that the Plaintiffs have actually experienced is approximately 330-480 miles, at least 100 miles less than advertised.

72.     The actual mileage range of Plaintiffs' RAV4s is similar to or in some instances significantly less than the mileage range of the non-hybrid RAV4 models, despite the fact the Plaintiffs paid a premium for the RAV4's superior driving range and efficiency, as advertised by Toyota.

---

[16] *Available at* https://www.toyota.com/t3Portal/document/omms-s/T-MMS-19RAV4/pdf/T-MMS-19RAV4.pdf

[17] *Id.*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

|  | Fuel Tank Capacity | Mileage Range | MSRP (2019-2021) |
|---|---|---|---|
| RAV-4 Hybrid (advertised) | 14.5 gallons | 580 miles | $28,970 - $29,675[18] |
| RAV-4 Hybrid (actual) | 8-11 gallons | 330-480 miles | |
| RAV-4  Non-Hybrid | 14.5 gallons | 406-435 miles[19] | $26,770 - $27,225[20] |

73.    As a result of the reduced mileage range, Plaintiffs spend more time refueling at the pump, despite Toyota's promises otherwise.

74.    Plaintiffs are not alone in their complaints. As of the date of this First Amended Consolidated Class Action Complaint, nearly 300 complaints have been filed with the National Highway Traffic Safety Administration ("NHTSA") regarding "fuel/propulsion system" issues with the 2019/2020/2021 RAV4s and 2021 RAV4 Prime. Each of these complaints alleges facts

[18] Pricing reflects manufacturer's suggested retail price (MSRP) for 2019-2021 Toyota RAV4 Hybrid LE model without options, according to Kelley Blue Book, *available at* www.kbb.com
[19] Mileage range reflects 2019-2020 Toyota RAV4 and RAV4 AWD models, *available at* fueleconomy.gov.
[20] Pricing reflects manufacturer's suggested retail price (MSRP) for 2019-2021 Toyota RAV4 Non-Hybrid LE model without options, according to Kelley Blue Book, *available at* www.kbb.com

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

similar to Plaintiffs' allegations herein. For example, in NHTSA ID Number: 11290880, the

consumer states:

> MY TANK WON'T FILL BEYOND 9-10 GALLONS - EVEN WHEN IT SAYS EMPTY - THOUGH THE FUEL TANK SIZE SHOULD BE 14.5. HOWEVER, THE TANK WAS AT MAX CAPACITY WHEN PURCHASED FROM THE DEALER.[21]

75.     In NHTSA ID Number: 11233443, the consumer states:

> FUEL TANK CAPACITY 14.5 GALLONS CAN ONLY BE FILLED TO 9.5 GALLONS WITHOUT AGGRESSIVE "TOPPING OFF". IN ORDER TO AVOID POSSIBLE ENVIRONMENTAL HARM AND VEHICLE EMISSION CONTROL DAMAGE, TOPPING OFF NOT USED. HOWEVER, THIS LEAVES THE VEHICLE 5 GALLONS SHORT OF A FULL TANK (ABOUT 200 MILE RANGE LOSS)[22]

76.     In NHTSA ID Number: 11229761, the consumer states:

> THE FUEL SAYS EMPTY BUT ONLY TAKES 9 GALLONS ON A 14 GALLON TANK. THE DEALER SAID THAT WE ARE NOT THE ONLY ONES THIS IS HAPPENING TO AND TOYOTA IS WORKING ON IT. MY SISTER-IN-LAW BOUGHT ONE A WEEK BEFORE US AND SHE IS HAVING THE SAME PROBLEM.[23]

77.     In NHTSA ID Number 11222043, the consumer states:

> FUEL TANK DOES NOT FILL UP TO FULL. RANGE ADVERTISED AS WELL OVER 500 MILES BUT USUAL RANGE AFTER FILL UP IN 400S.[24]

78.     In NHTSA ID Number 11321108, the consumer states:

> VEHICLE'S FUEL TANK IS LISTED BY TOYOTA COMPANY AS 14.5 GALLON CAPACITY AND, IN REALITY, THIS TANK'S SHAPE ONLY ALLOWS IT TO FILL TO APPROXIMATELY 9 GALLONS. ADDITIONALLY, THE FUEL GAUGES "MILES TO EMPTY" DOES NOT APPEAR TO READ THE AMOUNT CORRECTLY. I HAVE ALMOST RUN OUT OF FUEL ON THE HIGHWAY AS A RESULT OF THE VEHICLE'S IMPROPER READING. THE ACTUAL GAS IN THE TANK WAS MUCH LOWER THAN THE VEHICLE ITSELF TOLD ME. THE RANGE IS ADVERTISED

---

[21] *Available at* https://www.nhtsa.gov/vehicle/2019/TOYOTA/RAV4%252520HYBRID/SUV/AWD; https://www.nhtsa.gov/vehicle/2019/TOYOTA/RAV4/SUV/AWD; https://www.nhtsa.gov/vehicle/2020/TOYOTA/RAV4/SUV/AWD
[22] *Id.*
[23] *Id.*
[24] *Id.*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

BY THE MANUFACTURER AT APPROXIMATELY 500 MILES WHEN IN REALITY IT APPEARS TO BE UNDER 300 MILES DEPENDING ON DRIVING CONDITIONS. THIS HAS PLACED ME AND MY FAMILY IN A DANGEROUS SITUATION AS WE CANNOT ACCURATELY ESTIMATE HOW MUCH FUEL IS IN THE VEHICLE BEFORE IT IS COMPLETELY EMPTY. I HAVE SEEN THIS PROBLEM IS ACTUALLY WIDESPREAD AND OTHER OWNERS ACROSS THE COUNTRY ARE ALSO DEALING WITH THE ISSUE. TOYOTA IS ALSO STILL SELLING THE VEHICLE'S 2020 MODEL WHICH APPARENTLY HAS THE SAME PROBLEM, AND IS NOT WARNING POTENTIAL BUYERS OF THE DANGEROUS DEFECT.

79.     In NHTSA ID Number 11387955, the consumer states:

WHEN THE LOW FUEL LIGHT COMES ON IT ONLY TAKES 10 GALLONS TO REFILL. THIS GIVES ME A RANGE OF 400 MILES ON A TANK OF FUEL. I WAS EXPECTING A RESERVE AMOUNT OF FUEL AFTER THE LOW FUEL LIGHT COMES ON TO DRIVE TO A FUEL STATION BUT ONLY USING 10 GALLONS OUT OF A 14 GALLON TANK SEEMS WRONG.[25]

80.     In NHTSA ID Number 11399666, the consumer states:

THE GAS TANK OF 2021 RAV4 HYBRID DOES NOT FILL IN AS ADVERTISED. TOYOTA ADVERTISES THAT IT CAN TAKE 14.5 GALLONS OF FUEL, HOWEVER WHEN THE FUEL LOW WARNING LIGHT IS ON AND YOU TRY TO FILL THE FULL TANK, IT NEVER TAKES MORE THAN 10 GALLONS, THUS THERE'S DISCREPANCY OF 4 GALLONS. THIS REDUCES THE CAR'S ADVERTISED RANGE FROM 550 MILES TO LESS THAN 400 MILES. TOYOTA CLAIMS THIS IS A DESIGN MISTAKE AND DOESN'T OFFER ANY FIX.[26]

81.     In NHTSA ID Number 11405264, the consumer states:

DURING ITS FIRST FUEL TANK FILL-UP (AT 909 MILES, ON 3/14/2021), NEW 2021 RAV4 PRIME SE FUEL TANK ACCEPTED LESS THAN THE EXPECTED AMOUNT OF GASOLINE. STARTING AT NEAR-EMPTY, ONLY NINE (9) GALLONS WAS ACCEPTED. AT THE SECOND FILL-UP (ON 3/22/2021), ONLY FOUR GALLONS COULD BE ADDED, AND THE FUEL NOZZLE WAS EJECTED FROM THE TANK, SPILLING GAS. SECOND ATTEMPT COULD NOT ADD ANY MORE GAS.[27]

82.     Thousands of RAV4 owners have logged similar complaints on online forums and discussions. For example, on cargurus.com, one owner states:

I bought a 2019 Toyota RAV4 Hybrid a couple months ago. I like it for the most part, but one of the primary reasons I bought it was for the advertised ~550 mile range. However, every time I've put in a full tank, the "mile range" at the front dash shows around 430 miles.. I understand that the advertised may not be

---

[25] https://www.nhtsa.gov/vehicle/2021/TOYOTA/RAV4/SUV/AWD#complaints
[26] https://www.nhtsa.gov/vehicle/2021/TOYOTA/RAV4/SUV/AWD#complaints
[27] https://www.nhtsa.gov/vehicle/2021/TOYOTA/RAV4%252520PRIME/SUV/AWD#complaints

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

exactly the same as real life, but a 100+ mile range difference seems quite excessive. Is this normal? Does anyone else have this problem?[28]

83.    The post received 95 responses, with numerous users posting complaints of the same issue.

84.    Similarly, in a post on toyotanation.com, another RAV4 owner states:

Just went on a trip and put about 700 miles on my new RAV4 Hybrid. Started off and went to fill-up at local gas station. It auto shut-off a couple of times while filling up so I thought the gas tank was full. Went about 70 miles and noticed the gas level was not reading full. When I filled up the next time…I knew the tank was full as it went off full after 100 miles. My wife went to gas station while I was busy and filled up and said it was amazing that it only need 5 gallons (it was about at a quarter tank) and again noticed the gas gauge was not at full after driving ~40 miles.
Is anyone else noticed any trouble getting a full tank of gas or am I special?[29]

85.    The post received 228 replies, many complaining of the same issue (*e.g.*, "I just had my first fill-up on a new 2019 [RAV] Hybrid. I was able to get it full according to the gauge but the tank only took 9.5 gallons.").[30]

86.    Several RAV4 owners have even posted videos to youtube.com, filming their refuels. For instance, one owner filmed his refueling when his RAV4 fuel gauge indicated the tank was on empty. His RAV4 accepted 10 gallons of fuel, and its estimated range on the full tank was 471 miles.[31] The video received 234 comments, many RAV4 owners complaining of the same issue (*e.g.*, "Same thing.. First tank was used completely, drove almost 600 miles after leaving the dealership, after that 10 gallon fill-ups, the gauge shows full tank but I can barely get 370miles.").[32]

[28] https://www.cargurus.com/Cars/Discussion-t84538_ds1038143
[29] https://www.toyotanation.com/threads/cant-seem-get-a-full-tank-of-gas.1654530/
[30] *Id.*
[31] https://www.youtube.com/watch?v=okZb_-NbIC8
[32] *Id.*

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Dealership Product Reports, Field Technical Reports, and Market Summaries**

**Toyota Knew About the Fuel Tank Defect And Failed to Warn Purchasers and Lessees**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC



SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

100.    In addition to the customer complaints and Toyota reports described above, the Toyota Tech Tip T-TT-0581-19, dated November 5, 2019, informed Toyota service providers that "Some 2019 model year RAV4 HV customers may be experiencing some concern related to fuel gauge reading less than full." Under "Recommendations," the Tech Tip advises "If the vehicle matches this condition, perform active test using Techstream to confirm fuel gauge operation. If OK, *no repairs recommended at this time. Concern is under investigation*." (emphasis added.)

101.    Despite Toyota's knowledge of the fuel tank defect, it failed to disclose the known defect to purchasers or lessees prior to their lease or purchase of the vehicles.

**In Response to News Reports Regarding the Fuel Tank Issue, Toyota Admits Defect**

102.    *Automotive News* published an article on December 22, 2019, titled "Pain at the pump for some RAV4 Hybrid owners," reporting that RAV4 owners have complained that "they're unable to put more than about 11 gallons of gasoline in the 14.5-gallon tanks. Not occasionally but always. The result: The crossover, which boasts a fuel economy rating of 41 city/ 38 highway/40 mpg combined, doesn't get anywhere close to its 580 miles of expected range."[33]

---

[33] *Available at* https://www.autonews.com/design/pain-pump-some-rav4-hybrid-owners

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

103.    According to the article, in a statement to *Automotive News*, Toyota confirmed that it is "investigating a fuel tank shape issue on certain RAV4 Hybrid vehicles. In these cases, ***variations in fuel tank shape may prevent a full refill by up to several gallons. This condition may impact the vehicle's total available driving distance.*** As a best practice, customers should refuel before or when the low fuel light illuminates, to prevent running out of fuel."[34] (emphasis added.) Toyota dealers similarly reported to *Automotive News* that "they were aware of the issue."[35]

104.    *Automotive News* reports that when Toyota redesigned the RAV4 for the 2019 model year, Toyota changed the design of its fuel tank from "a longitudinal 14.8-gallon tank roughly shaped like a Native American papoose to a latitudinal, saddle-shaped design with 14.5-gallon capacity, according to parts diagrams."[36]

105.    On February 6, 2020, KDFW Fox 4 local news in North Texas aired a "Consumer Alert: Gas tank design flaw" report detailing complaints by RAV4 purchasers throughout the country.  According to the report, "[o]n Toyota message boards there are hundreds of complaints from consumers, and the National Highway Traffic Safety Administration listed more than 100 fuel tank related complaints about the RAV4 Hybrid at the time of this report all making the same claim that the gas tank on the redesigned 2019 RAV4 hybrid just won't fill. Drivers say that means more trips to the gas station and shorter driving distance range on a full tank despite Toyota's ads for the car which say just the opposite."[37]

106.    When asked by KDFW Fox 4 local news for comment, Toyota acknowledged the issue with the following statement:

> As part of our commitment to quality and customer satisfaction, Toyota monitors available information in the field and takes appropriate action to help address issues when they arise. Toyota is currently investigating a potential fuel tank shape issue on certain RAV4 Hybrid vehicles. Based on our ongoing investigation, we believe variations in fuel tank shape may prevent a full refill by up to several gallons, potentially impacting the vehicle's total available driving distance. As a best

---

[34] *Id.* (emphasis added)
[35] *Id.*
[36] *Id.*
[37] https://www.fox4news.com/news/consumer-alert-gas-tank-design-flaw

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1 practice, customers should refuel before or when the low fuel light illuminates, to prevent running out of fuel.[38]

2

3 107.     On February 13, 2019, KDFW Fox 4 local news aired a follow-up segment,

4 reporting that Toyota would offer RAV4 owners an "interim fix" for the fuel tank issues until a

5 final remedy is identified.[39] According to the report, Toyota "is now offering to install a

6 replacement tank on 2019 and 2020 model year RAV4 Hybrids."[40] The interim fix, however, was

7 an insufficient remedy. According to Toyota, replacing the fuel tank "***may not prevent the***

8 ***condition from recurring.***"[41] (emphasis added.) Toyota's full statement to KDFW Fox 4 local

9 news is included below.

10

11 Toyota takes customer concerns seriously.  Toyota has received customer reports of certain 2019 and 2020 RAV4 Hybrid vehicle fuel gauges displaying less than full and/or total fuel dispensed is less than expected, when the fuel nozzle automatically clicks off. Some customer reports have also noted the "Distance to Empty" shown on the multi-information display is less than expected.

12

13 Based on our ongoing investigation, Toyota believes these conditions to be primarily related to a variation in the fuel tank shape.  As indicated in the owner's manual, customers should still refuel when the low fuel light illuminates, and when refueling, customers should not "top off" the fuel tank.

14

15

16 While we investigate this issue, Toyota has an interim option available until a final remedy is identified. We recommend customers who have a concern visit a Toyota dealer.  Toyota's Customer Experience Center at 1-800-331-4331 is also available to answer questions.

17

18 Until a final remedy is identified, the interim option is to install a replacement tank. Based on our ongoing investigation, replacing the fuel tank may mitigate these concerns, although it may not prevent the condition from reoccurring."

19

20 If you are the owner of a 2019 or 2020 RAV4 Hybrid and would like to try this option, you should visit your local dealer or call Toyota's customer experience center at 1-800-331-4331.[42]

21

22 **Customer Support Program**

23 108.     Due to the fuel tank defect, Toyota has announced a Customer Support Program

24 (the "CSP") for certain 2019 – 2020 Model Year RAV4 HV (CSP 20TE04) and certain 2020

25 Model Year RAV HV (CSP 20TE05).

26

[38] *Id.*

27 [39] https://www.fox4news.com/news/toyota-offers-interim-fix-for-rav4-hybrid-gas-tank-concerns

[40] *Id.*

28 [41] *Id.*

[42] *Id.*

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220



113.    Yet, in the later CSP 20TE04 and CSP 20TE05, Toyota states:

"Wait until the next point in which the low fuel level light illuminates, then refuel the vehicle until the fuel nozzle automatically stops. If the refueling amount is less than 9.8 gallons, the condition may be present. If the refueling amount is 9.8 gallons or more, the vehicle's condition is normal."

114.    However, according to the RAV4's user manual, when the vehicle's low fuel light illuminates, 2.2 gallons or less remain in the tank. Thus, Toyota's CSP program only applies to RAV4s that will accept 12 gallons or less, despite the fact that Toyota advertises the tank has 14.5 gallon capacity. Toyota's CSP program offers no remedy for RAV4s that accept between 12 to 14.5 gallons of fuel.

## CLASS ACTION ALLEGATIONS

115.    Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of themselves and proposed defined as follows:

> All persons who purchased or leased a RAV4 in the United States (the "Nationwide Class").

116.    Within the Nationwide Class, there are twenty-nine Subclasses defined as follows:

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

All persons who purchased or leased a RAV4 in Arizona (the "Arizona Class")

All persons who purchased or leased a RAV4 in California (the "California Class")

All persons who purchased or leased a RAV4 in Colorado (the "Colorado Class")

All persons who purchased or leased a RAV4 in Connecticut (the "Connecticut Class")

All persons who purchased or leased a RAV4 in Florida (the "Florida Class")

All persons who purchased or leased a RAV4 in Iowa (the "Iowa Class")

All persons who purchased or leased a RAV4 in Idaho (the "Idaho Class")

All persons who purchased or leased a RAV4 in Illinois (the "Illinois Class")

All persons who purchased or leased a RAV4 in Kentucky (the "Kentucky Class")

All persons who purchased or leased a RAV4 in Massachusetts (the "Massachusetts Class")

All persons who purchased or leased a RAV4 in Michigan (the "Michigan Class")

All persons who purchased or leased a RAV4 in Minnesota (the "Minnesota Class")

All persons who purchased or leased a RAV4 in Missouri (the "Missouri Class")

All persons who purchased or leased a RAV4 in Montana (the "Montana Class")

All persons who purchased or leased a RAV4 in Nebraska (the "Nebraska Class")

All persons who purchased or leased a RAV4 in Nevada (the "Nevada Class")

All persons who purchased or leased a RAV4 in New Hampshire (the "New Hampshire Class")

All persons who purchased or leased a RAV4 in New Jersey (the "New Jersey Class")

All persons who purchased or leased a RAV4 in New York (the "New York Class")

All persons who purchased or leased a RAV4 in North Carolina (the "North Carolina Class")

All persons who purchased or leased a RAV4 in North Dakota (the "North Dakota Class")

All persons who purchased or leased a RAV4 in Ohio (the "Ohio Class")

All persons who purchased or leased a RAV4 in Oklahoma (the "Oklahoma Class")

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

All persons who purchased or leased a RAV4 in Oregon (the "Oregon Class")

All persons who purchased or leased a RAV4 in Pennsylvania (the "Pennsylvania Class")

All persons who purchased or leased a RAV4 in Rhode Island (the "Rhode Island Class")

All persons who purchased or leased a RAV4 in Texas (the "Texas Class")

All persons who purchased or leased a RAV4 in Virginia (the "Virginia Class")

All persons who purchased or leased a RAV4 in Wisconsin (the "Wisconsin Class")

117. Within the California Class, there is one subclass for purposes of Plaintiffs' claims under the Song Beverly Consumer Warranty Act and the Consumer Legal Remedies Act (the "California Subclass"). The proposed California Subclass is defined as follows: all persons who purchased or leased a RAV4 for personal, family, or household purposes.

118. Excluded from the Nationwide Class and Subclasses are governmental entities, Toyota, any entity in which Toyota has a controlling interest, and Toyota's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Nationwide Class and Subclasses are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

119. ***Numerosity Under Rule 23(a)(1).*** The Class is so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court. Plaintiffs, on information and belief, allege that the Nationwide Class includes over 100,000 persons and the Subclasses include thousands of persons.

120. ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual members.  These common questions, which do not vary among Nationwide Class or Subclass members and which may be determined

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

without reference to any Nationwide Class or Subclass member's individual circumstances, include, but are not limited to:

a) Whether Toyota owed a duty of care to the Nationwide Class and Subclasses;

b) Whether Toyota knew or should have known that the RAV4 fuel tank does not fill to the advertised 14.5-gallon capacity;

c) Whether Toyota knew or should have known that the RAV4's mileage range is less than the advertised 580 miles;

d) Whether Toyota advertised, represented, or marketed, or continues to advertise, represent, or market, that the RAV4's fuel tank capacity is 14.5 gallons and mileage range is 580 miles;

e) Whether Toyota's representations and omissions in advertising, specifications, and/or informational materials regarding the RAV4's fuel tank capacity and mileage range are material to a reasonable consumer;

f) Whether Toyota's representations and omissions in RAV4 advertising, specifications, and/or informational materials are false, deceptive, and misleading;

g) Whether Toyota's representations and omissions in RAV4 advertising, specifications, and/or informational materials are likely to deceive a reasonable consumer;

h) Whether Toyota had knowledge that its representations and omissions in advertising, specifications, and/or informational materials were false, deceptive, and misleading;

i) Whether Toyota engaged in unlawful, fraudulent, or unfair business practices;

j) Whether Plaintiffs and the Nationwide Class or Subclasses have been damaged by the wrongs alleged herein and are entitled to compensatory or punitive damages

k) Whether Plaintiffs and the Nationwide Class or Subclasses are entitled to injunctive or other equitable relief, including restitution.

121. ***Typicality Under Rule 23(a)(3).*** Plaintiffs' claims are typical of the Nationwide Class members' and Subclass members' claims. Toyota's course of conduct caused Plaintiffs and

1   the Nationwide Class members and Subclass members the same harm, damages, and losses as a

2   result of Toyota's uniformly unlawful conduct.  Likewise, Plaintiffs and other Nationwide Class

3   members and Subclass members must prove the same facts in order to establish the same claims.

4         122.   ***Adequacy of Representation Under Rule 23(a)(4).***  Plaintiffs are adequate

5   representative of the Nationwide Class and Subclass because they are members of the Nationwide

6   Class and Subclasses, and their interests do not conflict with the interests of the nationwide Class

7   or Subclass.  Plaintiffs have retained counsel competent and experienced in complex litigation and

8   consumer protection class action matters such as this action, and Plaintiffs and their counsel intend

9   to vigorously prosecute this action for the Nationwide Class's and Subclass's benefit and have the

10  resources to do so.  Plaintiffs and their counsel have no interests adverse to those of the other

11  members of the Nationwide Class or Subclass.

12        123.   ***Superiority.***  A class action is superior to all other available methods for the fair and

13  efficient adjudication of this controversy because individual litigation of each Nationwide Class

14  member's and Subclass member's claim is impracticable.  The damages, harm, and losses suffered

15  by the individual members of the Nationwide Class and Subclasses will likely be small relative to

16  the burden and expense of individual prosecution of the complex litigation necessitated by

17  Toyota's wrongful conduct.  Even if each Nationwide Class member and Subclass member could

18  afford individual litigation, the Court system could not.  It would be unduly burdensome if

19  thousands of individual cases proceeded.  Individual litigation also presents the potential for

20  inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an

21  inequitable allocation of recovery among those individuals with equally meritorious claims.

22  Individual litigation would increase the expense and delay to all parties and the Courts because it

23  requires individual resolution of common legal and factual questions.  By contrast, the class action

24  device presents far fewer management difficulties and provides the benefit of a single adjudication,

25  economies of scale, and comprehensive supervision by a single court.

26        124.   As a result of the foregoing, class treatment is appropriate.

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## CLAIMS FOR RELIEF[43]

### FIRST CLAIM FOR RELIEF
**Violation of the Arizona Consumer Fraud Act**
**ARIZ. REV. STAT. §§ 44-1521 *et seq.***
**On Behalf of Plaintiff Hamblen and the Arizona Class**

125.    Plaintiff Hamblen, individually and on behalf of the Arizona Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

126.    Plaintiff Hamblen brings this claim individually and on behalf of the Arizona Class against Toyota.

127.    Toyota, Plaintiffs, and the Arizona Class are "persons" within the meaning of the Arizona Consumer Fraud Act ("Arizona CFA"), Ariz. Rev. Stat. §§ 44-1521(6).

128.    The RAV4s are "merchandise" within the meaning of Ariz. Rev. Stat. §§ 44-1521(5).

129.    The Arizona CFA provides that "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, ... misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale ... of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." Ariz. Rev. Stat. § 44-1522(A).

130.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles. Toyota also engaged in unlawful trade practices

---

[43] In this Complaint, Plaintiffs amend their express warranty claims under Toyota's marketing materials and RAV4 owner's manuals, their affirmative misrepresentations claims under certain state consumer protection laws, and their standing to assert claims for injunctive and declaratory relief. Plaintiffs re-allege their express warranty claims under the NVLW, implied warranty of merchantability claims, fraudulent omission claims under certain state consumer protection statutes, consumer protection claims on various state-specific grounds, and unjust enrichment claims, solely to preserve their rights for appeal. *See* Amended Order Grant in Part and Den. in Part Def.'s Mot. to Dismiss, ECF No. 100, at 71-72; *see also Lacey v. Maricopa County*, 639 F. 3d 896, 925 (9th Cir 2012) ("[i]t is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint").

