**NELSON MULLINS RILEY & SCARBOROUGH LLP**
JAHMY S. GRAHAM (SBN 300800)
jahmy.graham@nelsonmullins.com
JESSICA HIGASHIYAMA (SBN 272269)
jessica.higashiyama@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone:     424.221.7400
Facsimile:     424.221.7499

MATTHEW G. LINDENBAUM (admitted *Pro Hac Vice*)
matthew.lindenbaum@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: 617.217.4700
Facsimile:  617.217.4710

Attorneys for Defendant
TOYOTA MOTOR SALES, U.S.A., Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TOYOTA RAV4 HYBRID FUEL TANK LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 3:20-cv-00337-EMC<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Assigned to the Hon. Edward M. Chen<br><br>[Filed concurrently with Memorandum of Points and Authorities; Request for Judicial Notice; Declaration of Robert M. Landis; [Proposed] Order]<br><br>**Date**: October 14, 2021<br>**Time**: 1:30 p.m.<br>**Ctrm**: 5 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 14, 2021, at 1:30 p.m., or as soon thereafter as this may be heard in Courtroom 5 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Edward M. Chen presiding, Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") will and hereby does move the Court for an order dismissing Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  TMS moves to dismiss Plaintiffs' claims because Plaintiffs have failed to state a claim upon which relief may be granted.

**STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3)**

1.  Whether the FAC should be dismissed under Rule 12(b)(6) and 9(b) for failure to state a claim.

*First*, Plaintiffs have improperly realleged claims that this Court dismissed without leave to amend.  Such claims should remain dismissed with prejudice.

*Second*, Plaintiffs Perry, Mulcahy, Kafeyan, and Gentile's newly added express warranty and implied warranty of merchantability claims under Rhode Island and California law fail for the same reasons the Court dismissed express and implied warranty claims, with prejudice, under the laws of other states.

Specifically, with respect to Plaintiffs' breach of express warranty claims, Plaintiffs have expressly alleged that the purported fuel tank defect is a ***design*** defect.  As this Court has held, design defects are not covered under TMS's New Vehicle Limited Warranty ("NVLW").  Despite now having had the benefit of substantial discovery from TMS, nothing alleged in the FAC changes the conclusion reached by the Court that Plaintiffs have alleged a design defect not covered by the NVLW.  Further, Plaintiffs Gentile, Mulcahy, and Kafeyan's express warranty claims are also barred because they failed to present their vehicles to authorized Toyota dealers for repair of the alleged fuel tank defect as required by the NVLW.  Any attempt by Plaintiffs to plead the futility of this requirement fails given the high bar that this exception to the presentation requirement establishes, especially in the case of Plaintiffs Gentile and Mulcahy, who do not even allege that they presented their vehicles to a Toyota dealer to complete the repair for the alleged refueling

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

performance condition under the Consumer Support Program offered by TMS. Finally, because privity is required to plead a breach of express warranty claim under Rhode Island law, Plaintiff Gentile's lack of privity with TMS bars his breach of express warranty claim as well.

With respect to Plaintiffs Perry, Mulcahy, Kafeyan, and Gentile's implied warranty of merchantability claims, these claims are deficient because Plaintiffs have failed to allege facts sufficient to show that their vehicles are unmerchantable or unfit for their ordinary purpose—safe and reliable transportation. Plaintiffs do not contend that they cannot use or have stopped using their vehicles because of the alleged defect. Nor do they allege they have run out of gas while operating their vehicles, that they have been unable to reach a destination, or that they have been unable to refuel. Rather, Plaintiffs Perry, Mulcahy, Kafeyan, and Gentile concede that they are able to drive their vehicles and obtain at least 390 miles, 430-440 miles, 380 miles, and 400 miles, respectively, on a tank of gas. These allegations do not raise "a serious question of the Vehicles' fitness for reasonably safe and reliable transportation" as required by this Court to sustain Plaintiffs' claims. In addition, Plaintiffs Perry, Mulcahy, Kafeyan, and Gentile's implied warranty of merchantability claims fail for the additional reason that they lack privity with TMS under California and Rhode Island law.

*Third*, despite being given leave to amend their claims, Plaintiffs Wagner, Birchfield, Klinkhammer, Ramaekers, McPhie, and Colabraro still fail to plead specific allegations concerning their pre-sale awareness of the subject vehicles' fuel tank capacity in TMS's owner's manuals and marketing and informational materials to state a plausible claim for breach of express warranty. Instead, they replaced their boilerplate allegations from the initial consolidated complaint with equally conclusory allegations in the FAC, and otherwise do not plead at all that they were aware of representations by TMS *regarding the subject vehicles' fuel tank capacity*. Because Plaintiffs Wagner, Birchfield, Klinkhammer, Ramaekers, McPhie, and Colabraro failed to cure the deficiencies in their allegations, their express warranty claims based on TMS's marketing and informational materials should be dismissed with prejudice.

*Fourth*, to the extent that Plaintiffs intended to amend their consumer protection claims based on a theory of active concealment, Plaintiffs have still failed to identify any conduct by TMS

indicating that TMS attempted to prevent consumers from learning about the alleged fuel tank defect – let alone allegations pleaded with the particularity required by Rule 9(b). In fact, all of Plaintiffs' allegations are to the contrary, and show that TMS was publicly forthcoming with information regarding the alleged defect during its investigation of the fuel tank issue and countermeasure. Thus, all of Plaintiffs' consumer protection claims that rely on a theory of fraudulent or active concealment should be dismissed with prejudice, as allowing further amendment would be futile.

*Fifth*, Plaintiffs' consumer protection claims under various state laws fail for additional reasons specific to the laws of those states, including the failure to plead necessary elements and alleging conduct – i.e., the advertising of motor vehicles – that is regulated by federal and state regulatory bodies, and therefore is "exempt" conduct that cannot form the basis of a consumer protection claim.

*Sixth*, Plaintiffs cannot allege a plausible injury where, as here, most of them have not alleged that they availed themselves of the countermeasures TMS has developed and implemented in the Subject Vehicles. Voluntarily declining to have their vehicles fixed should not be a substitution for actionable injury and litigation objectives should not displace seeking, and receiving, a remedy.

*Finally*, Plaintiffs have had multiple opportunities to plead viable claims and still have not done so. Because Plaintiffs fail to plead essential facts and amendment would be futile, TMS respectfully requests that the FAC be dismissed as requested herein with prejudice.

This Motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, and the Declaration of Robert M. Landis and the exhibits attached thereto, as well as all other matters that may be judicially noticed, the files and records in this case, and any oral or documentary evidence that may be adduced at the hearing on this matter.

///
///
///

| | |
|---|---|
| Dated: August 6, 2021 | NELSON MULLINS RILEY & SCARBOROUGH LLP<br><br>*/s/ Jahmy S. Graham*<br>Jahmy S. Graham<br>Matthew G. Lindenbaum<br>Jessica M. Higashiyama<br>Attorneys for Defendant<br>TOYOTA MOTOR SALES, U.S.A., Inc. |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

By: */s/ Jahmy S. Graham*
Jahmy S. Graham