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment,

2   suppression or omission of any material fact with intent that others rely upon such concealment,

3   suppression or omission, in connection with the sale and lease of RAV4s.

4       131.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

5   sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

6   and mileage range after the RAV4s were sold and leased but continued to conceal information

7   until the true capacity and mileage range of the RAV4s were revealed by RAV4 purchasers and

8   lessees.

9       132.    Toyota thus violated the Arizona CFA by, at a minimum: employing deception,

10  deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of

11  any material fact with intent that others rely upon such concealment, suppression or omission, in

12  connection with the sale or lease or RAV4s.

13      133.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

14  reasonable consumers, including Plaintiff Hamblen and members of the Arizona Class, about the

15  true fuel tank capacity and mileage range of the RAV4. Toyota intentionally and knowingly

16  misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Hamblen

17  and the Arizona Class.

18      134.    Toyota knew or should have known that its conduct violated the Arizona CFA.

19      135.    Toyota owed Plaintiff Hamblen and the Arizona Class a duty to disclose the true

20  nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the RAV4s; (b)

21  intentionally concealed the foregoing from Plaintiffs; and (c) made incomplete representations

22  about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material

23  facts from Plaintiff Hamblen and the Arizona Class that contradicted these representations.

24      136.    Because Toyota fraudulent concealed these defects in the RAV4, purchasers and

25  lessees of the RAV4 were deprived of the benefit of their bargain because the RAV4s they

26  purchased were worth less than they would have been if they were free from defects. Had

27  purchasers and lessees of the RAV4s been aware of the defects in their RAV4s, they would either

28  not have purchased or leased the RAV4s or they would have paid less for them.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

137.    Toyota's violations present a continuing risk to Plaintiffs as well as the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

138.    As a direct and proximate result of Toyota's violations of the Arizona CFA, Plaintiff Hamblen and the Arizona Class have suffered injury-in-fact and/or actual damage. Plaintiff Hamblen and the Arizona Class seek monetary relief against Toyota in an amount to be determined at trial. Plaintiffs also seek an order enjoining Toyota from unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Arizona CFA.

### SECOND CLAIM FOR RELIEF
**Breach of Express Warranty**
**Ariz. Rev. Stat. §§ 47-2313 and 47-2A210**
*On Behalf of Plaintiff Hamblen and the Arizona Class*

139.    Plaintiff Hamblen, individually and on behalf of the Arizona Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

140.    Plaintiff Hamblen brings this claim individually and on behalf of the Arizona Class against Toyota.

141.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Ariz. Rev. Stat. §§ 47-2104(A) and 47-2a103(c); and is a "seller" of motor vehicles under Ariz. Rev. Stat. § 47-2103(A)(4).

142.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Ariz. Rev. Stat. § 47-2a103(A)(16).

143.    The RAV4s are and were at all relevant times "goods" within the meaning of Ariz. Rev. Stat. §§ 47-2105(A) and 47-2a103(A)(8).

144.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

145.    Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Hamblen and the Arizona Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

146.    Plaintiff Hamblen and the Arizona Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Hamblen and the Arizona Class members that RAV4s contain defectively designed fuel tanks that prevent the tank from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

147.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

148.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

149.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Hamblen and the Arizona Class members have been damaged in an amount to be determined at trial.

<div align="center">

**THIRD CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Ariz. Rev. Stat. §§ 47-2314 and 47-2A212**
***On Behalf of Plaintiff Hamblen and the Arizona Class***

</div>

150.    Plaintiff Hamblen, individually and on behalf of the Arizona Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1       151.    Plaintiff Hamblen brings this claim individually and on behalf of the Arizona Class

2   against Toyota.

3       152.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

4   under Ariz. Rev. Stat. §§ 47-2104(A) and 47-2a103(c); and is a "seller" of motor vehicles under

5   Ariz. Rev. Stat. § 47-2103(A)(4).

6       153.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

7   vehicles under Ariz. Rev. Stat. § 47-2a103(A)(16).

8       154.    The RAV4s are and were at all relevant times "goods" within the meaning of Ariz.

9   Rev. Stat. §§ 47-2105(A) and 47-2a103(A)(8).

10      155.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

11  purpose for which vehicles are used is implied by law pursuant to Ariz. Rev. Stat. §§ 47-2314 and

12  47-2a212.

13      156.    The RAV4s, when sold or leased and at all times thereafter, were not in

14  merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

15  Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

16  their mileage range is significantly diminished.

17      157.    Toyota was provided with notice of these issues by numerous NHTSA and

18  consumer complaints filed against it, including the instant Complaint and has actual knowledge of

19  the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the

20  RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available

21  driving distance.

22      158.    As a direct and proximate result of Toyota's breach of the implied warranty of

23  merchantability Plaintiff Hamblen and the Arizona Class members have been damaged in an

24  amount to be proven at trial.

25

26

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## FOURTH CLAIM FOR RELIEF
### Violations of Consumer Legal Remedies Act
### CAL. CIV. CODE § 1750 *et seq.*
### *On Behalf of Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass*

159.   Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, individually and on behalf of the California Subclass, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

160.   Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan bring this claim individually and on behalf of the California Subclass against Toyota.

161.   Toyota is a "person" under Cal. Civ. Code § 1761(c).

162.   Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d), who purchased or leased one or more RAV4s. The Consumer Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a). Toyota has engaged in unfair or deceptive acts that violated Cal. Civ. Code § 1750, *et seq.*, as described above and below,  by representing that the RAV4s had characteristics, uses, benefits, and qualities which they do not have; representing that the RAV4s are of a particular standard, quality, and grade when they are not; advertising the RAV4s with the intent not to sell or lease them as advertised; and representing that the subject of a transaction involving RAV4s has been supplied in accordance with a previous representation when it has not.

163.   In connection with its sale and lease of RAV4s to Plaintiff DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass, Toyota violated the CLRA by:

  a)   Misrepresenting to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass that the RAV4s contain a 14.5 gallon fuel tan, when in fact, the RAV4s have a defect that prevents the fuel tank from filling to 14.5 gallons, in violation of CAL. CIV. CODE §§ 1770(a)(5), (7), (9), and (16);

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

b)   Misrepresenting to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass that the RAV4's mileage range is 580 miles, when in fact, the RAV4 contains a defect that significantly limits the RAV4's mileage range, in violation of CAL. CIV. CODE §§ 1770(a)(5), (7), (9), and (16);

c)   Misrepresenting to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass that Toyota's RAV4s had characteristics, uses, and benefits that they did not have, in violation of CAL. CIV. CODE § 1770(a)(5);

d)   Representing to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass that the RAV4s were of a particular standard, quality, or grade, when they were of another in violation of CAL. CIV. CODE § 1770(a)(7);

e)   Advertising goods to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass with the intent not to sell them as advertised, in violation of CAL. CIV. CODE § 1770(a)(9); and

f)   Misrepresenting to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass that the subject of a transaction had been supplied in accordance with a previous representation when it had not, in violation of CAL. CIV. CODE § 1770(a)(16).

164.   In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

165.   Toyota had a duty to disclose to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass that the RAV4s contained a defect preventing the fuel tank from filling to capacity and limiting the RAV4s' mileage range for the following three independent reasons: (a) Toyota had exclusive knowledge of the information at the time of sale; (b) Toyota

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

actively concealed from Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass this defect, which preventing the RAV4 fuel tank from filling to capacity and limits mileage range; and (c) Defendant made partial representations to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California subclass regarding the capacity of the RAV4 fuel tank and the RAV4's mileage range.

166.    Toyota violated the CLRA by selling RAV4s with defective fuel tanks and by further concealing these defects and the RAV4s limited mileage range from Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass.

167.    Toyota's misrepresentations and omissions in violation of the CLRA were likely to mislead an ordinary consumer. Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass reasonably understood Toyota's representations and omissions to mean that the RAV4's fuel tank would fill to 14.5 gallons and that the mileage range of the RAV4 was 580 miles.

168.    Toyota's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

169.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass relied to their detriment on Toyota's misrepresentations and omissions in purchasing or leasing the RAV4s.

170.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, on behalf of themselves and the California Subclass, demand judgment against Toyota under the CLRA for injunctive relief.

171.    Pursuant to Cal. Civ. Code § 1782(a), Plaintiff DeLuca served Toyota with notice of its alleged violations of the CLRA by certified mail return receipt requested on February 25, 2020. Because Toyota failed to remedy its unlawful conduct within the requisite time period, Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass seek all compensatory damages and relief to which they are entitled.

172.     In light of Toyota's oppression, fraud, and malice, Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, on behalf of themselves and the California Subclass, also seek punitive damages under Cal. Civ. Code § 3294 in an amount to be proven at trial.

173.     Plaintiff DeLuca, Tom, Perry, Mulcahy, and Kafeyan, on behalf of themselves and the California Subclass, further seek an order enjoining Toyota's unfair or deceptive acts or practices, restitution, punitive damages, costs of court, attorneys' fees under Cal. Civ. Code § 1780(e), and any other just and proper relief available under the CLRA.

### FIFTH CLAIM FOR RELIEF
#### Violations of the California False Advertising Law
CAL. BUS. & PROF. CODE § 17500 *et seq.*
**On Behalf of Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Class**

174.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

175.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan bring this claim individually and on behalf of the California Class against Toyota.

176.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

177.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, individually and on behalf of the California Class, have standing to pursue this claim because they suffered injury in fact and have lost money or property as a result of Toyota's actions, as described above.

178.     Toyota engaged in advertising and marketing to the public and offered for sale and lease the RAV4s in California.

179.     Toyota engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale or lease of the RAV4s to consumers like Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan and members of the California Class.

180.     Toyota's advertising and marketing representations regarding the RAV4s were false, misleading, and deceptive within the definition, meaning, and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

181.     Toyota's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

182.     Toyota's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

183.     At the time it made the misrepresentations and omissions alleged herein, Toyota knew or should have known that they were untrue or misleading and acted in violation of California Business and Professions Code §§ 17500, *et seq.*

184.     Unless restrained by this Court, Toyota will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq.*

185.     As a result of Toyota's conduct and actions, Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and each member of the California Class has been injured, has lost money or property, and is entitled to relief. Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan seek disgorgement, restitution, injunctive relief, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq.*

### SIXTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**CAL. COM. CODE §§ 2313 and 10210**
*On Behalf of Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class*

186.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

187.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan bring this claim individually and on behalf of the California Class against Toyota.

188.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under CAL. COM. CODE §§ 2104(1) and 10103(c), and a "seller" of motor vehicles under § 2105(1) and 10103(a)(8).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1  189.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

2  vehicles under CAL. COM. CODE § 10103(a)(16).

3  190.   The RAV4s are and were at all relevant times "goods" within the meaning of CAL.

4  COM. CODE §§ 2105(1) and 10103(a)(8).

5  191.   In connection with the purchase or lease of each one of its new RAV4s, Toyota

6  provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or

7  36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed

8  to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also

9  warrants and represents in its marketing, specifications, and informational materials that the

10  RAV4's fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

11  192.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and

12  mileage range formed a basis of the bargain that was breached when Plaintiffs De Luca, Tom,

13  Perry, Mulcahy, and Kafeyan and the California Class members purchased or leased the RAV4s

14  with fuel tank defects that prevent the RAV4 fuel tank from filling to capacity and limit the

15  vehicles' mileage range to significantly less than 580 miles.

16  193.   Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Class

17  members experienced defects within the warranty period. Despite the existence of the NVLW,

18  Toyota failed to inform Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California

19  Class members that RAV4s' contain defectively designed fuel tanks that prevent the tank from

20  filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

21  194.   Toyota breached the express warranty promising to repair or adjust defects in

22  materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted,

23  and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

24  195.   Plaintiff DeLuca reported his fuel tank issue to Toyota on December 23, 2019. In

25  addition, Toyota was provided with notice of the fuel tank defect by numerous NHTSA and

26  consumer complaints filed against it, including the instant Complaint and similar legal actions and

27  has actual knowledge of the failure as evidenced by its public admission in December 2019 that

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the

2   RAV4's total available driving distance.

3       196.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs

4   DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the other Class members have been damaged in an

5   amount to be determined at trial.

6

### SEVENTH CLAIM FOR RELIEF
**Breach of Implied Warranty of Merchantability**
**CAL. COM. CODE §§ 2314 and 10212**
***On Behalf of Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class***

9       197.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, individually and on behalf

10  of the California Class, incorporate by reference all of the allegations contained in the preceding

11  paragraphs of this Class Action Complaint as if fully set forth herein.

12      198.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan bring this claim individually

13  and on behalf of the California Class against Toyota.

14      199.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

15  under CAL. COM. CODE §§ 2104(1) and 10103(c), and a "seller" of motor vehicles under §

16  2103(1)(d)

17      200.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

18  vehicles under CAL. COM. CODE § 10103(a)(16).

19      201.    The RAV4s are and were at all relevant times "goods" within the meaning of CAL.

20  COM. CODE §§ 2105(1) and 10103(a)(8).

21      202.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

22  purpose for which vehicles are used is implied by law pursuant to CAL. COM. CODE §§ 2314 and

23  10212.

24      203.    The RAV4s, when sold or leased and at all times thereafter, were not in

25  merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

26  Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

27  their mileage range is significantly diminished.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

204.     Plaintiff DeLuca reported his fuel tank issue to Toyota on December 23, 2019. In addition, Toyota was provided with notice of the fuel tank defect by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal actions and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

205.     As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class members have been damaged in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**
**Violations of Song-Beverly Consumer Warranty Act**
**CAL. CIV. CODE § 1790 *et seq.***
***On Behalf of Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Subclass***

206.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan, individually and on behalf of the California Subclass, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

207.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan bring this claim individually and on behalf of the California Subclass against Toyota.

208.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Subclass members who purchased or leased the RAV4s in California are "buyers" within the meaning of CAL. CIV. CODE § 1791(b).

209.     The RAV4s are "consumer goods" within the meaning CAL. CIV. CODE § 1791(a).

210.     Toyota is a "manufacturer" of RAV4s within the meaning of CAL. CIV. CODE § 1791(j).

211.     The RAV4s were used and purchased or leased primarily for personal or family purposes and are therefore consumer goods.

212.     Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan, and the California Subclass members purchased or leased new motor vehicles manufactured by Toyota that were marketed as containing a 14.5 gallon fuel tanks capable of a 580 mileage range.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

213.    The RAV4s contain a defect that prevents the fuel tank from filling to capacity and significantly diminishes the RAV4s mileage range.

214.    These defects were present in Toyota's RAV4s when they lefts the exclusive control of Toyota and therefore existed during the duration of the warranty period.

215.    Toyota's RAV4s were not of the same quality as those generally acceptable in the trade and were not fit for their ordinary purpose.

216.    Toyota, therefore, breached the implied warranty of merchantability, which by law is provided in every consumer agreement for the sale of goods.

217.    As a direct and proximate cause of Toyota's breach of the implied warranty of merchantability, Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Subclass have been damaged by receiving an inferior product from that which they were promised. Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Subclass, therefore, have the right to cancel and recover the purchase price of their RAV4s.

### NINTH CLAIM FOR RELIEF
### Violations of the California Unfair Competition Law
#### CAL. BUS. & PROF. CODE § 17200 *et seq.*
#### *On Behalf of Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class*

218.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

219.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan bring this claim individually and on behalf of the California Class against Toyota.

220.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, and Kafeyan have standing to pursue this claim because they have suffered injury in fact and has lost money or property as a result of Toyota's actions as described above. All California Class Members overpaid for the RAV4s due to Toyota's concealment of a defect that prevents the RAV4's fuel tank from filling to capacity and limits mileage range.

221.    Toyota's actions as alleged herein constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Toyota violated California's

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*), the CLRA (Civ. Code §§ 1750, *et*

2   *seq.*), and California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 17900 *et seq.*).

3       222.    Toyota's actions as alleged herein constitute a "fraudulent" practice because, by

4   representing that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage

5   range was 580 miles, but concealing that the RAV4's fuel tank actually not be filled to capacity

6   and therefore could not achieve its estimated range, Toyota's conduct was likely to deceive

7   consumers. Toyota's failure to disclose these facts constitutes a material omission in violation of

8   the UCL.

9       223.    Toyota's actions as alleged herein constitute an "unfair" practice because they

10  offend established public policy and are immoral, unethical, oppressive, unscrupulous, and

11  substantially injurious to Toyota's customers. The harm caused by Toyota's wrongful conduct

12  outweighs any utility of such conduct and has caused—and will continue to cause—substantial

13  injury to Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class. Toyota could

14  and should have chosen one of many reasonably available alternatives, including disclosing the

15  actual fuel tank capacity and mileage range of the RAV4s to prospective purchasers and lessees.

16  Additionally, Toyota's conduct was "unfair" because it violated the legislatively declared policies

17  reflected by California's strong consumer protection, consumer warranty, and false advertising

18  laws, including the California Song-Beverly Consumer Warranty Act, CAL. CIV. CODE §§ 1790

19  *et seq.*, the CLRA, CAL. CIV. CODE §§ 1750 *et seq.*, and the FAL, CAL. BUS. & PROF. CODE

20  §§ 17500 *et seq.*

21      224.    As a result of Toyota's unlawful, fraudulent, and unfair conduct, Plaintiffs DeLuca,

22  Tom, Perry, Mulcahy, Kafeyan, and the California Class received an inferior product to that which

23  they were promised. Had Toyota disclosed the actual fuel tank capacity and mileage range of the

24  RAV4s, Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class would not

25  have purchased the RAV4 or would have paid substantially less.

26      225.    Toyota's wrongful business practices constitute a continuing course of unfair

27  competition because Toyota continues to represent that the RAV4's fuel tank capacity is 14.5

28  gallons and its mileage range is 580 miles. Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  the California Class therefore seek equitable relief to remedy Toyota's deceptive marketing,

2  advertising, and packaging.

3        226.    Plaintiffs DeLuca, Tom, Perry, Mulcahy, Kafeyan and the California Class also

4  seek an order requiring Toyota to make full restitution of all monies that it has wrongfully

5  obtained from California Class members, as well as all other relief permitted under the UCL.

**TENTH CLAIM FOR RELIEF**
**Violation of the Colorado Consumer Protection Act**
**COLO. REV. STAT. § 6-1-101, *et seq.***
*On Behalf of Plaintiff Cirulli and the Colorado Class*

      227.    Plaintiff Cirulli, individually and on behalf of the Colorado Class, incorporates by
reference all of the allegations contained in the preceding paragraphs of this Class Action
Complaint as if fully set forth herein.

      228.    Plaintiff Cirulli brings this claim individually and on behalf of the Colorado Class
against Toyota.

      229.    Toyota is a "person" under § 6-1-102(6) of the Colorado Consumer Protection Act
("Colorado CPA"), Colo. Rev. Stat. § 6-1-101, *et seq.*

      230.    Plaintiff Cirulli and Colorado Class members are "consumers" for purposes of
Colo. Rev. Stat. § 6-1-113(1)(a) who purchased or leased one or more RAV4s.

      231.    The Colorado CPA prohibits deceptive trade practices in the course of a person's
business. Toyota engaged in deceptive trade practices prohibited by the Colorado CPA, including:
(1) knowingly making a false representation as to the characteristics, uses, and benefits of the
RAV4s that had the capacity or tendency to deceive Colorado Class members; (2) representing
that the RAV4s are of a particular standard, quality, and grade even though Toyota knew or
should have known they are not; (3) advertising the RAV4s with the intent not to sell them as
advertised; and (4) failing to disclose material information concerning the RAV4s that was known
to Toyota at the time of advertisement or sale with the intent to induce Colorado Class members to
purchase, lease or retain the RAV4s.

      232.    In the course of its business, Toyota concealed and suppressed material facts
concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons
and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

1    tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

2    deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

3    omission of any material fact with intent that others rely upon such concealment, suppression or

4    omission, in connection with the sale and lease of RAV4s.

5        233.    Toyota's actions set forth above occurred in the conduct of trade or commerce.

6        234.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

7    sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

8    and mileage range after the RAV4s were sold and leased but continued to conceal information

9    until the defect was revealed by RAV4 purchasers and lessees.

10       235.    Toyota intentionally and knowingly misrepresented material facts regarding the

11   RAV4s with intent to mislead Plaintiff Cirulli and the Colorado Class.

12       236.    Toyota knew or should have known that its conduct violated the Colorado CPA.

13       237.    Toyota owed Plaintiff Cirulli and the Toyota Class a duty to disclose the true

14   nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

15   intentionally concealed the foregoing from Plaintiff Cirulli and the Colorado Class; and (c) made

16   incomplete representations about the RAV4's fuel tank capacity and mileage range, while

17   purposefully withholding material facts from Plaintiff Cirulli and the Colorado Class that

18   contradicted these representations.

19       238.    Toyota's representations and omissions were material because they were likely to

20   deceive reasonable consumers.

21       239.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

22   regulators and reasonable consumers, including Plaintiff Cirulli, about the true nature and the true

23   value of the RAV4s.

24       240.    Plaintiff Cirulli and the Colorado Class suffered ascertainable loss and actual

25   damages as a direct and proximate result of Toyota's misrepresentations and its concealment of

26   and failure to disclose material information, Plaintiff Cirulli and the Colorado Class members who

27   purchased or leased the RAV4s would not have purchased or leased them or would have paid

28   significantly less for them if the fuel tank defect had been disclosed. Plaintiff Cirulli and the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   Colorado Class members also suffered diminished value of their RAV4s, as well as lost or

2   diminished use.

3       241.    Plaintiff Cirulli and the Colorado Class members risk irreparable injury as a result

4   of Toyota's acts and omissions in violation of the Colorado CPA, and these violations present a

5   continuing risk to Plaintiffs as well as to the general public. Toyota's unlawful acts and practices

6   complained of herein affect the public interest.

7       242.    As a direct and proximate result of Toyota's violations of the Colorado CPA,

8   Plaintiff Cirulli and the Colorado Class have suffered injury-in-fact and/or actual damage.

9       243.    Pursuant to Colo. Rev. Stat. § 6-1-113, Plaintiff Cirulli, individually and on behalf

10  of the Colorado Class, seeks monetary relief against Toyota measured as the greater of (a) actual

11  damages in an amount to be determined at trial and discretionary trebling of such damages, or (b)

12  statutory damages in the amount of $500 for Plaintiff Cirulli and each Colorado Class member.

13      244.    Plaintiff Cirulli also seeks an order enjoining Toyota's unfair, unlawful, and/or

14  deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief

15  available under the Colorado CPA.

16

17                      **ELEVENTH CLAIM FOR RELIEF**
                          **Breach of Express Warranty**
18              **COLO. REV. STAT. §§ 4-2-313 and 4-2.5-210**
                *On Behalf of Plaintiff Cirulli and the Colorado Class*

19      245.    Plaintiff Cirulli, individually and on behalf of the Colorado Class, incorporates by

20  reference all of the allegations contained in the preceding paragraphs of this Class Action

21  Complaint as if fully set forth herein.

22      246.    Plaintiff Cirulli brings this claim individually and on behalf of the Colorado Class

23  against Toyota.

24      247.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

25  under Colo. Rev. Stat. §§ 4-2-104(1) and 4-2.5-103(3), and a "seller" of motor vehicles under § 4-

26  2-103(1)(d).

27      248.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

28  vehicles under Colo. Rev. Stat. § 4-2.5-103(1)(p).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

249.   The RAV4s are and were at all relevant times "goods" within the meaning of Colo. Rev. Stat. §§ 4-2-105(1) and 4-2.5-103(1)(h).

250.   In connection with the purchase or lease of each one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

251.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Cirulli, and the Colorado Class members purchased or leased the RAV4s with fuel tank defects that prevent the RAV4 fuel tank from filling to capacity and limit the vehicles' mileage range to significantly less than 580 miles.

252.   Plaintiff Cirulli and the Colorado Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Cirulli and the Colorado Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

253.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

254.   Plaintiff Cirulli reported her fuel tank issue to Larry H. Miller Toyota Colorado Springs on or about August 17, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

255.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Cirulli and the Colorado Class members have been damaged in an amount to be determined at trial.

### TWELFTH CLAIM FOR RELIEF
**Breach of Implied Warranty of Merchantability**
**COLO. REV. STAT. §§ 4-2-313 and 4-2.5-212**
*On Behalf of Plaintiff Cirulli and the Colorado Class*

256.    Plaintiff Cirulli, individually and on behalf of the Colorado Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

257.    Plaintiff Cirulli brings this claim individually and on behalf of the Colorado Class against Toyota.

258.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Colo. Rev. Stat. §§ 4-2-104(1) and 4-2.5-103(3), and a "seller" of motor vehicles under § 4-2-103(1)(d).

259.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Colo. Rev. Stat. § 4-2.5-103(1)(p).

260.    The RAV4s are and were at all relevant times "goods" within the meaning of Colo. Rev. Stat. §§ 4-2-105(1) and 4-2.5-103(1)(h).

261.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Colo. Rev. Stat. §§ 4-2-313 and 4-2.5-212.

262.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

263.    Plaintiff Cirulli reported her fuel tank issue to Larry H. Miller Toyota Colorado Springs on or about August 17, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint

1    and has actual knowledge of the failure as evidenced by its public admission in December 2019

2    that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact

3    the RAV4's total available driving distance.

4        264.    As a direct and proximate result of Toyota's breach of the implied warrant of

5    merchantability, Plaintiff Cirulli and the Colorado Class members have been damaged in an

6    amount to be determined at trial.

**THIRTEENTH CLAIM FOR RELIEF**
**Violation of Connecticut Unlawful Trade Practices Act**
**CONN. GEN. STAT. § 42-110a, *et seq.***
***On Behalf of Plaintiff Barden and the Connecticut Class***

10       265.    Plaintiff Barden, individually and on behalf of the Connecticut Class, incorporates

11   by reference all of the allegations contained in the preceding paragraphs of this Class Action

12   Complaint as if fully set forth herein.

13       266.    Plaintiff Barden brings this claim individually and on behalf of the Connecticut

14   Class against Toyota.

15       267.    The Connecticut Unfair Trade Practices Act ("Connecticut UTPA") provides: "No

16   person shall engage in unfair methods of competition and unfair or deceptive acts or practices in

17   the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).

18       268.    Toyota is a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3). Toyota

19   is in "trade" or "commerce" within the meaning of Conn. Gen. Stat. § 42-110a(4).

20       269.    Toyota engaged in deceptive trade practices that violated the Connecticut UTPA as

21   described herein.

22       270.    In the course of its business, Toyota concealed and suppressed material facts

23   concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

24   and that the RAV4's mileage range was 580 miles and otherwise engaged in activities with a

25   tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

26   deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

27   omission of any material fact with intent that others rely upon such concealment, suppression or

28   omission, in connection with the sale and lease of RAV4s.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

271.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased, but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

272.     Toyota owed Plaintiff Barden and the Connecticut Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing form Plaintiff Barden and the Connecticut Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Barden and the Connecticut Class that contradicted these representations.

273.     Toyota thus violated the Connecticut UTPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or lease of RAV4s.

274.     Toyota knew or should have known that its conduct violated the Connecticut UTPA.

275.     Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Barden.

276.     Plaintiff Barden and the Connecticut Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Barden and the Connecticut Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed. Plaintiff Barden and the Connecticut Class also suffered diminished value of their vehicles, as well as lost or diminished use.

277.     Toyota had an ongoing duty to Plaintiff Barden and the Connecticut Class to refrain from unfair and deceptive practices under the Connecticut UTPA. All owners of the

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result

2    of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

3        278.    Toyota's violations present a continuing risk to Plaintiff Barden, the Connecticut

4    Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the

5    public interest.

6        279.    As a direct and proximate result of Toyota's violations of the Connecticut UTPA,

7    Plaintiff Barden and the Connecticut Class have suffered injury-in-fact and/or actual damage.

8        280.    Plaintiff Barden and the Connecticut Class members are entitled to recover their

9    actual damages, punitive damages, and attorneys' fees pursuant to Conn. Gen. Stat. § 42-110g.

10

11                       **FOURTEENTH CLAIM FOR RELIEF**
                          **Breach of Express Warranty**
                          **CONN. GEN. STAT. ANN. § 42A-2-313**
12                *On Behalf of Plaintiff Barden and the Connecticut Class*

13       281.    Plaintiff Barden, individually and on behalf of the Connecticut Class, incorporates

14    by reference all of the allegations contained in the preceding paragraphs of this Class Action

15    Complaint as if fully set forth herein.

16       282.    Plaintiff Barden brings this claim individually and on behalf of the Connecticut

17    Class against Toyota.

18       283.    Toyota is and was at all relevant times a merchant with respect to motor vehicles

19    under Conn. Gen. Stat. Ann. § 42a-2-104(1).

20       284.    In connection with the purchase or lease of each one of its new RAV4s, Toyota

21    provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or

22    36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed

23    to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also

24    warrants and represents in its marketing, specifications, and informational materials that the

25    RAV4's fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

26       285.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and

27    mileage range formed a basis of the bargain that was breached when Plaintiff Barden, and the

28    Connecticut Class members purchased or leased the RAV4s with fuel tank defects that prevent the

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

RAV4 fuel tank from filling to capacity and limit the vehicles' mileage range to significantly less than 580 miles.

286.    Plaintiff Barden and the Connecticut Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Barden and the Connecticut Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

287.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

288.    Plaintiff Barden reported his fuel tank issue to Hartford Toyota Superstore on or about August 24, 2019 and October 26, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

289.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Barden and the Connecticut Class members have been damaged in an amount to be determined at trial.

**FIFTEENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**CONN. GEN. STAT. ANN. § 42A-2-314**
***On Behalf of Plaintiff Barden and the Connecticut Class***

290.    Plaintiff Barden, individually and on behalf of the Connecticut Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

291.    Plaintiff Barden brings this claim individually and on behalf of the Connecticut Class against Toyota.

292.    Toyota is and was at all relevant times a merchant with respect to motor vehicles under Conn. Gen. Stat. Ann. § 42a-2-104(1).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

293.    A warranty that the RAV4s were in merchantable condition is implied by law pursuant to Conn. Gen. Stat. Ann. § 42a-2-314.

294.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

295.    Plaintiff Barden reported his fuel tank issue to Hartford Toyota Superstore on or about August 24, 2019 and October 26, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

296.    As a direct and proximate result of Toyota's breach of the implied warrant of merchantability, Plaintiff Barden and the Connecticut Class members have been damaged in an amount to be determined at trial.

## SIXTEENTH CLAIM FOR RELIEF
### Violation of Florida's Deceptive & Unfair Trade Practices Act
### FLA. STAT. § 501.201, *et seq.*
### *On Behalf of Plaintiff Antonius Tran and the Florida Class*

297.    Plaintiff Tran, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

298.    Plaintiff Tran brings this claim individually and on behalf of the Florida Class against Toyota.

299.    Plaintiff Tran is a "consumer" within the meaning of the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.203.

300.    Toyota is engaged in "trade or commerce" within the meaning of FLA. STAT. § 501.203(8)

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1    301.    The stated purpose of the FDUTPA "[t]o protect the consuming public . . . from

2    those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts

3    or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202(2).

4    302.    The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or

5    practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce ..."

6    FLA. STAT. § 501.204(1). Toyota participated in unfair and deceptive trade practices that violated

7    the FUDTPA as described herein.

8    303.    In the course of its business, Toyota concealed and suppressed material facts

9    concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

10   and that the RAV4's mileage range was 580 miles and otherwise engaged in activities with a

11   tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

12   deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

13   omission of any material fact with intent that others rely upon such concealment, suppression or

14   omission, in connection with the sale and lease of RAV4s.

15   304.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

16   sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

17   and mileage range after the RAV4s were sold and leased, but continued to conceal information

18   until the defect was revealed by RAV4 purchasers and lessees.

19   305.    By failing to disclose and by actively concealing the RAV4 fuel tank defect,

20   Toyota engaged in deceptive business practices in violation of the FDUTPA. Toyota's deceptive

21   acts or practices were likely to, and did in fact, deceive reasonable consumers, including Plaintiff

22   Tran, about the RAV4's fuel tank capacity and mileage range.

23   306.    Toyota's acts and practices are also unfair because they are contrary to Florida law

24   and public policy and further constitute immoral, unethical, oppressive, and unscrupulous business

25   practices that caused substantial injury to Plaintiff Tran and members of the Florida Class. The

26   harm caused by Toyota's unfair acts and practices outweighs the utility of such conduct.

27   307.    The practice of selling RAV4s with defective fuel tanks, without providing an

28   adequate remedy to cure the defects, has harmed Plaintiff Tran and the Florida Class. Toyota

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  could have and should have chosen one of many reasonably available alternatives, including not

2  selling or leasing the RAV4s that contained a defect, disclosing the defect to prospective

3  purchasers and lessees, and/or not representing that the RAV4s were suitable for consumer use.

4  The harm from Toyota's unfair conduct was not reasonably avoidable by consumers.

5  308.   As alleged above, Toyota made material misstatements about the RAV4's fuel tank

6  capacity and mileage range that were either false or misleading. Toyota owed Plaintiff Tran and

7  the Florida Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed

8  exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff

9  Tran and the Florida Class; and (c) made incomplete representations about the RAV4's fuel tank

10  capacity and mileage range, while purposefully withholding material facts from Plaintiff Tran and

11  the Florida Class that contradicted these representations.

12  309.   Toyota intentionally and knowingly misrepresented material facts regarding the

13  RAV4s with the intent to mislead Plaintiff Tran and the Florida Class. Toyota knew or should

14  have known that its conduct violated the FDUTPA.

15  310.   As a direct and proximate result of Toyota's unfair and deceptive conduct, Plaintiff

16  Tran and the Florida Class members have suffered injury, ascertainable losses of money or

17  property, and monetary and nonmonetary damages. Because Toyota fraudulent concealed the

18  defects in the RAV4s, purchasers and lessees of the RAV4s were deprived of the benefit of their

19  bargain because the RAV4s they purchased were worth less than they would have been if they

20  were free from defects. Had purchasers and lessees of the RAV4s been aware of the defects in

21  their RAV4s, they would either not have purchased or leased the RAV4s or they would have paid

22  less for them.

23  311.   Toyota's violations caused ascertainable injury to Plaintiff Tran and the Florida

24  Class, as well as to the general public. Toyota's unlawful acts and practices alleged herein

25  negatively affect the public interest, and there are no countervailing benefits to consumers that

26  outweigh the harm caused by Toyota's conduct.

27  312.   Pursuant to Fla. Stat. §§ 501.211 and 501.2105, Plaintiff Tran and the Florida Class

28  seek an order enjoining Toyota's unfair and/or deceptive acts or practices and awarding actual

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

damages, attorneys' fees, and any other just and proper relief under the FDUTPA the Court deems

necessary to protect the public from further violations of the FDUTPA.

<div align="center">

**SEVENTEENTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**F.S.A. §§ 672.313 and 680.21**
***On Behalf of Plaintiff Antonius Tran and the Florida Class***

</div>

313.    Plaintiff Tran, individually and on behalf of the Florida Class, incorporates by

reference all of the allegations contained in the preceding paragraphs of this Class Action

Complaint as if fully set forth herein.

314.    Plaintiff Tran brings this claim individually and on behalf of the Florida Class

against Toyota.

315.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

under F.S.A. §§ 672.104(1) and 680.1031(3)(k), and a "seller" of motor vehicles under §

672.103(1)(d).

316.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

vehicles under F.S.A. § 680.1031(1)(p).

317.    The RAV4s are and were at all relevant times "goods" within the meaning of

F.S.A. §§ 672.105(1) and 680.1031(1)(h).

318.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides

an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

and represents in its marketing, specifications, and informational materials that the RAV4's fuel

tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

319.    Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and

mileage range formed a basis of the bargain that was breached when Plaintiff Tran and the Florida

Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the

RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly

less than 580 miles.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

320.    Plaintiff Tran and the Florida Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Tran and the Florida Class members that RAV4s contain defectively designed fuel tanks that prevent the tank from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

321.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

322.    Plaintiff Tran reported his fuel tank issue to Wesley Chapel Toyota on January 26, 2020. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

323.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Tran and the Florida Class members have been damaged in an amount to be determined at trial.

**EIGHTEENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**F.S.A. §§ 672.314 and 680.212**
*On Behalf of Plaintiff Antonius Tran and the Florida Class*

324.    Plaintiff Tran, individually and on behalf of the Florida Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

325.    Plaintiff Tran brings this claim individually and on behalf of the Florida Class against Toyota.

326.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under F.S.A. §§ 672.104(1) and 680.1031(3)(k), and a "seller of motor vehicles under § 672.103(1)(d).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

327.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under F.S.A. § 680.1031(1)(p).

328.    The RAV4s are and were at all relevant times "goods" within the meaning of F.S.A. §§ 672.105(1) and 680.1031(1)(h).

329.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to F.S.A. §§ 672.314 and 680.212.

330.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

331.    Plaintiff Tran reported his fuel tank issue to Wesley Chapel Toyota on January 26, 2020. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

332.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Tran and the Florida Class members have been damaged in an amount to be determined at trial.

**NINETEENTH CLAIM FOR RELIEF**
**Violation of the Idaho Consumer Protection Act**
**IDAHO CODE § 48-601,** *et seq.*
***On Behalf of Plaintiff Jedediah Clawson and the Idaho Class***

333.    Plaintiff Clawson, individually and on behalf of the Idaho Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

334.    Plaintiff Clawson brings this claim individually and on behalf of the Idaho Class against Toyota.

335.    Toyota is a "person" under the Idaho Consumer Protection Act ("Idaho CPA"), Idaho Code § 48-602(1).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

336. Toyota's acts or practices as set forth above occurred in the conduct of "trade" or "commerce" under Idaho Code § 48-602(2).

337. Toyota participated in misleading, false, or deceptive acts that violated the Idaho CPA.

338. In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4's mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

339. Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

340. Toyota owed Plaintiff Clawson and the Idaho Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing form Plaintiff Clawson and the Idaho Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Clawson and the Idaho Class that contradicted these representations.

341. Toyota this violated the Idaho CPA by, at a minimum, (1) representing that the RAV4s have characteristics, uses, and benefits which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) engaging in acts or practices which are otherwise misleading, false, or deceptive to the consumer; and (5) engaging in any unconscionable method, act, or practice in the conduct of trade or commerce. *See* Idaho Code § 48-603.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

342.     Plaintiff Clawson and the Idaho Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Clawson and the Idaho Class members who purchased or leased the RAV4s would not have purchased or leased the RAV4s or would have paid significantly less for them if Toyota had disclosed the RAV4's fuel tank defect. Plaintiff Clawson and the Idaho Class also suffered diminished value to their vehicles, as well as lost or diminished use.

343.     Toyota had an ongoing duty to all RAV4 purchasers and lessees to refrain from unfair and deceptive practices under the Idaho CPA. Plaintiff Clawson and the Idaho Class members suffered ascertainable loss in the form of the diminished value of their RAV4s as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

344.     Toyota's violations present a continuing risk to Plaintiff Clawson and the Idaho Class as well as the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

345.     As a direct and proximate result of Toyota's violations of the Idaho CPA, Plaintiff Clawson and the Idaho Class have suffered injury-in-fact and/or actual damage.

346.     Pursuant to Idaho Code § 48-608, Plaintiff Clawson and the Idaho Class seek monetary relief against Toyota measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $1,000 for Plaintiff Clawson and each Idaho Class Member.

347.     Plaintiff Clawson and the Idaho Class members also seeks an order enjoining Toyota's unfair, unlawful, and/or deceptive practices, attorneys' fees, and any other just and proper relief available under the Idaho CPA.

348.     Plaintiff Clawson and the Idaho Class members also seek punitive damages against Toyota because Toyota's conduct evidences an extreme deviation from reasonable standards. Toyota flagrantly, maliciously, and fraudulently misrepresented the reliability of the RAV4s, deceived Idaho Class members, and concealed material facts that only it knew—all to avoid the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

expense and public relations issues of correcting a serious fuel tank defect. Toyota's conduct constitutes malice, oppression, and fraud warranting punitive damages.

### TWENTIETH CLAIM FOR RELIEF
#### Breach of Express Warranty
#### IDAHO CODE § 28-2-313 and 28-12-210
#### *On Behalf of Plaintiff Jedediah Clawson and the Idaho Class*

349.    Plaintiff Clawson, individually and on behalf of the Idaho Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

350.    Plaintiff Clawson brings this claim individually and on behalf of the Idaho Class against Toyota.

351.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Idaho Code §§ 28-2-104(1) and 28-2-103(3), and a "seller" of a motor vehicle under § 28-2-103(1)(d).

352.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Idaho Code § 28-12-103(1)(p).

353.    The RAV4s are and were at all relevant times "goods" within the meaning of Idaho Code §§ 28-2-105(1) and 28-12-103(1)(h).

354.    In connection with the purchase or lease of each one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

355.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Clawson and the Idaho Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

356. Plaintiff Clawson and the Idaho Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Clawson and the Idaho Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

357. Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

358. Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

359. As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Clawson and the Idaho Class members have been damaged in an amount to be determined at trial.

**TWENTY-FIRST CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**IDAHO CODE § 28-2-314 and 28-12-212**
***On Behalf of Plaintiff Jedediah Clawson and the Idaho Class***

360. Plaintiff Clawson, individually and on behalf of the Idaho Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

361. Plaintiff Clawson brings this claim individually and on behalf of the Idaho Class against Toyota.

362. Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Idaho Code §§ 28-2-104(1) and 28-2-103(3), and a "seller" of a motor vehicle under § 28-2-103(1)(d).

363. With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Idaho Code § 28-12-103(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

364.    The RAV4s are and were at all relevant times "goods" within the meaning of Idaho Code §§ 28-2-105(1) and 28-12-103(1)(h).

365.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Idaho Code §§ 28-2-314 and 28-12-212.

366.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

367.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

368.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Clawson and the Idaho Class members have been damaged in an amount to be proven at trial.

**TWENTY-SECOND CLAIM FOR RELIEF**
**Violations of Illinois Consumer Fraud and Deceptive Business Practices Act**
**815 ILCS 505/1, *et seq.* and 720 ILCS 295/1a**
***On Behalf of Plaintiff Fernandez and the Illinois Class***

369.    Plaintiff Fernandez, individually and on behalf of the Illinois Class, incorporates by reference all of allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

370.    Plaintiff Fernandez brings this claim individually and on behalf of the Illinois Class against Toyota.

371.    Toyota is a "person" as that term is defined in 815 ILCS 505/1(c).

372.    Fernandez and the Class members are "consumers" as that term is defined in 815 ILCS 505/1(e).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   373.   The Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois

2   CFA") prohibits "unfair or deceptive acts or practices, including but not limited to the use or

3   employment of any deception, fraud, false pretense, false promise, misrepresentation or the

4   concealment, suppression or omission of any material fact, with intent that others rely upon the

5   concealment, suppression or omission of such material fact ... in the conduct of trade or commerce

6   ... whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

7   374.   In the course of its business, Toyota misrepresented that the RAV4s fuel tank

8   capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise

9   engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful

10   trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or

11   concealment, suppression or omission of any material fact with intent that others rely upon such

12   concealment, suppression or omission, in connection with the sale and lease of RAV4s.

13   375.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

14   sale. Toyota acquired additional information concerning the RAV4's fuel tank capacity and

15   mileage range after the RAV4s were sold, but concealed all of that information until it was

16   revealed by RAV4 purchasers and lessees. By failing to disclose and by actively concealing the

17   RAV4's fuel tank defect and reduced mileage range, Toyota engaged in unfair and deceptive

18   business practices in violation of the Illinois CFA. Toyota's unfair or deceptive acts or practices

19   were likely to and did in fact deceive reasonable consumers, including Plaintiff Fernandez and the

20   Illinois Class.

21   376.   Toyota intentionally and knowingly misrepresented material facts regarding the

22   RAV4s fuel tank capacity and mileage range with the intent to mislead Plaintiff Fernandez and the

23   Illinois Class. Toyota knew or should have known that its conduct violated the Illinois CFA.

24   377.   As alleged above, Toyota made material statements about the RAV4s fuel tank

25   capacity and mileage range that were either false or misleading. Toyota owed Plaintiff Fernandez

26   and the Iowa Class a duty to disclose the true fuel tank capacity and mileage range of the RAV4s,

27   because Toyota: (a) possessed exclusive knowledge about the fuel tank shape issues with the

28   RAV4; (b) intentionally concealed the foregoing from Plaintiff Fernandez and the Iowa Class; and

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

(c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Fernandez and the Iowa Class that contradicted these representations.

378.    Because Toyota fraudulently concealed the RAV4s' fuel tank defect, purchasers and lessees of the RAV4s were deprived of the benefit of their bargain because the RAV4s they purchased or leased were worth less than they would have been if they were free from defects. Had purchasers or lessees of the RAV4s been aware of the RAV4s' true fuel tank capacity and mileage range, they would have either not purchased or leased the RAV4s or would have paid significantly less for them.

379.    Pursuant to 15 ILCS 505/10a(a), Plaintiff Fernandez and the Illinois Class seek monetary relief against Toyota in the amount of actual damages, as well as punitive damages because Toyota acted with fraud and/or malice and/or was grossly negligent.

380.    Plaintiff Fernandez and the Illinois Class also seek an order enjoining Toyota's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under 815 ILCS § 505/1 et seq.

### TWENTY-THIRD CLAIM FOR RELIEF
#### Breach of Express Warranty
#### 810 Ill. Comp. Stat. §§ 5/2-313 and 5/2A-210
#### *On Behalf of Plaintiff Fernandez and the Illinois Class*

381.    Plaintiff Fernandez, individually and on behalf of the Illinois Class, incorporates by reference all of allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

382.    Plaintiff Fernandez brings this claim individually and on behalf of the Illinois Class against Toyota.

383.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 810 Ill. Comp. Stat. §§ 5/2-104(1) and 5/2A-103(3), and a "seller" of motor vehicles under § 5/2-103(1)(d).

384.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 810 Ill. Comp. Stat. § 5/2A-103(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

385.    The RAV4s are and were at all relevant times "goods" within the meaning of 810 Ill. Comp. Stat. §§ 8/2-105(1) and 5/2A-103(1)(h).

386.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

387.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Fernandez and the Illinois Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

388.    Plaintiff Fernandez and the Illinois Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Fernandez and the Illinois Class members that RAV4s contain defectively designed fuel tanks that prevent the tank from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

389.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

390.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

391.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Fernandez and the Illinois Class members have been damaged in an amount to be determined at trial.

**TWENTY-FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**810 Ill. Comp. Stat. §§ 5/2-314 and 5/2A-212**
*On Behalf of Plaintiff Fernandez and the Illinois Class*

392.    Plaintiff Fernandez, individually and on behalf of the Illinois Class, incorporates by reference all of allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

393.    Plaintiff Fernandez brings this claim individually and on behalf of the Illinois Class against Toyota.

394.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 810 Ill. Comp. Stat. §§ 5/2-104(1) and 5/2A-103(3), and a "seller" of motor vehicles under § 5/2-103(1)(d).

395.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 810 Ill. Comp. Stat. § 5/2A-103(1)(p).

396.    The RAV4s are and were at all relevant times "goods" within the meaning of 810 Ill. Comp. Stat. §§ 8/2-105(1) and 5/2A-103(1)(h).

397.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to 810 Ill. Comp. Stat. §§ 28-2-314 and 28-12-212.

398.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

399.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

400.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Fernandez and the Illinois Class members have been damaged in an amount to be proven at trial.

<div align="center">

**TWENTY-FIFTH CLAIM FOR RELIEF**
**Violations of the Private Right of Action for Consumer Frauds Act**
**IOWA CODE § 714H.1, *et seq.***
***On Behalf of Plaintiff Wagner and the Iowa Class***

</div>

401.    Plaintiff Wagner, individually and on behalf of the Iowa Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

402.    Plaintiff Wagner brings this claim individually and on behalf of the Iowa Class against Toyota.

403.    Plaintiff Wagner, the Iowa Class members, and Toyota are "persons" under Iowa Code § 714H.2(7).

404.    Plaintiff Wagner and the Iowa Class are "consumers" as defined by Iowa Code § 714H.2(3), who purchased or leased one or more RAV4s.

405.    Toyota's actions as set forth above occurred in the conduct of trade or commerce.

406.    Toyota's conduct described herein related to the "sale" or "advertisement" of "merchandise" within the meaning of Iowa Code §§ 714H.2(2), (6), and (8).

407.    The Iowa Private Right of Action for Consumer Frauds Act ("Iowa CFA") prohibits any "practice or act the person knows or reasonably should know is an unfair practice, deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact, with the intent that others rely upon the unfair practice, deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression, or omission in connection with the advertisement, sale, or lease of consumer merchandise." Iowa Code § 714H.3.

408.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4s. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

gallons and that the RAV4's mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

409.    Toyota knew about the RAV4 defect at the time of sale. Toyota acquired additional information concerning the defect after the RAV4s were sold, but concealed the information until it was revealed by RAV4 purchasers and lessees.

410.    Toyota engaged in misleading, false, unfair, or deceptive acts or practices that violated the Iowa CFA by, at a minimum: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

411.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Wagner and the Iowa Class. Toyota knew or should have known that its conduct violated the Iowa CFA.

412.    Toyota owed Plaintiff Wagner and the Iowa Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Wagner and the Iowa Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Wagner and the Iowa Class that contradicted these representations.

413.    As a direct and proximate result of Toyota's unfair, deceptive, and unconscionable conduct, Plaintiff Wagner and the Iowa Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages. Because Toyota fraudulently concealed the RAV4 defect, purchasers and lessees of the RAV4s were deprived of the benefit of their bargain since the RAV4s they purchased were worth less than

they would have been if they were free from defects. Had purchasers and lessees been aware of the RAV4 defect, they would not have purchased or leased the RAV4s or would have paid significantly less for them. Plaintiff Wagner and the Iowa Class also suffered diminished value of their RAV4s, as well as lost or diminished use.

414.    Toyota's violations present a continuing risk to Plaintiff Wagner and the Iowa Class, as well as to the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

415.    Prior to filing this Consolidated Class Action Complaint, by certified mail dated March 12, 2020, Plaintiff Wagner sought approval from the Iowa Attorney General to file a class action claim under the Iowa CFA. Plaintiff Wagner received approval from the Office of the Attorney General by letter dated April 3, 2020.

416.    Pursuant to Iowa Code § 714H.5, Plaintiff Wagner and the Iowa Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, and awarding actual damages, treble or punitive damages, attorneys' fees, and any other just and proper relief under the Iowa CFA the Court deems necessary to protect the public from further violations of the Iowa CFA.

### TWENTY-SIXTH CLAIM FOR RELIEF
### Breach of Express Warranty
### IOWA CODE §§ 554.2313 and 544.13210
### *On Behalf of Plaintiff Richard Wagner and the Iowa Class*

417.    Plaintiff Wagner, individually and on behalf of the Iowa Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

418.    Plaintiff Wagner brings this claim individually and on behalf of the Iowa Class against Toyota.

419.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Iowa Code §§ 554.2104(1) and 554.13103(3), and a "seller" of motor vehicles under § 554.2103(1)9d).

420.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Iowa Code § 554.13103(1)(p).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

421.   The RAV4s are and were at all relevant times "goods" within the meaning of Iowa Code §§ 554.2105(1) and 554.13103(1)(h).

422.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

423.   Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Wagner and the Iowa Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

424.   Plaintiff Wagner and the Iowa Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Wagner and the Iowa Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

425.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

426.   Plaintiff Wagner reported his fuel tank issue to Toyota on December 18, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    427.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff

2    Wagner and the Iowa Class members have been damaged in an amount to be determined at trial.

### TWENTY-SEVENTH CLAIM FOR RELIEF
**Breach of Implied Warranty of Merchantability**
**IOWA CODE §§ 554.2314 and 544.13212**
*On Behalf of Plaintiff Richard Wagner and the Iowa Class*

6    428.    Plaintiff Wagner, individually and on behalf of the Iowa Class, incorporates by

7    reference all of the allegations contained in the preceding paragraphs of this Class Action

8    Complaint as if fully set forth herein.

9    429.    Plaintiff Wagner brings this claim individually and on behalf of the Iowa Class

10   against Toyota.

11   430.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

12   under Iowa Code §§ 554.2104(1) and 554.13103(3), and a "seller" of motor vehicles under §

13   554.2103(1)9d).

14   431.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

15   vehicles under Iowa Code § 554.13103(1)(p).

16   432.    The RAV4s are and were at all relevant times "goods" within the meaning of Iowa

17   Code §§ 554.2105(1) and 554.13103(1)(h).

18   433.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

19   purpose for which vehicles are used is implied by law pursuant to Iowa Code §§ 554.2314 and

20   554.13212.

21   434.    The RAV4s, when sold or leased and at all times thereafter, were not in

22   merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

23   Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

24   their mileage range is significantly diminished.

25   435.    Plaintiff Wagner reported his fuel tank issue to Toyota on December 18, 2019.  In

26   addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer

27   complaints filed against it, including the instant Complaint and has actual knowledge of the failure

28   as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   prevent full refueling by up to several gallons and impact the RAV4's total available driving

2   distance.

3       436.   As a direct and proximate result of Toyota's breach of the implied warranty of

4   merchantability Plaintiff Wagner and the Iowa Class members have been damaged in an amount

5   to be proven at trial.

**TWENTY-EIGHTH CLAIM FOR RELIEF**
**Violation of the Kentucky Consumer Protection Act**
**KY. REV. STAT. § 367.110.** *et seq.*
***On Behalf of Plaintiffs Denny and Barbara Brand and the Kentucky Class***

9       437.   Plaintiffs Denny and Barbara Brand, individually and on behalf of the Kentucky

10  Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this

11  Class Action Complaint as if fully set forth herein.

12      438.   Plaintiffs Denny and Barbara Brand bring this claim individually and on behalf of

13  the Kentucky Class against Toyota.

14      439.   Toyota, Plaintiffs Denny and Barbara Brand, and the Kentucky Class are "persons"

15  within the meaning of the Ky. Rev. Stat. § 367.110(1).

16      440.   Toyota engaged in "trade" or "commerce" within the meaning of Ky. Rev. Stat. §

17  367.110(2).

18      441.   The Kentucky Consumer Protection Act ("Kentucky CPA") makes unlawful

19  "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or

20  commerce...." Ky. Rev. Stat. § 367.170(1). Toyota engaged in misleading, false, or deceptive acts

21  that violated the Kentucky CPA by failing to disclose and by concealing the RAV4 fuel tank

22  defect.

23      442.   In the course of its business, Toyota concealed and suppressed material facts

24  concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

25  and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

26  tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

27  deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   omission of any material fact with intent that others rely upon such concealment, suppression or

2   omission, in connection with the sale and lease of RAV4s.

3        443.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

4   sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

5   and mileage range after the RAV4s were sold and leased but continued to conceal information

6   until the defect was revealed by RAV4 purchasers and lessees.

7        444.    Toyota intentionally and knowingly misrepresented material facts regarding the

8   RAV4s with intent to mislead Plaintiffs Denny and Barbara Brand and the Kentucky Class.

9        445.    Toyota knew or should have known that its conduct violated the Kentucky CPA.

10       446.    Toyota owed Plaintiffs Denny and Barbara Brand and the Kentucky Class a duty to

11  disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about

12  the defect; (b) intentionally concealed the foregoing from Plaintiffs Denny and Barbara Brand and

13  the Kentucky Class; and (c) made incomplete representations about the RAV4's fuel tank capacity

14  and mileage range, while purposefully withholding material facts from Plaintiffs Denny and

15  Barbara Brand and the Kentucky Class that contradicted these representations.

16       447.    Toyota's representations and omissions were material because they were likely to

17  deceive reasonable consumers.

18       448.    As a direct and proximate result of Toyota's unfair, deceptive, and unconscionable

19  conduct, Plaintiffs Denny and Barbara Brand and the Kentucky Class members have suffered and

20  will continue to suffer injury, ascertainable losses of money or property, and monetary and

21  nonmonetary damages. Because Toyota fraudulently concealed the RAV4 defect, purchasers and

22  lessees of the RAV4s were deprived of the benefit of their bargain since the RAV4s they

23  purchased were worth less than they would have been if they were free from defects. Had

24  purchasers and lessees been aware of the RAV4 defect, they would not have purchased or leased

25  the RAV4s or would have paid significantly less for them. Plaintiffs Denny and Barbara Brand and

26  the Kentucky Class also suffered diminished value of their RAV4s, as well as lost or diminished

27  use.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

449.    Toyota's violations present a continuing risk to Plaintiffs Denny and Barbara Brand and the Kentucky Class, as well as to the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

450.    Pursuant to Ky. Rev. Stat. Ann. § 367.220, Plaintiffs Denny and Barbara Brand and the Kentucky Class seek to recover actual damages in an amount to be determined at trial; an order enjoining Toyota's unfair, unlawful, and/or deceptive practices; declaratory relief; attorneys' fees; and any other just and proper relief available under Ky. Rev. Stat. Ann. § 367.220.

<div align="center">

**TWENTY-NINTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**KY. REV. STAT. §§ 335.2-313 and 355.2A-210**
***On Behalf of Plaintiffs Denny and Barbara Brand and the Kentucky Class***

</div>

451.    Plaintiffs Denny and Barbara Brand, individually and on behalf of the Kentucky Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

452.    Plaintiffs Denny and Barbara Brand bring this claim individually and on behalf of the Kentucky Class against Toyota.

453.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Ky. Rev. Stat. §§ 355.2-104(1) and 355.2A-103(3), and a "seller" of motor vehicles under § 355.2-103(1)(d).

454.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Ky. Rev. Stat. § 355.2A-103(1)(p).

455.    The RAV4s are and were at all relevant times "goods" within the meaning of Ky. Rev. Stat. §§ 355.2-105(1) and 355.2A-103(1)(h).

456.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

457.     Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Denny and Barbara Brand and the Kentucky Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

458.     Plaintiffs Denny and Barbara Brand and the Kentucky Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Denny and Barbara Brand and the Kentucky Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

459.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

460.     Plaintiff Barbara Brand first reported the fuel tank issue to Toyota of Bowling Green on or about mid-May 2019. On October 30, 2019, Plaintiff Barbara Brand again reported the fuel tank issue. On the same day, Toyota of Bowling Green verified the issue. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

461.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Denny and Barbara Brand and the Kentucky Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## THIRTIETH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### KY. REV. STAT. §§ 335.2-314 and 355.2A-212
### *On Behalf of Plaintiffs Denny and Barbara Brand and the Kentucky Class*

462.     Plaintiffs Denny and Barbara Brand, individually and on behalf of the Kentucky

Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this

Class Action Complaint as if fully set forth herein.

463.     Plaintiffs Denny and Barbara Brand bring this claim individually and on behalf of

the Kentucky Class against Toyota.

464.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

under Ky. Rev. Stat. §§ 355.2-104(1) and 355.2A-103(3), and a "seller" of motor vehicles under §

355.2-103(1)(d).

465.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

vehicles under Ky. Rev. Stat. § 355.2A-103(1)(p).

466.     The RAV4s are and were at all relevant times "goods" within the meaning of Ky.

Rev. Stat. §§ 355.2-105(1) and 355.2A-103(1)(h).

467.     A warranty that the RAV4s were in merchantable condition and fit for the ordinary

purpose for which vehicles are used is implied by law pursuant to Ky. Rev. Stat. §§ 335.2-314 and

335.2A-212.

468.     The RAV4s, when sold or leased and at all times thereafter, were not in

merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

their mileage range is significantly diminished.

469.     Plaintiff Barbara Brand reported the fuel tank issue to Toyota of Bowling Green on

or about October 30, 2019. On the same day, Toyota of Bowling Green verified the issue. In

addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer

complaints filed against it, including the instant Complaint and similar legal proceedings and has

actual knowledge of the failure as evidenced by its public admission in December 2019 that the

fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the

RAV4's total available driving distance.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

470. As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiffs Denny and Barbara Brand and the Kentucky Class members have been damaged in an amount to be proven at trial.

## THIRTY-FIRST CLAIM FOR RELIEF
### Deceptive Acts or Practices Prohibited by Massachusetts Law
#### MASS. GEN. LAWS CHAPTER 93A § 1, *et seq.*
### *On Behalf of Plaintiffs Ferraguto, Kahn, and the Massachusetts Class*

471. Plaintiffs Ferraguto and Kahn, individually and on behalf of the Massachusetts Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

472. Plaintiffs Ferraguto and Kahn bring this claim individually and on behalf of the Massachusetts Class against Toyota.

473. Toyota, Plaintiffs Ferraguto and Kahn, and the Massachusetts Class are "persons" within the meaning of Mass. Gen. Laws ch. 93A, § 1(a).

474. Toyota engaged in "trade" or "commerce" within the meaning of Mass. Gen. Laws ch. 93A, § 1(b).

475. Massachusetts law (the "Massachusetts Act") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2. Toyota engaged in misleading, false, or deceptive acts that violated the Massachusetts Act by failing to disclose and by concealing the RAV4 fuel tank defect.

476. In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

477. Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

478.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent to mislead Plaintiffs Ferraguto and Kahn and the Massachusetts Class.

479.    Toyota knew or should have known that its conduct violated the Massachusetts Act.

480.    Toyota owed Plaintiffs Ferraguto and Kahn and the Massachusetts Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Ferraguto and Kahn and the Massachusetts Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiffs Ferraguto and Kahn and the Massachusetts Class that contradicted these representations.

481.    Toyota's representations and omissions were material because they were likely to deceive reasonable consumers.

482.    As a direct and proximate result of Toyota's unfair, deceptive, and unconscionable conduct, Plaintiffs Ferraguto and Kahn and the Massachusetts Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages. Because Toyota fraudulently concealed the RAV4 defect, purchasers and lessees of the RAV4s were deprived of the benefit of their bargain since the RAV4s they purchased were worth less than they would have been if they were free from defects. Had purchasers and lessees been aware of the RAV4 defect, they would not have purchased or leased the RAV4s or would have paid significantly less for them. Plaintiffs Ferraguto and Kahn and the Massachusetts Class also suffered diminished value of their RAV4s, as well as lost or diminished use.

483.    Toyota's violations present a continuing risk to Plaintiffs Ferraguto and Kahn and the Massachusetts Class, as well as to the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   484.   Pursuant to Mass. Gen. Laws ch. 93A, § 9, Plaintiffs Ferraguto and Kahn and the

2   Massachusetts Class seek monetary relief against Toyota measured as the greater of (a) actual

3   damages in an amount to be determined at trial and (b) statutory damages in the amount of $25 for

4   each Plaintiff and each Massachusetts Class member. Because Toyota's conduct was committed

5   willfully and knowingly, Plaintiffs are entitled to recover, for each Plaintiff and each

6   Massachusetts Class member, up to three times actual damages, but no less than two times actual

7   damages.

8   485.   Plaintiffs Ferraguto and Kahn also seek an order enjoining Toyota's unfair and/or

9   deceptive acts or practices, punitive damages, and attorneys' fees, costs, and any other just and

10   proper relief available under the Massachusetts Act.

**THIRTY-SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty**
**MASS. GEN. LAWS CHAPTER 106 § 2-313**
*On Behalf of Plaintiffs Ferraguto, Kahn, and the Massachusetts Class*

14   486.   Plaintiffs Ferraguto and Kahn, individually and on behalf of the Massachusetts

15   Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this

16   Class Action Complaint as if fully set forth herein.

17   487.   Plaintiffs Ferraguto and Kahn bring this claim individually and on behalf of the

18   Massachusetts Class against Toyota.

19   488.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

20   under Mass. Gen. Laws ch. 106, §2-104(1) and a "seller" of motor vehicles under § 2-103(1)(d).

21   489.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

22   vehicles under Mass. Gen. Laws ch. 106, § 2A-103(1)(p).

23   490.   The RAV4s are and were at all relevant times "goods" within the meaning of Mass.

24   Gen. Laws ch. 106, §§ 2-105(1) and 2A-103(1)(h).

25   491.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides

26   an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

27   miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

28   correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

492.   Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Ferraguto, Kahn, and the Massachusetts Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

493.   Plaintiffs Ferraguto, Kahn, and the Massachusetts Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Ferraguto, Kahn, and the Massachusetts Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

494.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

495.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

496.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Ferraguto, Kahn, and the Massachusetts Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### THIRTY-THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
#### MASS. GEN. LAWS CHAPTER 106 § 2-314
#### *On Behalf of Plaintiffs Ferraguto, Kahn, and the Massachusetts Class*

497.     Plaintiffs Ferraguto and Kahn, individually and on behalf of the Massachusetts Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

498.     Plaintiffs Ferraguto and Kahn bring this claim individually and on behalf of the Massachusetts Class against Toyota.

499.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mass. Gen. Laws ch. 106, §2-104(1) and a "seller" of motor vehicles under § 2-103(1)(d).

500.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mass. Gen. Laws ch. 106, § 2A-103(1)(p).

501.     The RAV4s are and were at all relevant times "goods" within the meaning of Mass. Gen. Laws ch. 106, §§ 2-105(1) and 2A-103(1)(h).

502.     A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Mass. Gen. Laws ch. 106 §§ 2-314 and 2A-212.

503.     The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

504.     Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

505.     As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiffs Ferraguto, Kahn, and the Michigan Class members have been damaged in an amount to be proven at trial.

**THIRTY-FOURTH CLAIM FOR RELIEF**
**Violations of the Michigan Consumer Protection Act**
**MICH. COMP. LAWS § 445.903,** *et seq.*
*On Behalf of Plaintiff Lonnie Birchfield and the Michigan Class*

506.    Plaintiff Birchfield, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

507.    Plaintiff Birchfield brings this claim individually and on behalf of the Michigan Class against Toyota.

508.    Plaintiff Birchfield and the Michigan Class members are "person[s]" within the meaning of the Mich. Comp. Laws. § 445.902(1)(d).

509.    At all relevant times, Toyota was a "person" engaged in "trade or commerce" within the meaning of the Mich. Comp. Laws § 445.902(1)(d) and (g).

510.    The Michigan Consumer Protection Act ("Michigan CPA") prohibits ""[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce ...." Mich. Comp. Laws § 445.903(1). Toyota engaged in unfair, unconscionable, or deceptive methods, acts or practices prohibited by the Michigan CPA, including: "(c) Representing that goods or services have ... characteristics ... that they do not have ....;" "(e) Representing that goods or services are of a particular standard ... if they are of another;" "(i) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;" "(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is;" and "(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." Mich. Comp. Laws § 445.903(1).

511.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

512.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

513.    Toyota owed Plaintiff Birchfield and the Michigan Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Birchfield and the Michigan Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Birchfield and the Michigan Class that contradicted these representations.

514.    Toyota's representations and omissions were material because they were likely to deceive reasonable consumers.

515.    Toyota acted intentionally, knowingly, and maliciously to violate Michigan's CPA, and recklessly disregard Plaintiff Birchfield's and the Michigan Class members' rights. Toyota's knowledge of the RAV4 defect put it on notice that the RAV4 was not as advertised.

516.    Toyota's violations present a continuing risk to Plaintiff Birchfield, the Michigan Class members, as well as the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

517.    As a direct and proximate result of Toyota's violations of the Michigan CPA, Plaintiff Birchfield and the Michigan Class members have suffered injury-in-fact and/or actual damage.

518.    Plaintiff Birchfield and the Michigan Class members seek injunctive relief to enjoin Toyota from continuing its unfair and deceptive acts; monetary damages against Toyota measures as the greater of (a) actual damages in an amount to be determined at trial, and (b)

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

statutory damages in the amount of $250 for Plaintiff Birchfield and each Michigan Class member; reasonable attorneys' fees; and any other just and proper relief available under Mich. Comp. Laws § 445.911.

519.    Plaintiff Birchfield and the Michigan Class members also seek punitive damages against Toyota because Toyota's conduct evidences an extreme deviation from reasonable standards. Toyota flagrantly, maliciously, and fraudulently  misrepresented the reliability of the RAV4s, deceived Michigan Class members, and concealed material facts that only it knew—all to avoid the expense and public relations issues of correcting a serious fuel tank defect. Toyota's conduct constitutes malice, oppression, and fraud warranting punitive damages.

<div align="center">

**THIRTY-FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**MICH. COMP. LAWS §§ 440.2313 and 440.2860**
***On Behalf of Plaintiff Lonnie Birchfield and the Michigan Class***

</div>

520.    Plaintiff Birchfield, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

521.    Plaintiff Birchfield brings this claim individually and on behalf of the Michigan Class against Toyota.

522.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mich. Comp. Laws § 440.2104(1) and a "seller" of motor vehicles under § 440.2103(1)(c).

523.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mich. Comp. Laws. S 440.2803(1)(p).

524.    The RAV4s are and were at all relevant times "goods" within the meaning of Mich. Comp. Laws §§ 440.2105(1) and 440.2803(1)(h).

525.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4's fuel tank capacity is 14.5 gallons and that the RAV4's mileage range is 580 miles.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

526.     Toyota's NVLW and warranties regarding the RAV4's fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Birchfield and the Michigan Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

527.     Plaintiff Birchfield and the Michigan Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Birchfield and the Michigan Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

528.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

529.     Plaintiff Birchfield reported his fuel tank issue to Toyota on February 10, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

530.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Birchfield and the Michigan Class members have been damaged in an amount to be determined at trial.

**THIRTY-SIXTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**MICH. COMP. LAWS §§ 440.2314 and 440.2860**
*On Behalf of Plaintiff Lonnie Birchfield and the Michigan Class*

531.     Plaintiff Birchfield, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    532.    Plaintiff Birchfield brings this claim individually and on behalf of the Michigan

2    Class against Toyota.

3    533.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

4    under Mich. Comp. Laws § 440.2104(1) and a "seller" of motor vehicles under § 440.2103(1)(c).

5    534.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

6    vehicles under Mich. Comp. Laws. S 440.2803(1)(p).

7    535.    The RAV4s are and were at all relevant times "goods" within the meaning of Mich.

8    Comp. Laws §§ 440.2105(1) and 440.2803(1)(h).

9    536.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

10    purpose for which vehicles are used is implied by law pursuant to Mich. Comp. Laws §§ 440.2314

11    and 440.2862.

12    537.    The RAV4s, when sold or leased and at all times thereafter, were not in

13    merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

14    Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

15    their mileage range is significantly diminished.

16    538.    Plaintiff Birchfield reported his fuel tank issue to Toyota on February 10, 2019. In

17    addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer

18    complaints filed against it, including the instant Complaint and similar legal proceedings and has

19    actual knowledge of the failure as evidenced by its public admission in December 2019 that the

20    fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the

21    RAV4's total available driving distance.

22    539.    As a direct and proximate result of Toyota's breach of the implied warranty of

23    merchantability Plaintiff Birchfield and the Michigan Class members have been damaged in an

24    amount to be proven at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**THIRTY-SEVENTH CLAIM FOR RELIEF**
**Violations of Minnesota Prevention of Consumer Fraud Act**
**MINN. STAT. § 325f.68, *et seq.***
*On Behalf of Plaintiff Dennis Klinkhammer and the Minnesota Class*

540.     Plaintiff Klinkhammer, individually and on behalf of the Minnesota Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

541.     Plaintiff Klinkhammer brings this claim individually and on behalf of the Minnesota Class against Toyota.

542.     The RAV4s constitute "merchandise" within the meaning of Minn. Stat. § 325F.68(2).

543.     The Minnesota Prevention of Consumer Fraud Act ("Minnesota CFA") prohibits "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby …." Minn. Stat. § 325F.69(1). Toyota engaged in misleading, false, or deceptive acts that violated the Minnesota CFA.

544.     In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

545.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

546.     Toyota's actions as set forth above occurred in the conduct of trade or commerce.

547.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent to mislead plaintiff Klinkhammer and the Minnesota Class.

548.    Toyota knew or should have known that its conduct violated the Minnesota CFA.

549.    Toyota owed Plaintiff Klinkhammer and the Minnesota Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Klinkhammer and the Minnesota Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Klinkhammer and the Minnesota Class that contradicted these representations.

550.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Klinkhammer.

551.    Plaintiff Klinkhammer and the Minnesota Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Klinkhammer and the Minnesota Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

552.    Toyota had an ongoing duty to Plaintiff Klinkhammer and the Minnesota Class to refrain from unfair and deceptive practices under the Minnesota CFA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the court of Toyota's business.

553.    Toyota's violations present a continuing risk to Plaintiff Klinkhammer, the Minnesota Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

554.    As a direct and proximate result of Toyota's violations of the Minnesota CFA, Plaintiff Klinkhammer and the Minnesota Class have suffered injury-in-fact and/or actual damage.

1    555.    Pursuant to Minn. Stat. § 8.31(3a), Plaintiff Klinkhammer and the Minnesota Class

2    seek actual damages, attorneys' fees, and any other just and proper relieve available under the

3    Minnesota CFA.

4    556.    Plaintiff Klinkhammer also seeks punitive damages under Minn. Stat. §

5    549.20(1)(a) given the clear and convincing evidence that Toyota's acts show deliberate disregard

6    for the rights or safety of others.

### THIRTY-EIGHTH CLAIM FOR RELIEF
#### Violations of Minnesota Uniform Deceptive Trade Practices Act
##### MINN. STAT. § 325d.43-48, *et seq.*
#### *On Behalf of Plaintiff Dennis Klinkhammer and the Minnesota Class*

11    557.    Plaintiff Klinkhammer, individually and on behalf of the Minnesota Class,

12    incorporates by reference all of the allegations contained in the preceding paragraphs of this Class

13    Action Complaint as if fully set forth herein.

14    558.    Plaintiff Klinkhammer brings this claim individually and on behalf of the

15    Minnesota Class against Toyota.

16    559.    The Minnesota Deceptive Trade Practices Act ("Minnesota DTPA") prohibits

17    deceptive trade practices, which occur when a person "(5) represents that goods or services have

18    sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not

19    have or that a person has a sponsorship, approval, status, affiliation, or connection that the person

20    does not have;" "(7) represents that goods or services are of a particular standard, quality, or

21    grade, or that goods are of a particular style or model, if they are of another;" and "(9) advertises

22    goods or services with intent not to sell them as advertised." Minn. Stat. § 325D.44.

23    560.    In the course of its business, Toyota concealed and suppressed material facts

24    concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

25    and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

26    tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

27    deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  omission of any material fact with intent that others rely upon such concealment, suppression or

2  omission, in connection with the sale and lease of RAV4s.

3       561.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

4  sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

5  and mileage range after the RAV4s were sold and leased but continued to conceal information

6  until the defect was revealed by RAV4 purchasers and lessees.

7       562.   Toyota's actions as set forth above occurred in the conduct of trade or commerce.

8       563.   Toyota intentionally and knowingly misrepresented material facts regarding the

9  RAV4s with intent to mislead plaintiff Klinkhammer and the Minnesota Class.

10      564.   Toyota knew or should have known that its conduct violated the Minnesota DTPA.

11      565.   Toyota owed Plaintiff Klinkhammer and the Minnesota Class a duty to disclose the

12 true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

13 intentionally concealed the foregoing from Plaintiff Klinkhammer and the Minnesota Class; and

14 (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range,

15 while purposefully withholding material facts from Plaintiff Klinkhammer and the Minnesota

16 Class that contradicted these representations.

17      566.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

18 reasonable consumers, including Plaintiff Klinkhammer.

19      567.   Plaintiff Klinkhammer and the Minnesota Class suffered ascertainable loss and

20 actual damages as a direct and proximate result of Toyota's misrepresentations and its

21 concealment of and failure to disclose material information. Plaintiff Klinkhammer and the

22 Minnesota Class members who purchased or leased the RAV4s would not have purchased or

23 leased them or would have paid significantly less for them if the fuel tank defect had been

24 disclosed.

25      568.   Toyota had an ongoing duty to Plaintiff Klinkhammer and the Minnesota Class to

26 refrain from unfair and deceptive practices under the Minnesota DTPA. All owners of the RAV4s

27 suffered ascertainable loss in the form of the diminished value of their vehicles as a result of

28 Toyota's deceptive and unfair acts and practices made in the court of Toyota's business.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

569.     Toyota's violations present a continuing risk to Plaintiff Klinkhammer, the Minnesota Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

570.     As a direct and proximate result of Toyota's violations of the Minnesota CFA, Plaintiff Klinkhammer and the Minnesota Class have suffered injury-in-fact and/or actual damage.

571.     Pursuant to Minn. Stat. § 8.31(3a) and 325D.45, Plaintiff Klinkhammer and the Minnesota Class seek actual damages, attorneys' fees, and any other just and proper relieve available under the Minnesota DTPA.

572.     Plaintiff Klinkhammer also seeks punitive damages under Minn. Stat. § 549.20(1)(a) given the clear and convincing evidence that Toyota's acts show deliberate disregard for the rights or safety of others.

<div align="center">

**THIRTY-NINTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**MINN. STAT. §§ 326.2-313 and 336.2A-210**
*On Behalf of Plaintiff Dennis Klinkhammer and the Minnesota Class*

</div>

573.     Plaintiff Klinkhammer, individually and on behalf of the Minnesota Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

574.     Plaintiff Klinkhammer brings this claim individually and on behalf of the Minnesota Class against Toyota.

575.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Minn. Stat. § 336.2-104(1) and a "seller" of motor vehicles under § 336.2-103(1)(d).

576.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Minn. Stat. § 336.2A-103(1)(p).

577.     The RAV4s are and were at all relevant times "goods" within the meaning of Minn. Stat. §§ 336.2-105(1) and 336.2A-103(1)(h).

578.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

579.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Klinkhammer and the Minnesota Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

580.    Plaintiff Klinkhammer and the Minnesota Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Klinkhammer and the Minnesota Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

581.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

582.    Plaintiff Klinkhammer reported the fuel tank issue to St. Cloud Toyota on or about September 16, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

583.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Klinkhammer and the Minnesota Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FORTIETH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**MINN. STAT. §§ 336.2-314 and 336.2A-212**
*On Behalf of Plaintiff Dennis Klinkhammer and the Minnesota Class*

584.    Plaintiff Klinkhammer, individually and on behalf of the Minnesota Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

585.    Plaintiff Klinkhammer brings this claim individually and on behalf of the Minnesota Class against Toyota.

586.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Minn. Stat. § 336.2-104(1) and a "seller" of motor vehicles under § 336.2-103(1)(d).

587.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Minn. Stat. § 336.2A-103(1)(p).

588.    The RAV4s are and were at all relevant times "goods" within the meaning of Minn. Stat. §§ 336.2-105(1) and 336.2A-103(1)(h).

589.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied pursuant to Minn. Stat. §§ 336.2-314 and 336.2A-212.

590.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

591.    Plaintiff Klinkhammer reported the fuel tank issue to St. Cloud Toyota on or about September 16, 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

592.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability Plaintiff Klinkhammer and the Minnesota Class members have been damaged in an amount to be proven at trial.

**FORTY-FIRST CLAIM FOR RELIEF**
**Violations of the Missouri Merchandising Practices Act**
**MO. REV. STAT. § 407.010,** *et seq.*
***On Behalf of Plaintiff Jonathan Pool and the Missouri Class***

593.    Plaintiff Pool, individually and on behalf of the Missouri Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

594.    Plaintiff Pool brings this claim individually and on behalf of the Missouri Class against Toyota.

595.    Toyota, Plaintiff Pool, and the Missouri Class members are "persons" within the meaning of Mo. Rev. Stat. § 407.010(7).

596.    The Missouri Merchandising Practices Act ("Missouri MPA") makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise." Mo. Rev. Stat. § 407.020.

597.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

598.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

599.    Toyota owed Plaintiff Pool and the Missouri Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Pool and the Missouri Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Pool and the Missouri Class that contradicted these representations.

600.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent to mislead Plaintiff Pool and the Missouri Class, including without limitation, by failing to disclose the fuel tank defect in light of circumstances under which the omitted facts were necessary in order to correct the assumptions, inferences, or representations being made by Toyota about the RAV4's fuel tank and mileage range. Consequently, the failure to disclose such facts amounts to misleading statements pursuant to 15 Mo. Code of State Reg. 60-9.090.

601.    Because Toyota knew or believed that its statements regarding the RAV4's fuel tank and mileage range were not in accord with the facts and/or had no reasonable basis for such statements in light of its knowledge of the fuel tank defect, Toyota engaged in fraudulent misrepresentations pursuant to 15 Mo. Code of State Reg. 60-8.020.

602.    Toyota knew or should have known that its conduct violated the Missouri MPA.

603.    Toyota's concealment of the true fuel tank capacity and mileage range of the RAV4s was material to Plaintiff Pool and the Missouri Class members.

604.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Pool.

605.    Plaintiff Pool and the Missouri Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Pool and the Missouri Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

606.    Toyota had an ongoing duty to Plaintiff Pool and the Missouri Class to refrain from unfair and deceptive practices under the Missouri MPA. All owners of the RAV4s suffered

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's

2   deceptive and unfair acts and practices made in the court of Toyota's business.

3       607.    Toyota's violations present a continuing risk to Plaintiff Pool, the Missouri Class,

4   and the general public. Toyota's unlawful acts and practices complained of herein affect the public

5   interest.

6       608.    As a direct and proximate result of Toyota's violations of the Missouri MPA,

7   Plaintiff Pool and the Missouri Class have suffered injury-in-fact and/or actual damage.

8       609.    Toyota is liable to Plaintiff Pool and the Missouri Class for damages in amounts to

9   be proven at trial, including attorneys' fees, costs, and punitive damages, as well as injunctive

10  relief enjoining Toyota's unfair and deceptive practices, and any other just and proper relief under

11  Mo. Rev. Stat. § 407.025.

### FORTY-SECOND CLAIM FOR RELIEF
#### Breach of Express Warranty
#### Mo. Stat. § 400.2-313 and 400.2A-210
#### *On Behalf of Plaintiff Jonathan Pool and the Missouri Class*

610.    Plaintiff Pool, individually and on behalf of the Missouri Class, incorporates by
reference all of the allegations contained in the preceding paragraphs of this Class Action
Complaint as if fully set forth herein.

611.    Plaintiff Pool brings this claim individually and on behalf of the Missouri Class
against Toyota.

612.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles
under Mo. Stat. § 400.2-104(1) and a "seller" of motor vehicles under § 400.2-103(1)(d).

613.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor
vehicles under Mo. Stat. § 400.2A-103(1)(p).

614.    The RAV4s are and were at all relevant times "goods" within the meaning of Mo.
Stat. §§ 400.2-105(1) and 400.2A-103(1)(h).

615.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides
an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000
miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

616.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Pool and the Missouri Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

617.    Plaintiff Pool and the Missouri Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Pool and the Missouri Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

618.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

619.    Plaintiff Pool reported his fuel tank issue to Toyota in or about the fall of 2019. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

620.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Pool and the Missouri Class members have been damaged in an amount to be determined at trial.

1

2

**FORTY-THIRD CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Mo. Stat. § 400.2-314 and 400.2A-212**
*On Behalf of Plaintiff Jonathan Pool and the Missouri Class*

3

4

621.    Plaintiff Pool, individually and on behalf of the Missouri Class, incorporates by

5

reference all of the allegations contained in the preceding paragraphs of this Class Action

6

Complaint as if fully set forth herein.

7

622.    Plaintiff Pool brings this claim individually and on behalf of the Missouri Class

8

against Toyota.

9

623.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

10

under Mo. Stat. § 400.2-104(1) and a "seller" of motor vehicles under § 400.2-103(1)(d).

11

624.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

12

vehicles under Mo. Stat. § 400.2A-103(1)(p).

13

625.    The RAV4s are and were at all relevant times "goods" within the meaning of Mo.

14

Stat. §§ 400.2-105(1) and 400.2A-103(1)(h).

15

626.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

16

purpose for which vehicles are used is implied by law pursuant Mo. Stat. §§ 400.2-314 and

17

400.2A-212.

18

627.    The RAV4s, when sold or leased and at all times thereafter, were not in

19

merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

20

Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

21

their mileage range is significantly diminished.

22

628.    Plaintiff Pool reported his fuel tank issue to Toyota in or about the fall of 2019. In

23

addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer

24

complaints filed against it, including the instant Complaint and similar legal proceedings and has

25

actual knowledge of the failure as evidenced by its public admission in December 2019 that the

26

fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the

27

RAV4's total available driving distance.

28

Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    629.    As a direct and proximate result of Toyota's breach of the implied warranty of

2    merchantability Plaintiff Pool and the Missouri Class members have been damaged in an amount

3    to be proven at trial.

### FORTY-FOURTH CLAIM FOR RELIEF
#### Violations of the Montana Unfair Trade Practices and Consumer Protection Act of 1973
#### MONT. CODE ANN. § 30-14-101, *et seq.*
#### *On Behalf of Plaintiff Philip Martin and the Montana Class*

7    630.    Plaintiff Martin, individually and on behalf of the Montana Class, incorporates by

8    reference all of the allegations contained in the preceding paragraphs of this Class Action

9    Complaint as if fully set forth herein.

10    631.    Plaintiff Martin brings this claim individually and on behalf of the Montana Class

11    against Toyota.

12    632.    Toyota, Plaintiff Martin, and the Montana Class members are "persons" within the

13    meaning of Mont. Code Ann. § 30-14-102(6).

14    633.    Plaintiff Martin and the Montana Class members are "consumer[s]" under Mont.

15    Code Ann. § 30-14-102(1).

16    634.    The sale or lease of the RAV4s to Plaintiff Martin and the Montana Class members

17    occurred within "trade and commerce" within the meaning of Mont. Code Ann. S 30-14-102(8),

18    and Toyota committed deceptive and unfair acts in the conduct of "trade and commerce" as

19    defined in that statutory section.

20    635.    The Montana Unfair Trade Practices and Consumer Protection Act of 1973

21    ("Montana CPA") makes unlawful any "unfair methods of competition and unfair or deceptive

22    acts or practices in the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103.

23    636.    In the course of its business, Toyota concealed and suppressed material facts

24    concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

25    and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

26    tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

27    deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

637.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

638.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent mislead Plaintiff Martin and the Montana Class members.

639.    Toyota thus violated the Montana CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale and lease of RAV4s.

640.    Toyota knew or should have known that its conduct violated the Montana CPA.

641.    Toyota owed Plaintiff Martin and the Montana Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Martin and the Montana Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Martin and the Montana Class that contradicted these representations.

642.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Martin.

643.    Plaintiff Martin and the Montana Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Martin and the Montana Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

644.    Toyota had an ongoing duty to Plaintiff Martin and the Montana Class to refrain from unfair and deceptive practices under the Montana CPA. All owners of the RAV4s suffered

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

645.    Toyota's violations present a continuing risk to Plaintiff Martin, the Montana Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

646.    As a direct and proximate result of Toyota's violations of the Montana CPA, Plaintiff Martin and the Montana Class have suffered injury-in-fact and/or actual damage.

647.    Because Toyota's unlawful methods, acts, and practices have caused Montana Class members to suffer an ascertainable loss of money and property, the Montana Class seeks from Toyota actual damages or $500, whichever is greater, discretionary treble damages, reasonable attorneys' fees, an order enjoining Toyota's unfair, unlawful, and/or deceptive practices, and any other relief the Court considers necessary or proper, under Mont. Code Ann. § 30-14-133.

## FORTY-FIFTH CLAIM FOR RELIEF
### Breach of Express Warranty
#### MONT. CODE ANN. §§ 30-2-313 and 30-2A-210
##### *On Behalf of Plaintiff Philip Martin and the Montana Class*

648.    Plaintiff Martin, individually and on behalf of the Montana Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

649.    Plaintiff Martin brings this claim individually and on behalf of the Montana Class against Toyota.

650.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mont. Code § 30-2-104(1) and a "seller" of motor vehicles under § 30-2-103(1)(d).

651.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mont. Code § 30-2A-103(1)(p).

652.    The RAV4s are and were at all relevant times "goods" within the meaning of Mont. Code §§ 30-2-105(1) and 30-2A-103(1)(h).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1

2

3

4

5

6

7

8

9

10

11

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

653.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

654.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Martin and the Montana Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

655.    Plaintiff Martin and the Montana Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Martin and the Montana Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

656.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

657.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

658.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Martin and the Montana Class members have been damaged in an amount to be determined at trial.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

**FORTY-SIXTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**MONT. CODE ANN. §§ 30-2-314 and 30-2-212**
*On Behalf of Plaintiff Philip Martin and the Montana Class*

659.    Plaintiff Martin, individually and on behalf of the Montana Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

660.    Plaintiff Martin brings this claim individually and on behalf of the Montana Class against Toyota.

661.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Mont. Code § 30-2-104(1) and a "seller" of motor vehicles under § 30-2-103(1)(d).

662.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Mont. Code § 30-2A-103(1)(p).

663.    The RAV4s are and were at all relevant times "goods" within the meaning of Mont. Code §§ 30-2-105(1) and 30-2A-103(1)(h).

664.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Mont. Code §§ 30-2-314 and 30-2A-212.

665.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

666.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

667.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Martin and the Montana Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FORTY-SEVENTH CLAIM FOR RELIEF**
**Violations of the Nebraska Consumer Protection Act**
**NEB. REV. STAT. § 59-1601, *et seq.***
***On Behalf of Plaintiff Brad Ramaekers and the Nebraska Class***

668.    Plaintiff Ramaekers, individually and on behalf of the Nebraska Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

669.    Plaintiff Ramaekers brings this claim individually and on behalf of the Nebraska Class against Toyota.

670.    Toyota, Plaintiff Ramaekers, and the Nebraska Class members are "person[s]" under the Nebraska Consumer Protection Act ("Nebraska CPA"), Neb. Rev. Stat. § 59-1601(1).

671.    Toyota's actions as set forth herein occurred in the conduct of trade or commerce as defined under Neb. Rev. Stat. § 59-1601(2).

672.    The Nebraska CPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Neb. Rev. Stat. § 59-1602. Toyota's conduct as set forth herein constitutes unfair or deceptive acts or practices.

673.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

674.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

675.    Toyota owed Plaintiff Ramaekers and the Nebraska Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

intentionally concealed the foregoing from Plaintiff Ramaekers and the Nebraska Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Ramaekers and the Nebraska Class that contradicted these representations.

676.    Toyota thus violated the Nebraska CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale and lease of RAV4s.

677.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent mislead Plaintiff Ramaekers and the Nebraska Class members.

678.    Toyota knew or should have known that its conduct violated the Nebraska CPA.

679.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Ramaekers.

680.    Plaintiff Ramaekers and the Nebraska Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Ramaekers and the Nebraska Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

681.    Toyota had an ongoing duty to Plaintiff Ramaekers and the Nebraska Class to refrain from unfair and deceptive practices under the Nebraska CPA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

682.    Toyota's violations present a continuing risk to Plaintiff Ramaekers, the Nebraska Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

683.    As a direct and proximate result of Toyota's violations of the Nebraska CPA, Plaintiff Ramaekers and the Nebraska Class have suffered injury-in-fact and/or actual damage.

684. Because Toyota's violations of the Nebraska CPA caused injury to Plaintiff Ramaekers's and the Nebraska Class members' property, Plaintiff Ramaekers and the Nebraska Class seek recovery of actual damages, as well as enhanced damages up to $1,000, an order enjoining Toyota's unfair or deceptive acts and practices, costs of Court, reasonable attorneys' fees, and any other just and proper relief available under Neb. Rev. Stat. § 59-1609.

**FORTY-EIGHTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**NEB. REV. STAT. U.C.C. § 2-313 and 2A-210**
*On Behalf of Plaintiff Brad Ramaekers and the Nebraska Class*

685. Plaintiff Ramaekers, individually and on behalf of the Nebraska Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

686. Plaintiff Ramaekers brings this claim individually and on behalf of the Nebraska Class against Toyota.

687. Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Neb. Rev. St. U.C.C. § 2-104(1)and a "seller" of motor vehicles under § 2-103(1)(d).

688. With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Neb. Rev. St. U.C.C. § 2A-103(1)(p).

689. The RAV4s are and were at all relevant times "goods" within the meaning of Neb. Rev. St. U.C.C. §§ 2-105(1) and 2A-103(1)(h).

690. In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

691. Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Ramaekers and the Nebraska Class members purchased or leased the RAV4s with defects in the fuel tank that prevent

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

692.   Plaintiff Ramaekers and the Nebraska Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Ramaekers and the Nebraska Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

693.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

694.   Plaintiff Ramaekers reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

695.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Ramaekers and the Nebraska Class members have been damaged in an amount to be determined at trial.

<div align="center">

**FORTY-NINTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**NEB. REV. STAT. U.C.C. § 2-314 and 2A-212**
***On Behalf of Plaintiff Brad Ramaekers and the Nebraska Class***

</div>

696.   Plaintiff Ramaekers, individually and on behalf of the Nebraska Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

697.   Plaintiff Ramaekers brings this claim individually and on behalf of the Nebraska Class against Toyota.

698.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Neb. Rev. St. U.C.C. § 2-104(1)and a "seller" of motor vehicles under § 2-103(1)(d).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

699.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Neb. Rev. St. U.C.C. § 2A-103(1)(p).

700.   The RAV4s are and were at all relevant times "goods" within the meaning of Neb. Rev. St. U.C.C. §§ 2-105(1) and 2A-103(1)(h).

701.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Neb. Rev. St. U.C.C. §§ 2-314 and 2A-212.

702.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

703.   Plaintiff Ramaekers reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

704.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Ramaekers and the Nebraska Class members have been damaged in an amount to be determined at trial.

**FIFTIETH CLAIM FOR RELIEF**
**Violations of the Nevada Deceptive Trade Practices Act**
**NEV. REV. STAT. § 598.0903, *et seq.***
***On Behalf of Plaintiff Kirk Arellano and the Nevada Class***

705.   Plaintiff Arellano, individually and on behalf of the Nevada Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

706.   Plaintiff Arellano brings this claim individually and on behalf of the Nevada Class against Toyota

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

707.    The Nevada Deceptive Trade Practices Act ("Nevada DTPA"), NEV. REV. STAT. § 598.0903, *et seq.*, prohibits deceptive trade practices. NEV. REV. STAT. § 598.0915 provides that a person engages in a "deceptive trade practice" if, in the course of business or occupation, the person: "5. Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith"; "7. Represents that goods or services for sale or lease are of a particular standard, quality or grade, or that such goods are of a particular style or model, if he or she knows or should know that they are of another standard, quality, grade, style or model"; "9. Advertises goods or services with intent not to sell or lease them as advertised"; or "15. Knowingly makes any other false representation in a transaction."

708.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

709.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

710.    Toyota owed Plaintiff Arellano and the Nevada Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Arellano and the Nevada Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Arellano and the Nevada Class that contradicted these representations.

1    711.    Toyota thus violated the Nevada DTPA by, at a minimum, employing deception,

2    deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or omission of

3    any material fact with the intent that others rely upon such concealment, suppression, or omission,

4    in connection with the sale and lease of RAV4s.

5    712.    Toyota's actions as set forth above occurred in the conduct of trade or commerce.

6    713.    Toyota intentionally and knowingly misrepresented material facts regarding the

7    RAV4s with the intent to mislead Plaintiff Arellano and the Nevada Class members.

8    714.    Toyota knew or should have known that its conduct violated the Nevada DTPA.

9    715.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

10   reasonable consumers, including Plaintiff Arellano.

11   716.    Plaintiff Arellano and the Nevada Class suffered ascertainable loss and actual

12   damages as a direct and proximate result of Toyota's misrepresentations and its concealment of

13   and failure to disclose material information. Plaintiff Arellano and the Nevada Class members

14   who purchased or leased the RAV4s would not have purchased or leased them or would have paid

15   significantly less for them if the fuel tank defect had been disclosed.

16   717.    Toyota had an ongoing duty to Plaintiff Arellano and the Nevada Class to refrain

17   from unfair and deceptive practices under the Nevada DTPA. All owners of the RAV4s suffered

18   ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's

19   deceptive and unfair acts and practices made in the course of Toyota's business.

20   718.    Toyota's violations present a continuing risk to Plaintiff Arellano, the Nevada

21   Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the

22   public interest.

23   719.    As a direct and proximate result of Toyota's violations of the Nevada DTPA,

24   Plaintiff Arellano and the Nevada Class have suffered injury-in-fact and/or actual damage.

25   720.    Accordingly, Plaintiff Arellano and the Nevada Class members seek their actual

26   damages, punitive damages, an order enjoining Toyota's deceptive acts or practices, costs of suit,

27   attorney's fees, and all other appropriate and available remedies under the Nevada Deceptive

28   Trade Practices Act. NEV. REV. STAT. § 41.600.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FIFTY-FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.R.S. §§ 104.2313 and 104A.2210**
*On Behalf of Plaintiff Kirk Arellano and the Nevada Class*

721.    Plaintiff Arellano, individually and on behalf of the Nevada Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

722.    Plaintiff Arellano brings this claim individually and on behalf of the Nevada Class against Toyota.

723.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.R.S. § 104.2104(1) and a "seller" of motor vehicles under § 104.2103(1)(c).

724.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.R.S. § 104A.2103(1)(p).

725.    The RAV4s are and were at all relevant times "goods" within the meaning of N.R.S. §§ 104.2105(1) and 104A.2103(1)(h).

726.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

727.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Arellano and the Nevada Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

728.    Plaintiff Arellano and the Nevada Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Arellano and the Nevada Class members that the RAV4s contain defectively designed fuel tanks that

prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

729.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

730.    Plaintiff Arellano reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

731.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Arellano and the Nevada Class members have been damaged in an amount to be determined at trial.

<div align="center">

**FIFTY-SECOND CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**N.R.S. §§ 104.2314  and 104A.2212**
***On Behalf of Plaintiff Kirk Arellano and the Nevada Class***

</div>

732.    Plaintiff Arellano, individually and on behalf of the Nevada Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

733.    Plaintiff Arellano brings this claim individually and on behalf of the Nevada Class against Toyota.

734.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.R.S. § 104.2104(1) and a "seller" of motor vehicles under § 104.2103(1)(c).

735.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.R.S. § 104A.2103(1)(p).

736.    The RAV4s are and were at all relevant times "goods" within the meaning of N.R.S. §§ 104.2105(1) and 104A.2103(1)(h).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

737.     A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.R.S. §§ 104.2314 and 104A.2212.

738.     The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

739.     Plaintiff Arellano reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

740.     As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Arellano and the Nevada Class members have been damaged in an amount to be determined at trial.

### FIFTY-THIRD CLAIM FOR RELIEF
#### Violations of N.H. Consumer Protection Act
#### N.H. REV. STAT. ANN. § 358-A:1, *et seq.*
#### *On Behalf of Plaintiff Paul McPhie and the New Hampshire Class*

741.     Plaintiff McPhie, individually and on behalf of the New Hampshire Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

742.     Plaintiff McPhie brings this claim individually and on behalf of the New Hampshire Class against Toyota.

743.     Plaintiff McPhie, the New Hampshire class members, and Toyota are "persons" under the New Hampshire Consumer Protection Act ("New Hampshire PA"). N.H. Rev. Stat. § 358-A:1.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1

2

744.    Toyota's actions as set forth herein occurred in the conduct of trade or commerce as defined under N.H. Rev. Stat. § 358-A:1.

3

4

5

6

7

8

745.    The New Hampshire CPA prohibits a person, in the conduct of any trade or commerce, from using "any unfair or deceptive act or practice," including "but ... not limited to, the following: ... (V) Representing that goods or services have ... characteristics, ... uses, benefits, or quantities that they do not have;" "(VII) Representing that goods or services are of a particular standard, quality, or grade, ... if they are of another;" and "(IX) Advertising goods or services with intent not to sell them as advertised." N.H. Rev. Stat. § 358-A:2.

9

10

11

12

13

14

15

746.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

16

17

18

19

20

21

747.    Toyota owed Plaintiff McPhie and the New Hampshire Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff McPhie and the New Hampshire Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff McPhie and the New Hampshire Class that contradicted these representations.

22

23

24

25

748.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased, but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

26

27

749.    Toyota thus violated the New Hampshire CPA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression, or

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

omission of any material fact with the intent that others rely upon such concealment, suppression, or omission, in connection with the sale and lease of RAV4s.

750.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent mislead Plaintiff McPhie and the New Hampshire Class members.

751.    Plaintiff McPhie and the New Hampshire Class members viewed and received Toyota's misrepresentations in the State of New Hampshire.

752.    Toyota knew or should have known that its conduct violated the New Hampshire CPA.

753.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff McPhie.

754.    Plaintiff McPhie and the New Hampshire Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff McPhie and the New Hampshire Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

755.    Toyota had an ongoing duty to Plaintiff McPhie and the New Hampshire Class to refrain from unfair and deceptive practices under the New Hampshire CPA. All owners of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

756.    Toyota's violations present a continuing risk to Plaintiff McPhie, the New Hampshire Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

757.    As a direct and proximate result of Toyota's violations of the New Hampshire CPA, Plaintiff McPhie and the New Hampshire Class have suffered injury-in-fact and/or actual damage.

758.    Because Toyota's willful conduct caused injury to Plaintiff McPhie and the New Hampshire Class members' property through violations of the New Hampshire CPA, Plaintiff

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   McPhie and the New Hampshire Class seek recovery of actual damages or $1,000 each,

2   whichever is greater, treble damages, costs, and reasonable attorneys' fees, an order enjoining

3   Toyota's unfair and/or deceptive acts and practices, and any other just and proper relief under

4   N.H. REV. STAT. § 358-A:10.

<div align="center">

**FIFTY-FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.H. REV. STAT. §§ 382-A:2-313 and 382-A:2A-210)**
***On Behalf of Plaintiff Paul McPhie and the New Hampshire Class***

</div>

8   759.   Plaintiff McPhie, individually and on behalf of the New Hampshire Class,

9   incorporates by reference all of the allegations contained in the preceding paragraphs of this Class

10   Action Complaint as if fully set forth herein.

11   760.   Plaintiff McPhie brings this claim individually and on behalf of the New

12   Hampshire Class against Toyota.

13   761.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

14   under N.H. Rev. Stat. § 382-A:2-104(1) and a "seller" of motor vehicles under § 382-A:2-

15   103(1)(d).

16   762.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

17   vehicles under N.H. Rev. Stat.  § 382-A:2A-103(1)(p).

18   763.   The RAV4s are and were at all relevant times "goods" within the meaning of N.H.

19   Rev. Stat. §§ 382-A:2-105(1) and 2A-103(1)(h).

20   764.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides

21   an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

22   miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

23   correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

24   and represents in its marketing, specifications, and informational materials that the RAV4s fuel

25   tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

26   765.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and

27   mileage range formed a basis of the bargain that was breached when Plaintiff McPhie and the

28   New Hampshire Class members purchased or leased the RAV4s with defects in the fuel tank that

1  prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to

2  significantly less than 580 miles.

3     766.    Plaintiff McPhie and the New Hampshire Class members experienced defects

4  within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff

5  McPhie and the New Hampshire Class members that the RAV4s contain defectively designed fuel

6  tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the

7  advertised 580 mileage range.

8     767.    Toyota breached the express warranty promising to repair or adjust defects in

9  materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted,

10  and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

11     768.    Plaintiff McPhie reported his fuel tank issue to Toyota. In addition, Toyota was

12  provided with notice of these issues by numerous NHTSA and consumer complaints filed against

13  it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the

14  failure as evidenced by its public admission in December 2019 that the fuel tank shape of the

15  RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available

16  driving distance.

17     769.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff

18  McPhie and the New Hampshire Class members have been damaged in an amount to be

19  determined at trial.

**FIFTY-FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**N.H. REV. STAT. §§ 382-A:2-314 and 382-A:2A-212)**
***On Behalf of Plaintiff Paul McPhie and the New Hampshire Class***

23     770.    Plaintiff McPhie, individually and on behalf of the New Hampshire Class,

incorporates by reference all of the allegations contained in the preceding paragraphs of this Class

Action Complaint as if fully set forth herein.

26     771.    Plaintiff McPhie brings this claim individually and on behalf of the New

Hampshire Class against Toyota.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

772.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.H. Rev. Stat. § 382-A:2-104(1) and a "seller" of motor vehicles under § 382-A:2-103(1)(d).

773.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.H. Rev. Stat.  § 382-A:2A-103(1)(p).

774.    The RAV4s are and were at all relevant times "goods" within the meaning of N.H. Rev. Stat. §§ 382-A:2-105(1) and 2A-103(1)(h).

775.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.H. Rev. Stat. §§ 382-A:2-314 and 382-A:2A-212.

776.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

777.    Plaintiff McPhie reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

778.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff McPhie and the New Hampshire Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FIFTY-SIXTH CLAIM FOR RELIEF**
**Violations of New Jersey Consumer Fraud Act**
**N.J. Stat. Ann. §§ 56:8-1,** *et seq.*
*On Behalf of Plaintiffs Angelo Markatos, Domenico Colabraro and the New Jersey Class*

779.     Plaintiffs Markatos and Colabraro, individually and on behalf of the New Jersey

Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this

Class Action Complaint as if fully set forth herein.

780.     Plaintiffs Markatos and Colabraro bring this claim individually and on behalf of the

New Jersey Class against Toyota.

781.     Plaintiffs Markatos and Colabraro, the New Jersey class members, and Toyota are

persons under the New Jersey Consumer Fraud Act ("New Jersey CFA"), N.J. Stat. § 56:8-1(d).

782.     Toyota engaged in "sales" of "merchandise" within the meaning of N.J. Stat. §

56:8-1(c),(e). Toyota's actions as set forth herein occurred in the conduct of trade or commerce.

783.     The New Jersey CFA makes unlawful "[t]he act, use or employment by any person

of any unconscionable commercial practice, deception, fraud, false pretense, false promise,

misrepresentation, or the knowing concealment, suppression, or omission of any material fact with

the intent that others rely upon such concealment, suppression or omission, in connection with the

sale or advertisement of any merchandise or real estate, or with the subsequent performance of

such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged

thereby..." N.J. Stat. § 56:8-2.

784.     In the course of its business, Toyota concealed and suppressed material facts

concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

omission of any material fact with intent that others rely upon such concealment, suppression or

omission, in connection with the sale and lease of RAV4s.

785.     Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

786.    Toyota owed Plaintiffs Markatos and Colabraro and the New Jersey Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Markatos and Colabraro and the New Jersey Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Markatos and Colabraro and the New Jersey Class that contradicted these representations.

787.    Toyota thus violated the New Jersey CFA by, at a minimum: 1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s; and (5) otherwise engaging in conduct likely to deceive.

788.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiffs Markatos and Colabraro and the New Jersey Class members.

789.    Toyota knew or should have known that its conduct violated the New Jersey CFA.

790.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Markatos and Colabraro.

791.    Plaintiffs Markatos and Colabraro and the New Jersey Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Markatos and Colabraro and the New Jersey Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

792.    Toyota had an ongoing duty to Plaintiffs Markatos and Colabraro and the New Jersey Class to refrain from unfair and deceptive practices under the New Jersey CFA. All owners

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

of the RAV4s suffered ascertainable loss in the form of the diminished value of their vehicles as a result of Toyota's deceptive and unfair acts and practices made in the course of Toyota's business.

793.    Toyota's violations present a continuing risk to Plaintiffs Markatos and Colabraro, the New Jersey Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

794.    As a direct and proximate result of Toyota's violations of the New Jersey CFA, Plaintiffs Markatos and Colabraro and the New Jersey Class have suffered injury-in-fact and/or actual damage.

795.    As a result of the foregoing wrongful conduct of Toyota, Plaintiffs Markatos and Colabraro and the New Jersey class members have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to, actual and statutory damages, treble damages, an order enjoining Toyota's deceptive and unfair conduct, costs and reasonable attorneys' fees under N.J. Stat. § 56-:8-19, and all other just and appropriate relief.

**FIFTY-SEVENTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.J.S. 12A:2-313 and 2A-210)**
*On Behalf of Plaintiffs Angelo Markatos, Domenico Colabraro and the New Jersey Class*

796.    Plaintiffs Markatos and Colabraro, individually and on behalf of the New Jersey Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

797.    Plaintiffs Markatos and Colabraro bring this claim individually and on behalf of the New Jersey Class against Toyota.

798.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.J.S 12A:2-104(1) and a "seller" of motor vehicles under 2-103(1)(d).

799.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.J.S.  12A:2A-103(1)(p).

800.    The RAV4s are and were at all relevant times "goods" within the meaning of N.J.S. 12A:2-105(1) and 2A-103(1)(h).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

801.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

802.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Markatos and Colabraro and the New Jersey Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

803.    Plaintiffs Markatos and Colabraro and the New Jersey Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Markatos and Colabraro and the New Jersey Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

804.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

805.    Plaintiff Markatos reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

806.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Markatos and Colabraro and the New Jersey Class members have been damaged in an amount to be determined at trial.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### FIFTY-EIGHTH CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### N.J.S. 12A:2-314 and 2A-212)
### *On Behalf of Plaintiffs Angelo Markatos, Domenico Colabraro and the New Jersey Class*

807.    Plaintiffs Markatos and Colabraro, individually and on behalf of the New Jersey Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

808.    Plaintiffs Markatos and Colabraro bring this claim individually and on behalf of the New Jersey Class against Toyota.

809.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.J.S 12A:2-104(1) and a "seller" of motor vehicles under 2-103(1)(d).

810.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.J.S.  12A:2A-103(1)(p).

811.    The RAV4s are and were at all relevant times "goods" within the meaning of N.J.S. 12A:2-105(1) and 2A-103(1)(h).

812.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.J.S. 12A:2-314 and 2A-212.

813.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

814.    Plaintiff Markatos reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

815. As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs Markatos and Colabraro and the New Jersey Class members have been damaged in an amount to be determined at trial.

**FIFTY-NINTH CLAIM FOR RELIEF**
**Violations of New York General Business Law § 349**
**N.Y. GEN. BUS. LAW § 349**
*On Behalf of Plaintiff Sarah Kessler and the New York Class*

816. Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

817. Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

818. Plaintiff Kessler, the New York class members, and Toyota are "persons" under N.Y. Gen. Bus. Law §349(h), the New York Deceptive Acts and Practices Act ("NY DAPA").

819. Toyota's actions as set forth herein occurred in the conduct of trade or commerce under NY DAPA.

820. The NY DAPA makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349. Toyota's conduct, as set forth herein, constitutes deceptive acts or practices under this section.

821. In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

822. Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

823. Toyota owed Plaintiff Kessler and the New York Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Kessler and the New York Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Kessler and the New York Class that contradicted these representations.

824. Toyota thus violated the NY DAPA by, at a minimum, (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

825. Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Kessler.

826. Plaintiff Kessler and the New York Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Kessler and the New York Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

827. Toyota's violations of the NY DAPA present a continuing risk to Plaintiff Kessler, the New York Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

828. As a result of the foregoing willful, knowing, and wrongful conduct of Toyota, Plaintiff Kessler and the New York class have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including but not limited to actual damages or $50 each, whichever is greater, treble damages up to $1,000 each, punitive damages to the extent available under the law, reasonable attorneys' fees and costs, an order enjoining Toyota's deceptive and unfair conduct, and all other just and appropriate relief available under the NY DAPA.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SIXTIETH CLAIM FOR RELIEF**
**Violations of New York General Business Law § 350**
**(N.Y. GEN. BUS. LAW § 350)**
***On Behalf of Plaintiff Sarah Kessler and the New York Class***

829.    Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

830.    Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

831.    Toyota was engaged in the "conduct of business, trade or commerce," within the meaning of N.Y. Gen. Bus. Law § 350, the New York False Advertising Law ("NY FAA").

832.    The NY FAA makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 350. False advertising includes "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of ... representations [made] with respect to the commodity ...." N.Y. Gen. Bus. Law § 350-a.

833.    Toyota caused to be made or disseminated throughout New York, through advertising, marketing, and other publications, statements, and omissions that were untrue or misleading, and that were known by Toyota, or that through the exercise of reasonable care should have been known by Toyota, to be untrue and misleading to Plaintiff Kessler and the New York Class.

834.    Toyota made numerous material representations and omissions of fact with intent to mislead and deceive concerning the RAV4s, concerning the fuel tank capacity and mileage range of the vehicles. Specifically, Toyota intentionally concealed and suppressed material facts concerning the RAV4's fuel tank design defect that prevents the 14.5 gallon tank from filling to capacity, and thus significantly diminished the vehicles mileage range.

835.    The misrepresentations and omissions alleged herein were material and likely to deceive a reasonable consumer. Specifically, although Toyota advertised the RAV4s as having a 14.5 gallon fuel tank capable of a 580 mileage range, the RAV4s in fact do not accept 14.5 gallons of fuel and their actual mileage range significantly less than 580 miles.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

836.     Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Kessler and the New York Class.

837.     Toyota's false advertising was likely to and did in fact deceive reasonable consumers, including Plaintiff Kessler and New York Class members about the effective capacity of the RAV4's fuel tank and the mileage range of the vehicles.

838.     Toyota's violations of NY FAA present a continuing risk to Plaintiff Kessler, the New York Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

839.     The RAV4s do not perform as advertised by Toyota, making them far less valuable than advertised.

840.     Plaintiff Kessler and the New York Class members who purchased RAV4s either would not have purchased them at all or would have paid less but for Toyota's false advertising in violation of the NY FAA. Plaintiffs and the New York Class members who lease the RAV4s either would not have leased them at all, or would have leased them at a lower rate but for Toyota's false advertising in violation of the NY FAA.

841.     Plaintiff Kessler and the New York Class have suffered injury-in-fact and/or actual damages and ascertainable loss as a direct and proximate result of Toyota's false advertising in violation of the NY FAA, including but not limited to diminished value for the RAV4 they purchased or leased; lost or diminished use, enjoyment and utility of such vehicles; and annoyance, aggravation, and inconvenience resulting from Toyota's violations of the NY FAA.

842.     Plaintiff Kessler and the New York Class seek monetary relief against Toyota measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500 each for New York class members. Because Toyota's conduct was committed willingly and knowingly, New York Class members are entitled to recover three times actual damages, up to $10,000.

843.     Plaintiff Kessler and the New York Class also seek an order enjoining Toyota's false advertising, attorneys' fees, and any other just and proper relief under N.Y. Gen. Bus. Law § 350.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

844.   As a direct and proximate result of Toyota's violations of the NYFAA, Plaintiff Kessler and the New York Class have suffered injury-in-fact and/or actual damage.

845.   Plaintiff Kessler and the New York Class seek monetary relief against Toyota measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $500 each for Plaintiff Kessler and the New York class members. Because Toyota's conduct was committed willingly and knowingly, Plaintiff Kessler and the New York class members are entitled to recover three times actual damages, up to $10,000.

846.   Plaintiff Kessler and the New York Class also seek an order enjoining Toyota's false advertising, attorneys' fees, and any other just and proper relief under N.Y. Gen. Bus. Law § 350.

<div align="center">

**SIXTY-FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(N.Y. U.C.C. LAW §§ 2-313 and 2A-210)**
***On Behalf of Plaintiff Sarah Kessler and the New York Class***

</div>

847.   Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

848.   Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

849.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.Y. UCC Law § 2-104(1) and a "seller" of motor vehicles under § 2-103(1)(d).

850.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.Y. UCC Law § 2A-103(1)(p).

851.   The RAV4s are and were at all relevant times "goods" within the meaning of N.Y. UCC Law §§ 2-105(1) and 2A-103(1)(h).

852.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

853.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Kessler and the New York Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

854.    Plaintiff Kessler and the New York Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Kessler and the New York Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

855.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

856.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

857.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Kessler and the New York Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### SIXTY-SECOND CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### N.Y. UCC §§ 2-314 and 2A-212)
### *On Behalf of Plaintiff Sarah Kessler and the New York Class*

858.    Plaintiff Kessler, individually and on behalf of the New York Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

859.    Plaintiff Kessler brings this claim individually and on behalf of the New York Class against Toyota.

860.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.Y. UCC Law § 2-104(1) and a "seller" of motor vehicles under § 2-103(1)(d).

861.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.Y. UCC Law § 2A-103(1)(p).

862.    The RAV4s are and were at all relevant times "goods" within the meaning of N.Y. UCC Law §§ 2-105(1) and 2A-103(1)(h).

863.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.Y. U.CC Law §§ 2-314 and 2A-212.

864.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

865.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

866.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Kessler and the New York Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SIXTY-THIRD CLAIM FOR RELIEF**
**Violations of North Carolina Unfair and Deceptive Trade Practices Act**
**N.C. GEN. STAT. §§ 75-1.1, *et seq.***
***On Behalf of Plaintiff Suzanne Hakes and the North Carolina Class***

867.    Plaintiff Hakes, individually and on behalf of the North Carolina Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

868.    Plaintiff Hakes brings this claim individually and on behalf of the North Carolina Class against Toyota.

869.    Plaintiff Hakes and the North Carolina Class members are persons under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.* ("NCUDTPA").

870.    Toyota's acts or practices complained of herein were performed in the course of Toyota's trade or business and thus occurred in or affected "commerce," as defined in N.C. Gen. Stat. § 75-1.1(b).

871.    The NCUDTPA makes unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]" The NCUDTPA provides a private right of action for any person injured "by reason of any act or thing done by any other person, firm or corporation in violation of" the NCUDTPA. N.C. Gen. Stat. § 75-16.

872.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

873.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and mileage range after the RAV4s were sold and leased but continued to conceal the information until the defect was revealed by RAV4 purchasers and lessees.

874.    Toyota owed Plaintiff Hakes and the North Carolina Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Hakes and the North Carolina Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Hakes and the North Carolina Class that contradicted these representations.

875.    Toyota thus violated the NCUDTPA by, at a minimum by: 1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s; and (5) otherwise engaging in conduct likely to deceive.

876.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Hakes and the North Carolina Class members.

877.    Toyota knew or should have known that its conduct violated the NCUDTPA.

878.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Hakes.

879.    Plaintiff Hakes and the North Carolina Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Hakes and the North Carolina Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

880.    Toyota had an ongoing duty to Plaintiff Hakes and the North Carolina Class to refrain from unfair and deceptive practices under the NCUDTPA.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

881.     Toyota's violations present a continuing risk to Plaintiff Hakes, the North Carolina Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

882.     As a result of the foregoing wrongful conduct of Toyota, Plaintiff Hakes and the North Carolina class members have been damaged in an amount to be proven at trial, and seek all just and proper remedies, including, but not limited to treble damages, an order enjoining Toyota's deceptive and unfair conduct, costs and reasonable attorneys' fees, and any other just and proper relief available under N.C. Gen. Stat. § 75-16.

<div align="center">

**SIXTY-FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**N.C.G.S.A. §§ 25-2-313 and 252A-210**
***On Behalf of Plaintiff Suzanne Hakes and the North Carolina Class***

</div>

883.     Plaintiff Hakes, individually and on behalf of the North Carolina Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

884.     Plaintiff Hakes brings this claim individually and on behalf of the North Carolina Class against Toyota.

885.     Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.C.G.S.A. § 25-2-104(1) and a "seller" of motor vehicles under § 25-2-103(1)(d).

886.     With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.C.G.S.A. § 25-2A-103(1)(p).

887.     The RAV4s are and were at all relevant times "goods" within the meaning of N.C.G.S.A. §§ 25-2-105(1) and 25-2A-103(1)(h).

888.     In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

889.     Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Hakes and the North Carolina Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

890.     Plaintiff Hakes and the North Carolina Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Hakes and the North Carolina Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

891.     Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

892.     Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

893.     As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Hakes and the North Carolina Class members have been damaged in an amount to be determined at trial.

**SIXTY-FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**N.C.G.S.A. §§ 25-2-314 and 252A-212**
***On Behalf of Plaintiff Suzanne Hakes and the North Carolina Class***

894.     Plaintiff Hakes, individually and on behalf of the North Carolina Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

895.    Plaintiff Hakes brings this claim individually and on behalf of the North Carolina Class against Toyota.

896.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.C.G.S.A. § 25-2-104(1) and a "seller" of motor vehicles under § 25-2-103(1)(d).

897.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.C.G.S.A. § 25-2A-103(1)(p).

898.    The RAV4s are and were at all relevant times "goods" within the meaning of N.C.G.S.A. §§ 25-2-105(1) and 25-2A-103(1)(h).

899.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant N.C.G.S.A. §§ 25-2-314 and 25-2A-212.

900.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

901.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

902.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Hakes and the North Carolina Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SIXTY-SIXTH CLAIM FOR RELIEF**
**Violations of the North Dakota Consumer Fraud Act**
**N. D. CENT. CODE § 51-15-02**
*On Behalf of Plaintiff Chad Simmons and the North Dakota Class*

903.    Plaintiff Simmons, individually and on behalf of the North Dakota Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

904.    Plaintiff Simmons brings this claim individually and on behalf of the North Dakota Class against Toyota.

905.    Plaintiff Simmons, the North Dakota Class members, and Toyota are "persons" within the meaning of N.D. Cent. Code § 51-15-02(4).

906.    Toyota engaged in the "sale" of "merchandise" within the meaning of N.D. Cent. Code § 51-15-02(3), (5).

907.    The North Dakota Consumer Fraud Act ("North Dakota CFA") make unlawful "[t]he act use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise...." N.D. CENT. CODE § 51-15- 02. As set forth above and below, Toyota committed deceptive acts or practices, with the intent that Plaintiff Simmons and the North Dakota Class members rely thereon in connection with their purchase or lease of the RAV4s.

908.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

909.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and mileage range after the RAV4s were sold and leased but continued to conceal information

until the defect was revealed by RAV4 purchasers and lessees.

910.    Toyota intentionally and knowingly misrepresented material facts regarding the

RAV4s with the intent to mislead Plaintiff Simmons and the North Dakota Class members.

911.    Toyota knew or should have known that is conduct violated the North Dakota

CFA.

912.    Toyota owed Plaintiff Simmons and the North Dakota Class a duty to disclose the

true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

intentionally concealed the foregoing from Plaintiff Simmons and the North Dakota Class; and (c)

made incomplete representations about the RAV4's fuel tank capacity and mileage range, while

purposefully withholding material facts from Plaintiff Simmons and the North Dakota Class that

contradicted these representations.

913.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

reasonable consumers, including Plaintiffs Simmons.

914.    Plaintiff Simmons and the North Dakota Class suffered ascertainable loss and

actual damages as a direct and proximate result of Toyota's misrepresentations and its

concealment of and failure to disclose material information. Plaintiffs Simmons and the North

Dakota Class members who purchased or leased the RAV4s would not have purchased or leased

them or would have paid significantly less for them if the fuel tank defect had been disclosed.

915.    Toyota had an ongoing duty to Plaintiff Simmons and the North Dakota Class to

refrain from unfair and deceptive practices under the North Dakota CFA.

916.    Toyota's violations present a continuing risk to Plaintiff Simmons, the North

Dakota Class, and the general public. Toyota's unlawful acts and practices complained of herein

affect the public interest.

917.    As a direct and proximate result of Toyota's violations of the North Dakota CFA,

Plaintiff Simmons and the North Dakota Class have suffered injury-in-fact and/or actual damage.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

918.   Plaintiff Simmons and North Dakota Class members seek punitive damages against Toyota because Toyota's conduct was egregious. Toyota's egregious conduct warrants punitive damages.

919.   Further, Toyota knowingly committed the conduct described above, and thus, under N.D. Cent. Code § 51-15-09, Toyota is liable to Plaintiffs and the North Dakota Class for treble damages in amounts to be proven at trial, as well as attorneys' fees, costs, and disbursements. Plaintiffs further seek an order enjoining Toyota's unfair and/or deceptive acts or practices, and other just and proper relief available under the North Dakota CFA.

### SIXTY-SEVENTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**N. D. CENT. CODE §§ 41-02-30 and 41-02.1-19**
*On Behalf of Plaintiff Chad Simmons and the North Dakota Class*

920.   Plaintiff Simmons, individually and on behalf of the North Dakota Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

921.   Plaintiff Simmons brings this claim individually and on behalf of the North Dakota Class against Toyota.

922.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under N.D. Cent. Code § 41-02.04(3) and a "seller of motor vehicles under § 41-02-03(1)(d).

923.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under N.D. Cent. Code § 41-02.1-03(1)(p).

924.   The RAV4s are and were at all relevant times "goods" within the meaning of N.D. Cent. Code § 41-02-05(2) and N.D. Cent. Code § 41-02.1-03(1)(h).

925.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

926.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Simmons and the North Dakota Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

927.    Plaintiff Simmons and the North Dakota Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Simmons and the North Dakota Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

928.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

929.    Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

930.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Simmons and the North Dakota Class members have been damaged in an amount to be determined at trial.

<div align="center">

**SIXTY-EIGHTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**N. D. CENT. CODE §§ 41-02-31 and 41-02.1-21**
***On Behalf of Plaintiff Chad Simmons and the North Dakota Class***

</div>

931.    Plaintiff Simmons, individually and on behalf of the North Dakota Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1    932.    Plaintiff Simmons brings this claim individually and on behalf of the North Dakota

2    Class against Toyota.

3    933.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

4    under N.D. Cent. Code § 41-02.04(3) and a "seller of motor vehicles under § 41-02-03(1)(d).

5    934.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

6    vehicles under N.D. Cent. Code § 41-02.1-03(1)(p).

7    935.    The RAV4s are and were at all relevant times "goods" within the meaning of N.D.

8    Cent. Code § 41-02-05(2) and N.D. Cent. Code § 41-02.1-03(1)(h).

9    936.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary

10   purpose for which vehicles are used is implied by law pursuant to N.D. Cent. Code § 41-02-31

11   and N.D. Cent. Code § 41-02.1-21.

12   937.    The RAV4s, when sold or leased and at all times thereafter, were not in

13   merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

14   Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and

15   their mileage range is significantly diminished.

16   938.    Toyota was provided with notice of these issues by numerous NHTSA and

17   consumer complaints filed against it, including the instant Complaint and similar legal

18   proceedings and has actual knowledge of the failure as evidenced by its public admission in

19   December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several

20   gallons and impacts the RAV4's total available driving distance.

21   939.    As a direct and proximate result of Toyota's breach of the implied warranty of

22   merchantability, Plaintiff Simmons and the North Dakota Class members have been damaged in

23   an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SIXTY-NINTH CLAIM FOR RELIEF**
**Violations of Ohio Consumer Sales Practices Act**
**OHIO REV. CODE §§ 1345.01, *et seq.***
***On Behalf of Plaintiffs Adolfo Muccillo, Yuriy Genzel, and the Ohio Class***

940.    Plaintiffs Muccillo and Genzel, individually and on behalf of the Ohio Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

941.    Plaintiffs Muccillo and Genzel bring this claim individually and on behalf of the Ohio Class members against Toyota.

942.    Plaintiffs Muccillo and Genzel, the Ohio Class members, and Toyota are persons within the meaning of Ohio Rev. Code § 1345.01(B). Toyota is a supplier as defined by Ohio Rev. Code § 1345.01(C).

943.    Plaintiffs Muccillo, Genzel, and the Ohio Class member are "consumers" as that term is defined in Ohio Rev. Code § 1345.01(D), and their purchases and leases of the RAV4s are "consumer transactions" within the meaning of Ohio Rev. Code § 2345.01(A).

944.    Ohio Rev. Code  1345.02 (the "Ohio CSPA") prohibits unfair or deceptive acts or practices in  connection with a consumer transaction. The Ohio CSPA prohibits a supplier from (i) representing that goods have characteristics, uses or benefits which the goods do not have; (ii) representing that their goods are of a particular quality or grade that the product is not; and (iii) representing that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not.

945.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

946.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

947.    Toyota owed Plaintiffs Muccillo, Genzel, and the Ohio Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Muccillo, Genzel, and the Ohio Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiffs Muccillo, Genzel and the Ohio Class that contradicted these representations.

948.    Toyota thus violated the Ohio CSPA by, at a minimum : 1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s; and (5) otherwise engaging in conduct likely to deceive.

949.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiffs Muccillo, Genzel, and the Ohio Class members.

950.    Toyota knew or should have known that its conduct violated the Ohio CSPA.

951.    The Ohio Attorney General has made available for public inspection prior state court decisions which have held that the acts and omissions of Toyota in this Class Action Complaint, including but not limited to, the failure to honor both implied and express warranties, the making and distribution of false, deceptive, and/or misleading representations, and the concealment and/or non-disclosure of a substantial defect constitute deceptive sales practices in violation of the CSPA. These cases include, but are not limited to, the following:

a)    *Mason v. Mercedes Benz USA, LLC* (OPIF #10002382);

b)    *State ex rel. Betty D. Montgomery v. Ford Motor Co.* (OPIF #10002123);

c)    *State ex rel. Betty D. Montgomery v. Bridgestone/Firestone, Inc.* (OPIF #10002025);

d)    *Bellinger v. Hewlett-Packard Co.*, No. 20744, 2002 Ohio App. LEXIS 1573 (Ohio Ct. App. Apr. 10, 2002) (OPIF #10002077);

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1

2

3

4

5

6

7

8

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

e)    *Borror v. MarineMax of Ohio*, No. OT-06-010, 2007 Ohio App. LEXIS 525 (Ohio Ct. App. Feb. 9, 2007) (OPIF #10002388);

f)    *State ex rel. Jim Petro v. Craftmatic Organization, Inc.* (OPIF #10002347);

g)    *Cranford v. Joseph Airport Toyota, Inc.* (OPIF #10001586);

h)    *Brown v. Spears* (OPIF #10000403);

i)    *i. Brinkman v. Mazda Motor of America, Inc.* (OPIF #10001427);

j)    *j. Mosley v. Performance Mitsubishi aka Automanage* (OPIF #10001326); and

k)    *k. Walls v. Harry Williams dba Butch's Auto Sales (*OPIF #10001524).

952.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Muccillo, Genzel, and the Ohio Class.

953.    Plaintiffs Muccillo, Genzel, and the Ohio Class suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Muccillo, Genzel, and the Ohio Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

954.    Toyota had an ongoing duty to Plaintiffs Muccillo, Genzel, and the Ohio Class to refrain from unfair and deceptive practices under the Ohio CSPA.

955.    Toyota's violations present a continuing risk to Plaintiffs Muccillo, Genzel, the Ohio Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

956.    Pursuant to Ohio Rev. Code § 1345.09, Plaintiffs Muccillo, Genzel, and the Ohio Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, actual damages – trebled, and any attorneys' fees, costs, and any other just and proper relief, to the extent available under the Ohio CSPA.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTIETH  CLAIM FOR RELIEF**
**Violations of the Ohio Deceptive Trade Practices Act**
**OHIO REV. CODE § 4165.01, *et seq.***
***On Behalf of Plaintiffs Adolfo Muccillo, Yuriy Genzel, and the Ohio Class***

957.    Plaintiffs Muccillo and Genzel, individually and on behalf of the Ohio Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

958.    Plaintiffs Muccillo and Genzel bring this claim individually and on behalf of the Ohio Class against Toyota.

959.    Toyota, Plaintiffs Muccillo and Genzel, and the Ohio Class members are "persons" within the meaning of Ohio Rev. Code § 4165.01(D).

960.    The Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02(A) ("Ohio DTPA") provides that a "person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation," the person does any of the following: "(2) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; ... (7) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; ... (9) Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; ... [or] (11) Advertises goods or services with intent not to sell them as advertised."

961.    In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

962.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

963.    Toyota owed Plaintiffs Muccillo, Genzel, and the Ohio Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Muccillo, Genzel, and the Ohio Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiffs Muccillo, Genzel, and the Ohio Class that contradicted these representations.

964.    Toyota thus violated the Ohio DTPA by, at a minimum: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

965.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Muccillo, Genzel, and the Ohio Class members.

966.    Plaintiffs Muccillo, Genzel, and the Ohio Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Muccillo, Genzel, and the Ohio Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

967.    Toyota had an ongoing duty to Plaintiffs Muccillo, Genzel, and the Ohio Class to refrain from unfair and deceptive practices under the Ohio DTPA.

968.    Toyota's violations present a continuing risk to Plaintiffs Muccillo, Genzel, the Ohio Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

969.    Pursuant to Ohio Rev. Code § 4165.03, Plaintiffs Muccillo, Genzel, and the Ohio Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages,

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Ohio DTPA.

### SEVENTY-FIRST CLAIM FOR RELIEF
#### Breach of Express Warranty
#### OHIO REV. CODE §§ 1302.26 *et seq.*
#### *On Behalf of Plaintiffs Adolfo Muccillo, Yuriy Genzel, and the Ohio Class*

970.    Plaintiffs Muccillo and Genzel, individually and on behalf of the Ohio Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

971.    Plaintiffs Muccillo and Genzel bring this claim individually and on behalf of the Ohio Class against Toyota.

972.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Ohio Rev. Code §§ 1302.01(5) and 1310(A)(20) and a "seller" of motor vehicles under § 1302.01(4).

973.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Ohio Rev. Code § 1310.01(A)(20).

974.    The RAV4s are and were at all relevant times "goods" within the meaning of Ohio Rev. Code §§ 1302.01(8) and 1310.01(A)(8).

975.    In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

976.    Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Muccillo, Genzel, and the Ohio Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

977.    Plaintiffs Muccillo, Genzel, and the Ohio Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Muccillo, Genzel, and the Ohio Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

978.    Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

979.    Plaintiff Muccillo reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

980.    As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Muccillo, Genzel, and the Ohio Class members have been damaged in an amount to be determined at trial.

**SEVENTY-SECOND CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**OHIO REV. CODE §§ 1302.27 and 1310.19**
*On Behalf of Plaintiffs Adolfo Muccillo, Yuriy Genzel and the Ohio Class*

981.    Plaintiffs Muccillo and Genzel, individually and on behalf of the Ohio Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

982.    Plaintiffs Muccillo and Genzel bring this claim individually and on behalf of the Ohio Class against Toyota.

983.    Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Ohio Rev. Code §§ 1302.01(5) and 1310(A)(20) and a "seller" of motor vehicles under § 1302.01(4).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

984.    With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Ohio Rev. Code § 1310.01(A)(20).

985.    The RAV4s are and were at all relevant times "goods" within the meaning of Ohio Rev. Code §§ 1302.01(8) and 1310.01(A)(8).

986.    A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Ohio Rev. Code §§ 1302.27 and 1310.19.

987.    The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill and their mileage range is significantly diminished.

988.    Plaintiff Muccillo reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

989.    As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs Muccillo, Genzel, and the Ohio Class members have been damaged in an amount to be determined at trial.

### SEVENTY-THIRD CLAIM FOR RELIEF
### Violations of the Oklahoma Consumer Protection Act
### OKLA. STAT. TIT. 15 § 751, *et seq.*
### *On Behalf of Plaintiff Margaret Louie and the Oklahoma Class*

990.    Plaintiff Louie, individually and on behalf of the Oklahoma Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   991.   Plaintiff Louie brings this claim individually and on behalf of the Oklahoma Class

2   against Toyota.

3   992.   Toyota, Plaintiff Louie, and the Oklahoma Class are "persons" within the meaning

4   of Okla. Stat. Tit. 15 § 752.1

5   993.   The Oklahoma Consumer Protection Act ("Oklahoma CPA") prohibits, in the

6   course of business: "mak[ing] a false or misleading representation, knowingly or with reason to

7   know, as to the characteristics ..., uses, [or] benefits, of the subject of a consumer transaction," or

8   making a false representation, "knowingly or with reason to know, that the subject of a consumer

9   transaction is of a particular standard, style or model, if it is of another or "[a]dvertis[ing],

10   knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it

11   as advertised;" and otherwise committing "an unfair or deceptive trade practice." Okla. Stat. Tit.

12   15 § 753.

13   994.   In the course of its business, Toyota concealed and suppressed material facts

14   concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

15   and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

16   tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

17   deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

18   omission of any material fact with intent that others rely upon such concealment, suppression or

19   omission, in connection with the sale and lease of RAV4s.

20   995.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

21   sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

22   and mileage range after the RAV4s were sold and leased but continued to conceal information

23   until the defect was revealed by RAV4 purchasers and lessees.

24   996.   Toyota violated the provisions of the Oklahoma CPA, at a minimum by: (1)

25   representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not

26   have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they

27   are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   disclose information concerning the RAV4s with the intent to induce consumers to purchase or

2   lease the RAV4s.

3       997.    Toyota intentionally and knowingly misrepresented material facts regarding the

4   RAV4s with the intent to mislead Plaintiff Louie and the Oklahoma Class.

5       998.    Toyota knew or should have known that its conduct violated the Oklahoma CPA.

6       999.    Toyota owed Plaintiff Louie and the Oklahoma Class a duty to disclose the true

7   nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

8   intentionally concealed the foregoing from Plaintiff Louie and the Oklahoma Class; and (c) made

9   incomplete representations about the RAV4's fuel tank capacity and mileage range, while

10  purposefully withholding material facts from Plaintiff Louie and the Oklahoma Class that

11  contradicted these representations.

12      1000.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

13  reasonable consumers, including Plaintiff Louie and the Oklahoma Class members.

14      1001.   Plaintiff Louie and the Oklahoma Class members suffered ascertainable loss and

15  actual damages as a direct and proximate result of Toyota's misrepresentations and its

16  concealment of and failure to disclose material information. Plaintiff Louie and the Oklahoma

17  Class members who purchased or leased the RAV4s would not have purchased or leased them or

18  would have paid significantly less for them if the fuel tank defect had been disclosed.

19      1002.   Toyota had an ongoing duty to Plaintiff Louie and the Oklahoma Class to refrain

20  from unfair and deceptive practices under the Oklahoma CPA in the course of its business.

21      1003.   Toyota's violations present a continuing risk to Plaintiff Louie, the Oklahoma

22  Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the

23  public interest.

24      1004.   Pursuant to Okla. Stat. Tit. 15 § 761.1, Plaintiff Louie and the Oklahoma Class

25  seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive

26  damages, and attorneys' fees, costs, and any other just and proper relief available under the

27  Oklahoma CPA.

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**SEVENTY-FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**OKLA. STAT. TIT. 12A §§ 2-313 and 2A-210**
*On Behalf of Plaintiff Margaret Louie and the Oklahoma Class*

1005.   Plaintiff Louie, individually and on behalf of the Oklahoma Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1006.   Plaintiff Louie brings this claim individually and on behalf of the Oklahoma Class against Toyota.

1007.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Okla. Stat. Tit. 12A §§ 2-104(1) and 2-1103(3), and a "seller" of motor vehicles under § 2A-103(1)(t).

1008.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under § 2A-103(1)(p).

1009.   The RAV4s are and were at all relevant times "goods" within the meaning of Okla. Stat. Tit. 12A §§ 2-105(1) and 2A-103(1)(h).

1010.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

1011.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Louie and the Oklahoma Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

1012.   Plaintiff Louie and the Oklahoma Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Louie and

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

the Oklahoma Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

1013.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

1014.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1015.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Louie and the Oklahoma Class members have been damaged in an amount to be determined at trial.

<div align="center">

**SEVENTY-FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**OKLA. STAT. TIT. 12A §§ 2-314 and 2A-212**
***On Behalf of Plaintiff Margaret Louie and the Oklahoma Class***

</div>

1016.   Plaintiff Louie, individually and on behalf of the Oklahoma Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1017.   Plaintiff Louie brings this claim individually and on behalf of the Oklahoma Class against Toyota.

1018.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Okla. Stat. Tit. 12A §§ 2-104(1) and 2-1103(3), and a "seller" of motor vehicles under § 2A-103(1)(t).

1019.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under § 2A-103(1)(p).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1020.   The RAV4s are and were at all relevant times "goods" within the meaning of Okla. Stat. Tit. 12A §§ 2-105(1) and 2A-103(1)(h).

1021.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to Okla. Stat. Tit. 12A §§ 2-314 and 2A-212.

1022.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

1023.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1024.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Louie and the Oklahoma Class members have been damaged in an amount to be determined at trial.

**SEVENTY-SIXTH CLAIM FOR RELIEF**
**Violations of the Oregon Unlawful Trade Practices Act**
**OR. REV. STAT. §S 646.605, *et seq.***
***On Behalf of Plaintiff Curtis Huston and the Oregon Class***

1025.   Plaintiff Huston, individually and on behalf of the Oregon Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1026.   Plaintiff Huston brings this claim individually and on behalf of the Oregon Class against Toyota.

1027.   Toyota, Plaintiff Huston, and the Oregon Class members are "persons" within the meaning of Or. Rev. Stat. § 646.605(4).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1028.   Toyota is engaged in "trade" or "commerce" within the meaning of Or. Rev. Stat. § 646.605(8).

1029.   The Oregon Unfair Trade Practices Act ("Oregon UTPA") prohibits "unfair or deceptive acts conduct in trade or commerce…." Or. Rev. Stat. § 646.608(1).

1030.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

1031.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

1032.   Toyota owed Plaintiff Huston and the Oregon Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Huston and the Oregon Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Huston and the Oregon Class that contradicted these representations.

1033.   Toyota thus violated the Oregon UTPA by, at a minimum: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

1034.   Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Huston and the Oregon Class members.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1    1035.   Toyota knew or should have known that its conduct violated the Oregon UTPA.

2    1036.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

3    reasonable consumers, including Plaintiff Huston and the Oregon Class members.

4    1037.   Plaintiff Huston and the Oregon Class members suffered ascertainable loss and

5    actual damages as a direct and proximate result of Toyota's misrepresentations and its

6    concealment of and failure to disclose material information. Plaintiff Huston and the Oregon Class

7    members who purchased or leased the RAV4s would not have purchased or leased them or would

8    have paid significantly less for them if the fuel tank defect had been disclosed.

9    1038.   Toyota had an ongoing duty to Plaintiff Huston and the Oregon Class to refrain

10   from unfair and deceptive practices under the Oregon UTPA.

11   1039.   Toyota's violations present a continuing risk to Plaintiff Huston, the Oregon Class,

12   and the general public. Toyota's unlawful acts and practices complained of herein affect the public

13   interest.

14   1040.   Pursuant to Or. Rev. Stat. § 646.638, Plaintiff Huston and the Oregon Class seek an

15   order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive damages,

16   and attorneys' fees, costs, and any other just and proper relief available under the Oregon UTPA.

17   **SEVENTY-SEVENTH CLAIM FOR RELIEF**
     **Breach of Express Warranty**
18   **OR. REV. CODE §§ 72.3130 and 72A.2100**
     ***On Behalf of Plaintiff Curtis Huston and the Oregon Class***
19

20   1041.   Plaintiff Huston, individually and on behalf of the Oregon Class, incorporates by

21   reference all of the allegations contained in the preceding paragraphs of this Class Action

22   Complaint as if fully set forth herein.

23   1042.   Plaintiff Huston brings this claim individually and on behalf of the Oregon Class

24   against Toyota.

25   1043.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

26   under Or. Rev. Stat. §§ 72.1040(1) and 72A.1030(1)(t) and a "seller" of motor vehicles under §

27   72.1030(1)(d).

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    1044.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

2    vehicles under Or. Rev. Stat. § 72A.1030(1)(p).

3    1045.   The RAV4s are and were at all relevant times "goods" within the meaning of Or.

4    Rev. Stat. §§ 72.1050(1) and 72A.1030(1)(h).

5    1046.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides

6    an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

7    miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

8    correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

9    and represents in its marketing, specifications, and informational materials that the RAV4s fuel

10   tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

11   1047.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and

12   mileage range formed a basis of the bargain that was breached when Plaintiff Huston and the

13   Oregon Class members purchased or leased the RAV4s with defects in the fuel tank that prevent

14   the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to

15   significantly less than 580 miles.

16   1048.   Plaintiff Huston and the Oregon Class members experienced defects within the

17   warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Huston and

18   the Oregon Class members that the RAV4s contain defectively designed fuel tanks that prevent

19   the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580

20   mileage range.

21   1049.   Toyota breached the express warranty promising to repair or adjust defects in

22   materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted,

23   and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

24   1050.   Toyota was provided with notice of these issues by numerous NHTSA and

25   consumer complaints filed against it, including the instant Complaint and similar legal

26   proceedings, and has actual knowledge of the failure as evidenced by its public admission in

27   December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several

28   gallons and impacts the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    1051.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff

2    Huston and the Oregon Class members have been damaged in an amount to be determined at trial.

3                                      **SEVENTY-EIGHTH CLAIM FOR RELIEF**
                                      **Breach of Implied Warranty of Merchantability**
4                                      **OR. REV. CODE §§ 72.3140 and 72A.2120**
                                      ***On Behalf of Plaintiff Curtis Huston and the Oregon Class***
5

6    1052.   Plaintiff Huston, individually and on behalf of the Oregon Class, incorporates by

7    reference all of the allegations contained in the preceding paragraphs of this Class Action

8    Complaint as if fully set forth herein.

9    1053.   Plaintiff Huston brings this claim individually and on behalf of the Oregon Class

10   against Toyota.

11   1054.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles

12   under Or. Rev. Stat. §§ 72.1040(1) and 72A.1030(1)(t) and a "seller" of motor vehicles under §

13   72.1030(1)(d).

14   1055.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

15   vehicles under Or. Rev. Stat. § 72A.1030(1)(p).

16   1056.   The RAV4s are and were at all relevant times "goods" within the meaning of Or.

17   Rev. Stat. §§ 72.1050(1) and 72A.1030(1)(h).

18   1057.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary

19   purpose for which vehicles are used is implied by law pursuant Or. Rev. Stat. §§ 72.3140 and

20   72A-2120.

21   1058.   The RAV4s, when sold or leased and at all times thereafter, were not in

22   merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

23   Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and

24   their mileage range is significantly diminished.

25   1059.   Toyota was provided with notice of these issues by numerous NHTSA and

26   consumer complaints filed against it, including the instant Complaint and similar legal

27   proceedings and has actual knowledge of the failure as evidenced by its public admission in

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1060.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Huston and the Oregon Class members have been damaged in an amount to be determined at trial.

### SEVENTY-NINTH CLAIM FOR RELIEF
**Violations of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law**
**(73 P.S. § 201-1, *et seq.*)**
***On Behalf of Plaintiffs Neil DiBiase and Doug Phillips and the Pennsylvania Class***

1061.   Plaintiffs DiBiase and Phillips, individually and on behalf of the Pennsylvania Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1062.   Plaintiffs DiBiase and Phillips bring this claim individually and on behalf of the Pennsylvania Class against Toyota.

1063.   Toyota, Plaintiffs DiBiase and Phillips, and the Pennsylvania Class members are "persons" within the meaning of 73 P.S. § 201-2(2).

1064.   Toyota is engaged in "trade" or "commerce" within the meaning of 73 P.S. § 201-2(3).

1065.   The Pennsylvania Unfair Trade Practices Act ("Pennsylvania UTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce…." 73 P.S. § 201-3.

1066.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

1067.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   and mileage range after the RAV4s were sold and leased but continued to conceal information

2   until the defect was revealed by RAV4 purchasers and lessees.

3       1068.   Toyota owed Plaintiffs DiBiase and Phillips and the Pennsylvania Class a duty to

4   disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about

5   the defect; (b) intentionally concealed the foregoing from Plaintiffs DiBiase and Phillips and the

6   Ohio Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and

7   mileage range, while purposefully withholding material facts from Plaintiffs DiBiase and Phillips

8   and the Ohio Class that contradicted these representations.

9       1069.   Toyota thus violated the Pennsylvania UTPA by, at a minimum: (1) representing

10  that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2)

11  representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3)

12  advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose

13  information concerning the RAV4s with the intent to induce consumers to purchase or lease the

14  RAV4s.

15      1070.   Toyota intentionally and knowingly misrepresented material facts regarding the

16  RAV4s with the intent to mislead Plaintiffs DiBiase and Phillips and the Pennsylvania Class

17  members.

18      1071.   Toyota knew or should have known that its conduct violated the Pennsylvania

19  UTPA.

20      1072.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

21  reasonable consumers, including Plaintiffs DiBiase and Phillips and the Pennsylvania Class

22  members.

23      1073.   Plaintiffs DiBiase and Phillips and the Pennsylvania Class members suffered

24  ascertainable loss and actual damages as a direct and proximate result of Toyota's

25  misrepresentations and its concealment of and failure to disclose material information. Plaintiffs

26  DiBiase and Phillips and the Pennsylvania Class members who purchased or leased the RAV4s

27  would not have purchased or leased them or would have paid significantly less for them if the fuel

28  tank defect had been disclosed.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1074.   Toyota had an ongoing duty to Plaintiffs DiBiase and Phillips and the Pennsylvania Class to refrain from unfair and deceptive practices under the Pennsylvania UTPA.

1075.   Toyota's violations present a continuing risk to Plaintiffs DiBiase and Phillips, the Pennsylvania Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

1076.   Pursuant to 73 P.S. § 201-9.2(a), Plaintiffs DiBiase and Phillips and the Pennsylvania Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Pennsylvania UTPA.

<div align="center">

**EIGHTIETH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**13 PA. CONS. STAT. §§ 2313 and 2A210**
*On Behalf of Plaintiffs Neil DiBiase, Doug Phillips and the Pennsylvania Class*

</div>

1077.   Plaintiffs DiBiase and Phillips, individually and on behalf of the Pennsylvania Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1078.   Plaintiffs DiBiase and Phillips bring this claim individually and on behalf of the Pennsylvania Class against Toyota.

1079.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 13 Pa. Cons. Stat. §§ 2104 and 2A103(a) and a "seller" of motor vehicles under § 2103(a).

1080.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 13 Pa. Cons. Stat. § 2A103(a).

1081.   The RAV4s are and were at all relevant times "goods" within the meaning of 13 Pa. Cons. Stat. §§ 2105(a) and 2A103(a).

1082.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

1083.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs DiBiase and Phillips and the Pennsylvania Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

1084.   Plaintiffs DiBiase and Phillips and the Pennsylvania Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs DiBiase and Phillips and the Pennsylvania Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

1085.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

1086.   Plaintiff Phillips reported his fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impact the RAV4's total available driving distance.

1087.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs DiBiase and Phillips and the Pennsylvania Class members have been damaged in an amount to be determined at trial.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**EIGHTY-FIRST CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**13 PA. CONS. STAT. §§ 2314 and 2A212**
*On Behalf of Plaintiffs Neil DiBiase, Doug Phillips and the Pennsylvania Class*

1088.   Plaintiffs DiBiase and Phillips, individually and on behalf of the Pennsylvania Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1089.   Plaintiffs DiBiase and Phillips bring this claim individually and on behalf of the Pennsylvania Class against Toyota.

1090.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 13 Pa. Cons. Stat. §§ 2104 and 2A103(a) and a "seller" of motor vehicles under § 2103(a).

1091.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 13 Pa. Cons. Stat. § 2A103(a).

1092.   The RAV4s are and were at all relevant times "goods" within the meaning of 13 Pa. Cons. Stat. §§ 2105(a) and 2A103(a).

1093.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant 13 Pa. Cons. Stat. §§ 2314 and 2A212.

1094.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

1095.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1096.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs DiBiase and Phillips and the Pennsylvania Class members have been damaged in an amount to be determined at trial.

<div align="center">

**EIGHTY-SECOND CLAIM FOR RELIEF**
**Violation of the Rhode Island Deceptive Trade Practices Act**
**R.I. GEN. LAWS § 6-13.1, *et seq.***
***On Behalf of Plaintiff Gentile and the Rhode Island Class***

</div>

1097.   Plaintiff Gentile, individually and on behalf of the Rhode Island Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1098.   Plaintiff Gentile brings this claim individually and on behalf of the Rhode Island Class against Toyota.

1099.   Toyota, Plaintiff Gentile, and the Rhode Island Class are "persons" within the meaning of R.I. Gen. Laws § 6-13.1-1(3).

1100.   Toyota is engaged in "trade" or "commerce" within the meaning of R.I. Gen. Laws § 6-13.1-1(5).

1101.   The Rhode Island Deceptive Trade Practices Act ("Rhode Island DTPA") prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce" including: (v) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have"; "(vii) [r]epresenting that goods or services are of a particular standard, quality, or grade ..., if they are of another"; (ix) [a]dvertising goods or services with intent not to sell them as advertised"; "(xiii) [u]sing any other methods, acts or practices which mislead or deceive members of the public in a material respect." R.I. Gen. Laws § 6-13.1-1(6).

1102.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

1103.    Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

1104.    Toyota violated the provisions of the Rhode Island DTPA, at a minimum by: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

1105.    Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiff Gentile and the Rhode Island Class.

1106.    Toyota knew or should have known that its conduct violated the Rhode Island DTPA.

1107.    Toyota owed Plaintiff Gentile and the Rhode Island Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Gentile and the Rhode Island Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Gentile and the Rhode Island Class that contradicted these representations.

1108.    Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Gentile and the Rhode Island Class members.

1109.    Plaintiff Gentile and the Rhode Island Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Gentile and the Rhode Island

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

1110.   Toyota had an ongoing duty to Plaintiff Gentile and the Rhode Island Class to refrain from unfair and deceptive practices under the Rhode Island DTPA in the course of its business.

1111.   Toyota's violations present a continuing risk to Plaintiff Gentile, the Rhode Island Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

1112.   Plaintiff Gentile and the Rhode Island Class are entitled to recover the greater of actual damages or $200 pursuant to R.I. Gen. Laws § 6-13.1-5.2(a). Plaintiff Gentile and the Rhode Island Class are also entitled to punitive damages because Toyota engaged in conduct amounting to a particularly aggravated, deliberate disregard of the rights of others.

### EIGHTY-THIRD CLAIM FOR RELIEF
#### Breach of Express Warranty
#### 6A R.I. GEN. LAWS §§ 6A-2-313 and 6A-2.1-210
#### *On Behalf of Plaintiff Gentile and the Rhode Island Class*

1113.   Plaintiff Gentile, individually and on behalf of the Rhode Island Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1114.   Plaintiff Gentile brings this claim individually and on behalf of the Rhode Island Class against Toyota.

1115.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 6A R.I Gen. Laws §§ 6A-2-104(1) and 6A-2.1-103(1)(t), and a "seller" of motor vehicles under § 6A-a-103(1)(a)(4).

1116.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 6A R.I Gen. Laws § 6A-2.1-103(1)(p).

1117.   The RAV4s are and were at all relevant times "goods" within the meaning of 6A R.I Gen. Laws §§ 6A-2-105(1) and 6A-2.1-103(1)(h).

1118.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

1119.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Gentile and the Rhode Island Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

1120.   Plaintiff Gentile and the Rhode Island Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Gentile and the Rhode Island Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

1121.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

1122.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1123.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Gentile and the Rhode Island Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**EIGHTY-FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**6A R.I. GEN. LAWS § 6A-2-314 and 6A-2.1-212**
*On Behalf of Plaintiff Gentile and the Rhode Island Class*

1124.   Plaintiff Gentile, individually and on behalf of the Rhode Island Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1125.   Plaintiff Gentile brings this claim individually and on behalf of the Rhode Island Class against Toyota.

1126.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under 6A R.I. Gen. Laws §§ 6A-2-104(1) and 6A-2.1-103(1)(t), and a "seller" of motor vehicles under § 6A-2-103(a)(4).

1127.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under 6A R.I. Gen. Laws § 6A-2.1-103(1)(p).

1128.   The RAV4s are and were at all relevant times "goods" within the meaning of 6A R.I. Gen. Laws §§ 6A-2-105(1) and 6A-2.1-103(1)(h).

1129.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant to 6A R.I. Gen. Laws §§ 6A-2-314 and 6A-2.1-212.

1130.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

1131.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevent full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1132.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiff Gentile and the Rhode Island Class members have been damaged in an amount to be determined at trial.

**EIGHTY-FIFTH CLAIM FOR RELIEF**
**Violations of the Deceptive Trade Practices Act – Consumer Protection Act**
**TEX. BUS. & COM. CODE §§ 17.41, *et seq.***
***On Behalf of Plaintiff Mark Beaty and the Texas Class***

1133.   Plaintiff Beaty, individually and on behalf of the Texas Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1134.   Plaintiff Beaty brings this claim individually and on behalf of the Texas Class against Toyota.

1135.   Plaintiff Beaty and the Texas Class members are individuals, partnerships or corporations with assets of less than $25 million (or are controlled by corporations or entities with less than $25 million in assets), see Tex. Bus. & Com. Code § 17.41, and are therefore "consumers" pursuant to Tex. Bus. & Com. Code § 17.45(4).

1136.   Toyota is a "person" within the meaning of Tex. Bus. & Com. Code § 17.45(3).

1137.   Toyota is engaged in "trade" or "commerce" or "consumer transactions" within the meaning of Tex. Bus. & Com. Code § 17.46(a).

1138.   The Texas Deceptive Trade Practices – Consumer Protection Act ("Texas DTPA") prohibits "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce," Tex. Bus. & Com. Code § 17.46(a), and an "unconscionable action or course of action," which means "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

1139.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

1140.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

1141.   Toyota violated the provisions of the Texas DTPA, at a minimum by: (1) representing that the RAV4s have characteristics, uses, benefits, and qualities, which they do not have; (2) representing that the RAV4s are of a particular standard, quality, and grade when they are not; (3) advertising the RAV4s with the intent not to sell them as advertised; and (4) failing to disclose information concerning the RAV4s with the intent to induce consumers to purchase or lease the RAV4s.

1142.   Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with intent to mislead Plaintiff Beaty and the Texas Class.

1143.   Toyota knew or should have known that its conduct violated the Texas DTPA.

1144.   Toyota owed Plaintiff Beaty and the Texas Class members a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiff Beaty and the Texas Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiff Beaty and the Texas Class that contradicted these representations.

1145.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Beaty and the Texas Class members.

1146.   Plaintiff Beaty and the Texas Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiff Beaty and the Texas Class members who

purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

1147. Toyota had an ongoing duty to Plaintiff Beaty and the Texas Class members to refrain from unfair and deceptive practices under the Texas DTPA in the course of its business.

1148. Toyota's violations present a continuing risk to Plaintiff Beaty, the Texas Class members, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

1149. Pursuant to Tex. Bus. & Com. Code § 17.50, Plaintiff Beaty and the Texas Class seek an order enjoining Toyota's unfair and/or deceptive acts or practices, damages, multiple damages for knowing and intentional violations, pursuant to § 17.50(b)(1), punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Texas DTPA.

1150. On February 25, 2020, Plaintiff Beaty served on Toyota a letter complying with Tex. Bus. & Com. Code § 17.505(a). On May 4, 2020, Plaintiff Beaty sent a letter to the Texas Attorney General, Consumer Protection Division complying with Tex. Bus. & Com. Code § 17.501. Because Toyota failed to remedy its unlawful conduct within the requisite time period, Plaintiff Beaty seeks all damages and relief to which Plaintiff Beaty and the Texas Class are entitled.

**EIGHTY-SIXTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**TEX. BUS. & COM. CODE §§ 2313 and 2A210**
*On Behalf of Plaintiff Mark Beaty and the Texas Class*

1151. Plaintiff Beaty, individually and on behalf of the Texas Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1152. Plaintiff Beaty brings this claim individually and on behalf of the Texas Class against Toyota.

1153. Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Tex. Bus. & Com. Code §§ 2104(1) and 2A103(a)(2) and a "seller" of motor vehicles under § 2103(a)(4).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    1154.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor

2    vehicles under Tex. Bus. & Com. Code § 2A103(a)(16).

3    1155.   The RAV4s are and were at all relevant times "goods" within the meaning of Tex.

4    Bus. & Com. Code §§ 2105(a) and 2A103(a)(8).

5    1156.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides

6    an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000

7    miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to

8    correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants

9    and represents in its marketing, specifications, and informational materials that the RAV4s fuel

10   tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

11   1157.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and

12   mileage range formed a basis of the bargain that was breached when Plaintiff Beaty and the Texas

13   members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel

14   tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than

15   580 miles.

16   1158.   Plaintiffs Beaty and the Texas Class members experienced defects within the

17   warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Beaty and

18   the Texas Class members that the RAV4s contain defectively designed fuel tanks that prevent the

19   tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage

20   range.

21   1159.   Toyota breached the express warranty promising to repair or adjust defects in

22   materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted,

23   and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

24   1160.   Plaintiff Beaty reported his fuel tank issue to Toyota. In addition, Toyota was

25   provided with notice of these issues by numerous NHTSA and consumer complaints filed against

26   it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the

27   failure as evidenced by its public admission in December 2019 that the fuel tank shape of the

28

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1161.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Beaty and the Texas Class members have been damaged in an amount to be determined at trial.

<div align="center">

**EIGHTY-SEVENTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**TEX. BUS. & COM. CODE §§ 2.314 and 2A.212**
***On Behalf of Plaintiff Mark Beaty and the Texas Class***

</div>

1162.   Plaintiff Beaty, individually and on behalf of the Texas Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1163.   Plaintiff Beaty brings this claim individually and on behalf of the Texas Class against Toyota.

1164.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Tex. Bus. & Com. Code §§ 2104(1) and 2A103(a)(2) and a "seller" of motor vehicles under § 2103(a)(4).

1165.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Tex. Bus. & Com. Code § 2A103(a)(16).

1166.   The RAV4s are and were at all relevant times "goods" within the meaning of Tex. Bus. & Com. Code §§ 2105(a) and 2A103(a)(8).

1167.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Tex. Bus. & Com. Code §§ 2.314 and 2A.212.

1168.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

1169.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several

2   gallons and impacts the RAV4's total available driving distance.

3       1170.   As a direct and proximate result of Toyota's breach of the implied warranty of

4   merchantability, Plaintiff Beaty and the Texas Class members have been damaged in an amount to

5   be determined at trial.

**EIGHTY-EIGHTH CLAIM FOR RELIEF**
**Violations of the Virginia Consumer Protection Act**
**VA. CODE ANN. §§ 59.1-196, *et seq.***
***On Behalf of Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class***

8       1171.   Plaintiffs Kenneth and Kimberly Hulme, individually and on behalf of the Virginia

9   Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this

10  Class Action Complaint as if fully set forth herein.

11      1172.   Plaintiffs Kenneth and Kimberly Hulme bring this claim individually and on behalf

12  of the Virginia Class against Toyota.

13      1173.   Toyota, Plaintiffs Kenneth and Kimberly Hulme, and the Virginia Class members

14  are "persons" within the meaning of Va. Code § 59.1-198.

15      1174.   Toyota is a "supplier" within the meaning of Va. Code § 59.1-198.

16      1175.   The Virginia Consumer Protection Act ("Virginia CPA") makes unlawful

17  "fraudulent acts or practices." Va. Code § 59.1-200(A).

18      1176.    In the course of its business, Toyota concealed and suppressed material facts

19  concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons

20  and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a

21  tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing

22  deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or

23  omission of any material fact with intent that others rely upon such concealment, suppression or

24  omission, in connection with the sale and lease of RAV4s.

25      1177.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of

26  sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity

27  and mileage range after the RAV4s were sold and leased but continued to conceal information

28  until the defect was revealed by RAV4 purchasers and lessees.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1178. Toyota owed Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class a duty to disclose the true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b) intentionally concealed the foregoing from Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class; and (c) made incomplete representations about the RAV4's fuel tank capacity and mileage range, while purposefully withholding material facts from Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class that contradicted these representations.

1179. Toyota thus violated the Virginia CPA by, at a minimum: (1) misrepresenting that the RAV4s have certain quantities, characteristics, uses, or benefits; (2) misrepresenting that the RAV4s are of a particular standard, quality, grade, style, or model; (3) advertising the RAV4s with the intent not to sell them as advertised and (4) using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. Va. Code § 59.1-200(A).

1180. Toyota intentionally and knowingly misrepresented material facts regarding the RAV4s with the intent to mislead Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members.

1181. Toyota knew or should have known that its conduct violated the Virginia CPA.

1182. Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members.

1183. Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members suffered ascertainable loss and actual damages as a direct and proximate result of Toyota's misrepresentations and its concealment of and failure to disclose material information. Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members who purchased or leased the RAV4s would not have purchased or leased them or would have paid significantly less for them if the fuel tank defect had been disclosed.

1184. Toyota had an ongoing duty to Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class to refrain from unfair and deceptive practices under the Virginia CPA.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1185.   Toyota's violations present a continuing risk to Plaintiffs Kenneth and Kimberly Hulme, the Virginia Class, and the general public. Toyota's unlawful acts and practices complained of herein affect the public interest.

1186.   Pursuant to Va. Code § 59.1-204(A)-(B), Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class are entitled to the greater of actual damages or $500 for each Virginia Class member, attorneys' fees, and costs. Because Toyota's actions were willful, Plaintiff Kenneth and Kimberly Hulme and the Virginia Class members should each receive the greater of treble damages or $1,000. *Id.*

<div align="center">

**EIGHTY-NINTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**VA. CODE §§ 8.2-313 and 8.2A-210**
***On Behalf of Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class***

</div>

1187.   Plaintiffs Kenneth and Kimberly Hulme, individually and on behalf of the Virginia Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1188.   Plaintiffs Kenneth and Kimberly Hulme bring this claim individually and on behalf of the Virginia Class against Toyota.

1189.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Va. Code §§ 8.2-104(1) and 8.2A-103(1)(t) and a "seller" of motor vehicles under § 8.2-103(1)(d).

1190.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Va. Code § 8.2A-103(1)(p).

1191.   The RAV4s are and were at all relevant times "goods" within the meaning of Va. Code §§ 8.2-105(1) and 8.2A-103(1)(h).

1192.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1193.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

1194.   Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

1195.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

1196.   Plaintiffs Kenneth and Kimberly Hulme reported their fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1197.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members have been damaged in an amount to be determined at trial.

**NINETH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**VA. CODE §§ 8.2-314 and 8.2A-212**
*On Behalf of Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class*

1198.   Plaintiffs Kenneth and Kimberly Hulme, individually and on behalf of the Virginia Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1199.   Plaintiffs Kenneth and Kimberly Hulme bring this claim individually and on behalf of the Virginia Class against Toyota.

1200.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Va. Code §§ 8.2-104(1) and 8.2A-103(1)(t) and a "seller" of motor vehicles under § 8.2-103(1)(d).

1201.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Va. Code § 8.2A-103(1)(p).

1202.   The RAV4s are and were at all relevant times "goods" within the meaning of Va. Code §§ 8.2-105(1) and 8.2A-103(1)(h).

1203.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary purpose for which vehicles are used is implied by law pursuant Va. Code §§ 8.2-314 and 8.2A-212.

1204.   The RAV4s, when sold or leased and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which vehicles are used. Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and their mileage range is significantly diminished.

1205.   Plaintiffs Kenneth and Kimberly Hulme reported their fuel tank issue to Toyota. In addition, Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1206.   As a direct and proximate result of Toyota's breach of the implied warranty of merchantability, Plaintiffs Kenneth and Kimberly Hulme and the Virginia Class members have been damaged in an amount to be determined at trial.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

### NINETY-FIRST CLAIM FOR RELIEF
#### Violations of the Wisconsin Deceptive Trade Practices Act
#### WIS. STAT. § 100.18
#### *On Behalf of Plaintiff Tim Thompson and the Wisconsin Class*

1207.   Plaintiff Thompson, individually and on behalf of the Wisconsin Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1208.   Plaintiff Thompson brings this claim individually and on behalf of the Wisconsin Class against Toyota.

1209.   Plaintiff Thompson and the Wisconsin Class members are members of "the public" within the meaning of Wis. Stat. § 100.18(1). Plaintiff Thompson and the Wisconsin Class members purchased or leased on or more RAV4s.

1210.   Plaintiff Thompson and the Wisconsin Class members are "persons" under the Wisconsin Deceptive Trade Practices Act ("Wisconsin DTPA"), Wis. Stat. § 100.18(1).

1211.   Toyota is a "person, firm, corporation, or association" within the meaning of Wis. Stat. § 100.18(1).

1212.   The Wisconsin DTPA makes unlawful any "representation or statement of fact which is untrue, deceptive or misleading." Wis. Stat. § 100.18(1).

1213.   In the course of its business, Toyota concealed and suppressed material facts concerning the RAV4. Toyota misrepresented that the RAV4's fuel tank capacity was 14.5 gallons and that the RAV4s mileage range was 580 miles and otherwise engaged in activities with a tendency or capacity to deceive. Toyota also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale and lease of RAV4s.

1214.   Toyota knew about the RAV4's fuel tank capacity and mileage range at the time of sale and lease. Toyota acquired additional information concerning the RAV4's fuel tank capacity and mileage range after the RAV4s were sold and leased but continued to conceal information until the defect was revealed by RAV4 purchasers and lessees.

1    1215.   Toyota thus violated the Wisconsin DTPA, at a minimum by making

2    "representation[s] or statement[s] of fact which [are] untrue, deceptive or misleading" concerning

3    the RAV4s.

4    1216.   Toyota intentionally and knowingly misrepresented material facts regarding the

5    RAV4s with intent to mislead Plaintiff Thompson and the Wisconsin Class.

6    1217.   Toyota knew or should have known that its conduct violated the Wisconsin DTPA.

7    1218.   Toyota owed Plaintiff Thompson and the Wisconsin Class a duty to disclose the

8    true nature of the RAV4s because Toyota: (a) possessed exclusive knowledge about the defect; (b)

9    intentionally concealed the foregoing from Plaintiff Thompson and the Wisconsin Class; and (c)

10   made incomplete representations about the RAV4's fuel tank capacity and mileage range, while

11   purposefully withholding material facts from Plaintiff Thompson and the Wisconsin Class that

12   contradicted these representations.

13   1219.   Toyota's unfair or deceptive acts or practices were likely to and did in fact deceive

14   reasonable consumers, including Plaintiff Thompson and the Wisconsin Class members.

15   1220.   Plaintiff Thompson and the Wisconsin Class members suffered ascertainable loss

16   and actual damages as a direct and proximate result of Toyota's misrepresentations and its

17   concealment of and failure to disclose material information. Plaintiff Thompson and the

18   Wisconsin Class members who purchased or leased the RAV4s would not have purchased or

19   leased them or would have paid significantly less for them if the fuel tank defect had been

20   disclosed.

21   1221.   Toyota had an ongoing duty to Plaintiff Thompson and the Wisconsin Class

22   members to refrain from unfair and deceptive practices under the Wisconsin DTPA in the course

23   of its business.

24   1222.   Toyota's violations present a continuing risk to Plaintiff Thompson, the Wisconsin

25   Class members, and the general public. Toyota's unlawful acts and practices complained of herein

26   affect the public interest.

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1223.   Plaintiff Thompson and the Wisconsin Class seek damages, court costs, and attorneys' fees under Wis. Stat. § 100.18(11)(b)(2), and any other just and proper relief available under the Wisconsin DTPA.

**NINETY-SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty**
**WIS. STAT. §§ 402.313 and 411.210**
***On Behalf of Plaintiff Tim Thompson and the Wisconsin Class***

1224.   Plaintiff Thompson, individually and on behalf of the Wisconsin Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1225.   Plaintiff Thompson brings this claim individually and on behalf of the Wisconsin Class against Toyota.

1226.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Wis. Stat. § 402.104(3) and 411.103(1)(t), and a "seller" of motor vehicles under § 402.103(1)(d).

1227.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Wis. Stat. § 411.103(1)(p).

1228.   The RAV4s are and were at all relevant times "goods" within the meaning of Wis. Stat. §§ 402.105(1)(c) and 411.103(1)(h).

1229.   In connection with the purchase or lease of one of its new RAV4s, Toyota provides an express "New Vehicle Limited Warranty" ("NVLW") for a period of 36 months or 36,000 miles, whichever occurs first. This NVLW exists to cover "repairs and adjustments needed to correct defects in materials or workmanship of any part supplied by Toyota." Toyota also warrants and represents in its marketing, specifications, and informational materials that the RAV4s fuel tank capacity is 14.5 gallons and that the RAV4s mileage range is 580 miles.

1230.   Toyota's NVLW and warranties regarding the RAV4s fuel tank capacity and mileage range formed a basis of the bargain that was breached when Plaintiff Thompson and the Wisconsin Class members purchased or leased the RAV4s with defects in the fuel tank that prevent the RAV4 fuel tank from filling to 14.5 gallons and limit the vehicles' mileage range to significantly less than 580 miles.

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1231.   Plaintiff Thompson and the Wisconsin Class members experienced defects within the warranty period. Despite the existence of the NVLW, Toyota failed to inform Plaintiff Thompson and the Wisconsin Class members that the RAV4s contain defectively designed fuel tanks that prevent the tanks from filling to capacity and prevent the vehicles from reaching the advertised 580 mileage range.

1232.   Toyota breached the express warranty promising to repair or adjust defects in materials or workmanship of any part supplied by Toyota. Toyota has not repaired or adjusted, and has been unable to repair or adjust, the RAV4s materials and workmanship defects.

1233.   Toyota was provided with notice of these issues by numerous NHTSA and consumer complaints filed against it, including the instant Complaint and similar legal proceedings, and has actual knowledge of the failure as evidenced by its public admission in December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several gallons and impacts the RAV4's total available driving distance.

1234.   As a direct and proximate result of Toyota's breach of express warranties, Plaintiff Thompson and the Wisconsin Class members have been damaged in an amount to be determined at trial.

### NINETY-THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty of Merchantability
### WIS. STAT. §§ 402.314 and 411.212
### *On Behalf of Plaintiff Tim Thompson and the Wisconsin Class*

1235.   Plaintiff Thompson, individually and on behalf of the Wisconsin Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

1236.   Plaintiff Thompson brings this claim individually and on behalf of the Wisconsin Class against Toyota.

1237.   Toyota is and was at all relevant times a "merchant" with respect to motor vehicles under Wis. Stat. § 402.104(3) and 411.103(1)(t), and a "seller" of motor vehicles under § 402.103(1)(d).

1238.   With respect to leases, Toyota is and was at all relevant times a "lessor" of motor vehicles under Wis. Stat. § 411.103(1)(p).

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1   1239.   The RAV4s are and were at all relevant times "goods" within the meaning of Wis.

2   Stat. §§ 402.105(1)(c) and 411.103(1)(h).

3   1240.   A warranty that the RAV4s were in merchantable condition and fit for the ordinary

4   purpose for which vehicles are used is implied by law pursuant to Wis. Stat. §§ 402.314 and

5   411.212.

6   1241.   The RAV4s, when sold or leased and at all times thereafter, were not in

7   merchantable condition and are not fit for the ordinary purpose for which vehicles are used.

8   Specifically, the RAV4s are inherently defective in that their fuel tanks do not properly fill, and

9   their mileage range is significantly diminished.

10   1242.   Toyota was provided with notice of these issues by numerous NHTSA and

11   consumer complaints filed against it, including the instant Complaint and similar legal

12   proceedings and has actual knowledge of the failure as evidenced by its public admission in

13   December 2019 that the fuel tank shape of the RAV4s prevents full refueling by up to several

14   gallons and impacts the RAV4's total available driving distance.

15   1243.   As a direct and proximate result of Toyota's breach of the implied warranty of

16   merchantability, Plaintiff Thompson and the Wisconsin Class members have been damaged in an

17   amount to be determined at trial.

18

19   **NINETY-FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**
20   ***On Behalf of Plaintiffs and the Nationwide Class***

21   1244.   Plaintiffs, individually and on behalf of the Nationwide Class, incorporate by

22   reference all of the allegations contained in the preceding paragraphs of this Class Action

23   Complaint as if fully set forth herein.

24   1245.   Plaintiffs brings this claim individually and on behalf of the Nationwide Class

25   against Toyota.

26   1246.   Plaintiffs bring this claim in the alternative to their contract-based claims pursuant

27   to Fed. R. Civ. P. 8(a)(3).

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

1247.   Toyota has benefitted from selling and leasing at an unjust profit RAV4s with defective fuel tanks whose value was artificially inflated by Toyota's concealment of the defect, and Plaintiffs and the Nationwide Class members overpaid for the vehicles.

1248.   Toyota has received and retained unjust benefits from Plaintiffs and the Nationwide Class members, and inequity has resulted.

1249.   It is inequitable and unconscionable for Toyota to retain these benefits.

1250.   Because Toyota concealed its fraud and deception, Plaintiffs and the Nationwide Class members were not aware of the true facts concerning the RAV4s and did not benefit from Toyota's misconduct.

1251.   Toyota knowingly accepted the unjust benefits of its fraudulent conduct.

1252.   As a result of Toyota's misconduct, the amount of its unjust enrichment should be disgorged and returned to Plaintiffs and the Nationwide Class members, in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Nationwide Class and Subclasses, request that the Court order the following relief and enter judgment against Toyota as follows:

A.   an Order certifying the proposed Nationwide Class and Subclasses under Fed. R. Civ. Proc. 23;

B.   an Order appointing Plaintiffs to represent the Nationwide Class and Subclasses;

C.   a declaration that Toyota engaged in the illegal conduct alleged herein;

D.   an Order that Toyota be permanently enjoined from its improper activities and conduct described herein;

E.   Injunctive and equitable relief in the form of a comprehensive program to repair and/or buyback the RAV4s;

F.   a Judgment awarding Plaintiffs and the Nationwide Class and Subclasses restitution and disgorgement of all compensation obtained by Toyota from its wrongful conduct;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

G.      a Judgment awarding Plaintiffs and the Nationwide Class and Subclasses compensatory damages and punitive damages, where available,  in an amount to be proven at trial;

H.      Prejudgment and post-judgment interest at the maximum allowable rate;

I.       an Order awarding Plaintiffs and the Nationwide Class and Subclasses reasonable litigation expenses, costs, and attorneys' fees;

J.       an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Nationwide Class and Subclasses; and

K.      an Order awarding such other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all claims and issues so triable.

Dated: June 9, 2021

SCHUBERT JONCKHEER & KOLBE LLP
  /s/ Kathryn Y. McCauley
KATHRYN Y. MCCAULEY

ROBERT C. SCHUBERT (No. 62684)
MIRANDA KOLBE (No. 214392)
NOAH M. SCHUBERT (No. 278696)
KATHRYN Y. MCCAULEY (No. 265803)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone:    (415) 788-4220
Facsimile:     (415) 788-0161
E-mail:         rschubert@sjk.law
                    mkolbe@sjk.law
                    kmccauley@sjk.law

*Interim Class Counsel*

COURTNEY MACCARONE (*Pro Hac Vice*)
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone:    (212) 363-7500
Facsimile:     (212) 363-7171
E-mail:         cmaccrone@zlk.com

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOHN VAN LOBEN SELS (No. 201354)
**FISH IP LAW, LLP**
2603 Main Street, Suite 1000
Irvine, CA 92614
Telephone:      (949) 943-8300
Facsimile:      (949) 943-8358
E-mail:          jvanlobensels@fishiplaw.com

*Additional Plaintiffs' Counsel*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT
Case No. 3:20-cv-00337-EMC

234